UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AMERICAN GUARANTEE and LIABILITY INSURANCE COMPANY,

Plaintiff,

v. C.A. No. 06-297-T-LDA

ALTERNATIVE HOUSING GROUP, NARRAGANSETT HOUSING PARTNERS, L.P., NARRAGANSETT HOUSING ASSOCIATES, L.P., and PROPERTY ADVISORY GROUP, INC.

Defendants.

**MOTION OF THE DEFENDANTS PROPERTY ADVISORY GROUP, NARRAGANSETT HOUSING PARTNERS, L.P., NARRAGANSETT HOUSING ASSOCIATES, L.P. AND ALTERNATIVE HOUSING GROUP TO DISMISS, OR ALTERNATIVELY, STAY THE COMPLAINT OF AMERICAN GUARANTEE FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the defendants hereby move this honorable Court to dismiss the complaint of American Guarantee and Liability Insurance Company ("American"), or in the alternative stay this action pending the decision of the Delaware state court on defendants' motion for new trial and subsequent appellate review. In support of this motion, the defendants further state:

1. This Court lacks subject matter jurisdiction over American's complaint for declaratory judgment.
2. The allegations contained in American's complaint are not ripe for review.

3. American faces no direct or immediate harm for which the Court may grant relief.

The grounds for this Motion are more fully set forth in the accompanying memorandum of law.

Property Advisory Group,
Narragansett Housing Partners, L.P.,
Narragansett Housing Associates, L.P.,
Alternative Housing Group
By Their Attorney

/S/ John T. Walsh, Jr. #483
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903
Telephone: (401) 272-3500
Fax: (401) 273-8780
Email: jwalsh@hcc-law.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AMERICAN GUARANTEE and LIABILITY INSURANCE COMPANY,

Plaintiff,

v. C.A. No. 06-297-T-LDA

ALTERNATIVE HOUSING GROUP, NARRAGANSETT HOUSING PARTNERS, L.P., NARRAGANSETT HOUSING ASSOCIATES, L.P., and PROPERTY ADVISORY GROUP, INC.

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS PROPERTY ADVISORY GROUP, NARRAGANSETT HOUSING PARTNERS, L.P., NARRAGANSETT HOUSING ASSOCIATES, L.P. AND ALTERNATIVE HOUSING GROUP'S MOTION TO DISMISS, OR ALTERNATIVELY, STAY THE COMPLAINT OF AMERICAN GUARANTEE FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT UNDER FED. R. CIV. P. 12(b)(1) AND FED. R. CIV. P. 12(b)(6)**

## I. Facts

On November 13, 2003, Miguel Galindez ("Galindez"), an independent custom cable installer, was injured while passing through a doorway of the Lexington Green Apartments located in the State of Delaware. The door closed on Mr. Galindez's right hand, causing him to lose the tip of his middle finger. The Lexington Green Apartments are owned by Narragansett Housing Associates, L.P. ("Narragansett"), a Rhode Island limited partnership, and managed by Property Advisory Group ("PAG") a Rhode Island corporation, under a written property management agreement. Soon after the accident,

Galindez initiated a mandatory arbitration matter against Narragansett, under Delaware law, with a maximum allowable recovery of $100,000.00. After an award for the full amount and an appeal by Narragansett, Galindez amended his suit against Narragansett, and added PAG and Locks & Protection Devices, Inc. as defendants in the Superior Court of Delaware. Galindez suffered $13,000 in medical damages, and claimed $600,000 in past and future lost wages. The jury returned a verdict against Narragansett and PAG for $3,000,000.00 in compensatory damages, and $10,000,000.00 in punitive damages against PAG alone. The punitive damage award is reputed to be the largest in Delaware history.

Following the award, PAG filed a timely motion seeking the entry of judgment in its favor on the punitive damage claim, on the ground that the evidence was legally insufficient to support that claim. Additionally, both Narragansett and PAG filed timely motions for a new trial or a substantial remittitur because, in the alternative; 1) vacating the jury's punitive damages award required a general new trial on the issues of liability and compensatory damages; 2) the jury's compensatory damages award was excessive; or 3) the jury's punitive damages award was excessive.

On May 10, 2006, the Delaware Superior Court heard oral argument on the post-trial motions. Since the defendants' original brief was filed without the benefit of the trial transcripts, the court allowed the defendants to submit a supplemental brief which was filed in the court on July 24, 2006. Galindez had 20 days to respond and PAG and Narragansett have 10 days to reply thereto. The defendants' post trial motions will be under the consideration of the Superior Court of Delaware after the aforesaid briefs are filed.

At the time of Mr. Galindez's accident, both Narragansett and PAG were insured for $1,000,000.00 under an umbrella liability policy issued by Clarendon National Insurance Company ("Clarendon"), and for $50,000,000.00 under a policy written by American Guarantee and Liability Insurance Company ("American"), an excess liability carrier.

American alleges it received late notice of the judgment on March 24, 2006. On June 26, 2006, American disclaimed coverage under the excess policy on the grounds of late notice and otherwise reserved its rights under the policy's terms. The next day, on June 27, 2006, American initiated the present declaratory action in the United States District Court, District of Rhode Island.

The issues framed in American's complaint are difficult to discern with clarity, however it is reasonably clear that they allege late notice; imply that punitive damages are not covered by the policy; imply that PAG is not an insured; imply that Narragansett is not an insured; that coverage is excluded for PAG because of an implied allegation that PAG is a real estate agent; and include vague allegations that contractual obligations have been violated. The notice issue with respect to punitive damages has not been spelled out. It is not clear what factual determinations American expects, or requires of the Court.

**II. Argument**

**A. INTRODUCTION**

Pending before the Superior Court of Delaware is a JNOV motion of PAG for entry of judgment in its favor on Galindez's punitive damage claim, on the grounds that the evidence was legally insufficient for that claim to reach the jury. Additionally,

pending before the Delaware court are the motions of both defendants Narragansett and PAG for new trial or a substantial remittitur.

A decision in favor of Narragansett or PAG on these motions would substantially change the landscape of the litigation pending in the Delaware court. In fact, many, if not all of the defenses on which American relies in this action for declaratory judgment would be eliminated. Significantly, the Delaware court's granting of either defendants' motion for new trial or remittur makes the participation of American contingent not only on a final award in Galindez's favor, but in excess of the underlying $1,000,000.00 liability policy. These contingencies make American's participation in the underlying state litigation hypothetical and also the claims hypothetical in this court.

This Court's jurisdiction is not expanded under the Declaratory Judgment Act. Ernst & Young v. Depositors Economic Protection Corp., 45 F.3d 530 (1st Cir. 1995). If no real case or controversy exists, the Court must dismiss the claim. Id. at 535. In addition, this Court has great discretion in deciding requests for declaratory judgment, and should abstain from answering hypothetical questions since it cannot issue advisory opinions subject to contingent or uncertain events. Id. at 537-538. The Court also has the discretion to deny declaratory judgment where it would unnecessarily entwine the federal court with state litigation. Id. at 541.

If the Delaware court grants the motion of PAG and Narragansett for new trial, American's defense for denial of coverage for lack of notice is eliminated. Jones v. State Farm Fire & Cas. Ins. Co., 1997 Del. LEXIS 397. Under Delaware law, an insurance company "must demonstrate actual prejudice before a forfeiture of coverage may be invoked by reason of the non-compliance of a notice requirement in an insurance

policy." Id. at 2-3. The Delaware Supreme Court holds that an insurer cannot demonstrate the required prejudice where they have been given adequate opportunity to participate in the underlying litigation and review the facts and circumstances of the case. Id. If a new trial is granted, American can fully participate in the re-trial and defend its interests.

A declaratory judgment in this action is inappropriate since it would so impact the rights of the parties in the underlying action, estop Narragansett and PAG from asserting their contractual right to coverage under the American excess policy based on hypothetical facts, and unnecessarily entwine the federal and state courts. Hartford Fire Ins. Co. v. Kinston Plumbing & Heating Co., 868 F. Supp. 120 (E.D.N.C. 1994); Vermont Mut. Ins. Co. v. Everette, 875 F. Supp. 1181 (E.D.V.A. 1995); National Chiropractic Mut. Ins. Co. v. Doe, 23 F. Supp. 2d 1109 (D. Alaska 1998).

This court should exercise its considerable discretion in ruling on declaratory judgments and dismiss the claim as unripe. El Dia, Inc. v. Colon, 963 F.2d 488 (1st Cir. 1992); Ernst & Young, 45 F.3d at 534. In the alternative, this Court should stay the instant action until a decision by the Delaware court on the pending post-trial motions, which decision is likely a few weeks away. Withholding declaratory judgment until such time as the rights of the parties in the state proceeding have been determined will eliminate unnecessary litigation, and the need to answer contingent and hypothetical questions of law. Further, all the issues that have been raised in the declaratory judgment can be joined, if they still exist, in the Superior Court of Delaware.

## THE COMPLAINT OF AMERICAN GUARANTEE FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT SHOULD BE DISMISSED OR IN THE ALTERNATIVE STAYED BECAUSE THE COURT PRESENTLY LACKS SUBJECT MATTER JURISDICTION TO HEAR THE CLAIM

The Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, allows federal courts discretion to grant declaratory relief in cases where there is an actual case or controversy. Ernst & Young, 45 F.3d at 534. "The Act does not itself confer subject matter jurisdiction, but, rather, makes available an added anodyne for disputes that come within the federal courts' jurisdiction on some other basis." Id.; see Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 15-16 (1983). "Because the Act offers a window of opportunity, not a guarantee of access, the courts, not the litigants, ultimately must" decide whether declaratory judgment is appropriate. Id. This provides federal courts "substantial discretion in deciding whether to grant declaratory relief." Id.

In determining whether a case or controversy exists, the court is mandated by the United States Constitution to test whether the action is "ripe" for review. Id.; see U.S. Const. art. III, § 2; Public Service Com. v. Wycoff Co., 344 U.S. 237, 242-245 (1952). The ripeness requirement "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Id.; quoting Abbott Labs v. Gardner, 387 U.S. 136, 148-49 (1967) (internal quotations omitted). "[A]lthough a court may…dismiss declaratory judgment actions in its discretion, a court **has no alternative but to dismiss an unripe action**." Id. (emphasis added).

In Abbott Labs, the Supreme Court outlined a two part test to determine whether an action is ripe for review. 387 U.S. 136; Ernst & Young v. Depositors Economic Protection Corp., 862 F. Supp. 709 (D.R.I. 1994) (Boyle. J.) *affirmed* Ernst & Young, 45 F.3d at 535; Operation Clean Govt. v. Rhode Island Ethics Comm., 315 F. Supp. 2d 187

(D.R.I. 2004) (Lagueux, J.); see McInnis-Misenor v. Me. Med. Ctr., 319 F.3d 63 (1st Cir. 2003). The Rhode Island District Court must first, "consider[] whether the issue is fit for review, whether further development of facts is necessary for a determination on the merits." Ernst & Young , 862 F. Supp. at 714. Second, the Court must consider "the issue of 'hardship,' whether the plaintiff is suffering a **direct and immediate harm,** necessitating a decision on the merits." Ernst & Young, 862 F. Supp. at 714; 45 F.3d at 535 (emphasis added). "The standards include the question of how conclusive would a decree be [sic], and what hardship results from a failure to grant relief." Ernst & Young, 862 F. Supp. at 714. In line with the majority view, the First Circuit stated that "both prongs of the test ordinarily must be satisfied in order to establish ripeness," although a "very powerful" showing in one category could compensate for what is lacking in the other. Ernst & Young, 45 F.3d at 535.

"[T]he critical question concerning fitness for review is whether the claim involves uncertain and contingent events that may not occur as anticipated or may not occur at all." Id. at 536; quoting Mass. Ass'n of Afro-American Police, Inc. v. Boston Police Dep't, 973 F.2d 18, 20 (1st Cir. 1992). "[I]ssuing opinions based on speculative facts or a hypothetical record is an aleatory business, at best difficult and often impossible." Id. Although loath to make determinations in cases which require further factual development, the courts sometimes exhibit a greater willingness to exercise their discretion to hear purely legal questions. Id. However, the "notion that disputes which turn on purely legal questions are always ripe for judicial review is a myth." Id. "Even when the 'legal' emphasis of a particular claim is sufficient to mask gaps in the factual record" a court will not declare an action ripe "if the anticipated events and injury are

simply too remote to justify contemporaneous adjudication." Id. "Put bluntly," simply because the federal court is capable of answering a question intelligently does not mean that it is the appropriate court to undertake the task. Id. "Federal courts cannot—and should not—spend their scarce resources in what amounts to shadow boxing." Id. If the claim "though predominantly legal in character, depends on future events that may never come to pass, or that may not occur in the form forecasted, then the claim is unripe." Id. at 537; *see* Mass Ass'n of Afro-American Police, 973 F.2d at 20; see also Maryland. Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).

The second prong of the test considers the hardship of the party seeking relief. Id. at 536. In general, "the greater the hardship, the more apt a court will be to find ripeness." Id. "[T]he hallmark of cognizable hardship is usually **direct and immediate harm**." Id. (emphasis added). In considering the economic nature or claims, the court may find ripeness where the "plaintiff must presently decide to expend substantial resources which may turn out to be wasted, depending on later clarification of the law." Id. citing Duke Power Co. v. Carolina Envtl. Study Group, Inc., 438 U.S. 59, 81 (1983). The key question as to whether the Court should rule on a declaratory judgment is "the extent to which the desired declaration 'would be of practical assistance in setting the underlying controversy to rest.'" Id. at 537, quoting State of Rhode Island v. Narragansett Indian Tribe, 19 F.3d 685, 693 (1st Cir. 1994). The Court "should not become mired in the frequently sophistic distinction as to whether refusing declaratory relief will actually impose a hardship **or merely fail to confer a benefit.**" Id. (emphasis added).

In Ernst & Young, the plaintiff sought a declaratory judgment concerning the validity of a statute impacting joint tortfeasors rights to contribution. Ernst & Young, 45

F.3d 530. Although the statute had not yet been applied since there was then no underlying judgment or settlement, the plaintiff felt that the declaratory judgment was necessary in order to evaluate settlement options and to weigh litigation exposure in the underlying case. Id. The Court disagreed, because the application of events invoking the statute may not occur as anticipated if at all. Id. at 538.

In Duke, the plaintiffs lived near the site of a proposed nuclear plant, challenged the constitutionality of a statute which placed a monetary cap on damages sustained in a nuclear accident. Duke, 438 U.S. at 81. The court found that the issue was not premature or contingent since determination that the statute was valid would remove any doubt that the nuclear plant would be constructed. Id. Further, the nuclear plant's construction would impose an immediate hazard to the surrounding residents. Id. Distinguishing this hardship to that which existed in Ernst & Young, the Court found that Ernst & Young's "harms are indirect." Ernst & Young, 45 F.3d at 539. "There is quite a difference between increasing the risk of exposure to radiation, and increasing the difficulty of evaluating a money damages claim for settlement purposes." Id. Further, other facts served to soften the Ernst & Young court's blow. The Court noted that a stretched chain of speculative events must transpire before Ernst & Young were harmed. Id. Additionally, Ernst & Young were not without other options; since nothing preventing them from participating in the underlying state litigation which could serve as an alternative vehicle to answer the question for which they sought Federal relief. Id.

Here, there is no actual case or controversy between American on the one hand, and Narragansett, PAG on the other. Not only has no demand for payment been made of American, the amount of any judgment has not been determined, and the implication of

their excess policy is far from certain. American's rights are contingent upon the Superior Court of Delaware deciding not to grant a new trial, or a substantial remittitur, and/or not taking away the punitive damage award; a decision here could be rendered useless should the outcome not occur as American speculates, and lay waste to this Court's time and resources.

Further, any harm to American is not "direct or imminent." In addition to the implication of their excess policy being contingent and hypothetical, any judgment against Narragansett and PAG will be appealed to the Supreme Court of Delaware.

As the Ernst & Young court noted, the Court should not be forced to make the distinction of whether they are preventing some harm, or merely failing to confer a benefit. Any expense American has suffered comes from the prosecution of the declaratory judgment in this forum and cannot be considered when weighing economic detriment.

Although the federal courts have generally recognized the justiciability of declaratory judgment to determine the rights and obligations of parties in insurance cases involving denial of coverage, each case nonetheless must survive the strict jurisdictional and discretionary requirements outlined above. Also, each decision echoes the courts' discretion to dismiss unnecessary, hypothetical, advisory and reactionary cases.

Importantly, in no case did a plaintiff insurer relying on a contingent and hypothetical defense survive the jurisdictional analysis. Further, in no case did the federal courts exercise discretion to hear a declaratory judgment which would later serve to bar a valid claim in state court.

In Atlanta International, an insurer sought a declaratory judgment from the district court confirming their right to deny the insured coverage for lack or notice on an excess liability policy. Atlanta International Insurance Co. v. Atchison, 938 F.2d 81 ( 7th Cir. 1991). The policy at issue was effective for one year, February 1977 to February 1978. Id. On March 10, 1989, the defendant railroad company was found to have conspired to restrain trade in violation of federal law and judgment entered against it on May 10, 1989 in the amount of $750,100,000.00. Id. On May 1, 1989, the defendant informed its excess insurance carriers of the judgment against it and requested their input and participation in post trial settlement discussions. Id. at 82. No motions for new trial, remittitur or appeal were pending before the court. Id.

Atlanta International immediately filed for a declaratory relieving it from liability on the terms of the policy, including lack of timely notice. Id. The district court dismissed the declaratory action indicating that the mere rendering of a judgment against an insured does not create a case or controversy. Id. at 83. Affirming, the 7th Circuit reaffirmed that "a party bringing a declaratory action must show an actual controversy and a direct injury or threat of injury that is 'real immediate, not conjectural or hypothetical.'" Id. This requirement is not satisfied if no demand or claim for immediate payment was made or threatened. Id. The court noted that there remained substantial uncertainty as to whether the Atlanta policy would even be implicated in the claim. Id. at 84. Additionally, the court stated that "the late notice issue too fails to create the requisite actual controversy." Id. Even under these facts, where no part of the actual judgment was being challenged, the court found that "[a]ny decision rendered by the

district court on this issue would be an advisory opinion," since it is unknown whether the insured will ever make a policy demand to pay for losses it has sustained. Id.

Like Atlanta, no immediate demand for payment has been made since the fact of the judgment and the amount thereof has yet to be established. The liability of American on the excess policy is contingent upon the motions pending on the Superior Court of Delaware. The harm is not a "direct or imminent harm" because if one of the events postulated by American occurs, there is no barrier to relief at that time. If a new trial or remittitur is granted, doubt exists as to whether the American policy will be implicated. Importantly, ignoring the fact that American's defense of lack of notice will be eliminated if a new trial is granted under Delaware law; "late notice fails to create the requisite actual controversy." This Court's decision to hear this case would be at best hypothetical and advisory.

Because there is no case or controversy between the parties, the claim is not ripe for review and American will suffer no immediate or definite harm, the Court lacks subject matter jurisdiction to issue a declaratory judgment, American fails to state a claim for relief, and this case must be dismissed.

**III. Conclusion**

WHEREFORE, defendants PAG, Narragansett and Alternative Housing Group respectfully request that this Court dismiss the complaint of American for declaratory relief, or, in the alternative, stay any action on this case pending the decision on defendants' motion for a new trial and state appellate review.

Property Advisory Group,
Narragansett Housing Partners, L.P.,
Narragansett Housing Associates, L.P.,
Alternative Housing Group
By Their Attorney

/S/ John T. Walsh, Jr. #483
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903
Telephone: (401) 272-3500
Fax: (401) 273-8780
Email: jwalsh@hcc-law.com

**APPENDIX**

Table of Authorities


| **Cases** | **Page** |
|---|---|
| Ernst & Young v. Depositors Economic Protection Corp., 45 F.3d 530 (1st Cir. 1995) | 4-10 |
| Jones v. State Farm Fire & Cas. Ins. Co., 1997 Del. LEXIS 397 | 4-5 |
| Hartford Fire Ins. Co. v. Kinston Plumbing & Heating Co., 868 F. Supp. 120 (E.D.N.C. 1994) | 5 |
| Vermont Mut. Ins. Co. v. Everette, 875 F. Supp. 1181 (E.D.V.A. 1995) | 5 |
| National Chiropractic Mut. Ins. Co. v. Doe, 23 F. Supp. 2d 1109 (D. Alaska 1998) | 5 |
| El Dia, Inc. v. Colon, 963 F.2d 488 (1st Cir. 1992) | 5 |
| Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1 (1983) | 6 |
| Public Service Com. v. Wycoff Co., 344 U.S. 237, 242-245 (1952) | 6 |
| Abbott Labs v. Gardner, 387 U.S. 136, 148-49 (1967) | 6 |
| Ernst & Young v. Depositors Economic Protection Corp., 862 F. Supp. 709 (D.R.I. 1994) | 6-7 |
| Operation Clean Govt. v. Rhode Island Ethics Comm., 315 F. Supp. 2d 187 (D.R.I. 2004) | 6-7 |
| McInnis-Misenor v. Me. Med. Ctr., 319 F.3d 63 (1st Cir. 2003) | 7 |
| Mass. Ass'n of Afro-American Police, Inc. v. Boston Police Dep't, 973 F.2d 18, 20 (1st Cir. 1992) | 7-8 |

| | |
|---|---|
| Maryland. Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941) | 8 |
| Duke Power Co. v. Carolina Envtl. Study Group, Inc., 438 U.S. 59 (1983) | 8-9 |
| State of Rhode Island v. Narragansett Indian Tribe, 19 F.3d 685, 693 (1st Cir. 1994) | 8 |
| Atlanta International Insurance Co. v. Atchison, 938 F.2d 81 ( 7th Cir. 1991) | 11-12 |


**Statutes and Constitutions**


| | |
|---|---|
| 28 U.S.C. §§ 2201-2202 | 6 |
| U.S. Const. art. III, § 2 | 6 |