# EXHIBIT E

HIGGINS, CAVANAGH & COONEY, LLP
ATTORNEYS AT LAW
THE HAY BUILDING
123 DYER STREET
PROVIDENCE, R.I. 02903-3987
401-272-3500
800-274-5299

GERALD C. DEMARIA*
JOHN T. WALSH, JR.*
CHARLES A. HAMBLY, JR.
STEPHEN B. LANG
LAWRENCE P. MCCARTHY, III
JAMES A. RUGGIERI*
JAMES T. HORNSTEIN*
JOHN F. KELLEHER*
VIVIAN B. DOGAN*
PAUL S. CALLAGHAN*
SUSAN PEPIN FAY*
PETER E. GARVEY**
CHRISTINE D'ORSI FITTA
STEPHEN P. COONEY*
SAMUEL C. BODURTHA
BETH OLDMIXON*
KELLY A. KINCAID*

*ALSO ADMITTED IN MA
**ALSO ADMITTED IN CT

OF COUNSEL
KENNETH P. BORDEN

JAMES H. HIGGINS, JR.
1932-1975

JOHN P. COONEY, JR.
1960-1981

JOSEPH V. CAVANAGH
1952-1995

FAX
401-273-8780

WEBSITE: www.hcc-law.com

June 8, 2006

***Via Facsimile and Regular Mail***
Zurich North America
Attn: Lisa Nelson
Claim Case Manager
P.O. Box 66975
Chicago, IL 606666-0957

| | | |
|---|---|---|
| RE: | Your Claim No. | 9420075362-001 |
| | Policy No. | 3634609 |
| | Insured: | RRA-Alternative Housing Group |
| | Claimant: | Miguel Galindez |
| | Date of Loss: | 11/13/03 |
| | Location: | Newark, DE |

Dear Ms. Nelson:

Thank you for your letter of June 7, 2006. Frankly, I am appalled at Zurich's letter. You are sitting on a policy of umbrella insurance which names Narragansett Housing Associates, LP as an insured and which names the location as an insured and which automatically covers Property Advisory Group, the housing manager. For Zurich to have the temerity to criticize me for interpreting the prior letter to acknowledge coverage is astounding to me.

I represent Property Advisory Group. Property Advisory Group is property manager for Narragansett Housing Associates, LP, t/a Lexington Green Apartments. Property Advisory Group was added to an existing Delaware lawsuit in October of 2005 by amendment. The matter appeared to be a minor matter involving injury to the plaintiff's (Mr. Galindez') right middle and ring fingers.

The case was duly reported and Breed's Hill Insurance Agency, Inc., in Boston is advising that they reported the matter in error to a prior carrier. The matter was also reported to the primary carrier (Clarendon) and Clarendon assigned the matter to Attorney Sean Dolan in Delaware to defend. This minor case unexpectedly and inexplicably resulted in an outrageous verdict from a runaway jury for millions of dollars to the surprise of everyone.

It appears that Breed's Hill's apparent error in reporting to a prior carrier was discovered in March of 2006 and the matter was reported to you.

Obviously, Clarendon defended because Property Advisory Group was an insured and the location was insured and the occurrence was covered.

The Zurich policy, about which we are now corresponding, is a following form policy which names Narragansett Housing Associates, LP, as an insured and lists the location as a covered location and automatically covers Narragansett Housing Associates, LP's, property manager. Also Coverage B affords umbrella coverage where there is no primary insurance. There is just absolutely no question that coverage exists under this policy for this occurrence.

There were no other comprehensive general liability policies in effect at the time naming Property Advisory Group which cover the location. Any such policies were location specific and just do not cover. I will, however, in the spirit of cooperation, get these policies for you anyway.

While Zurich's goal of passing the buck to some other carrier may be a laudable objective internally, it is palpably unacceptable for your insured and my client.

We expect Zurich to recognize its contractual obligations and step up to the plate and agree to cover this matter and save Property Advisory Group harmless with respect thereto. We expect a letter from Zurich within seven (7) days from the date of this letter so stating. You can look for some other coverage in your own good time, although there is none.

Property Advisory Group has several very substantial transactions pending and your failure to respond in a positive matter to this correspondence may force those financial transactions to be aborted. Financing possibilities may be ruined and the transactions would be rendered impossible. Thus your continuing refusal to step to the plate in this matter and refusal to acknowledge coverage and agree to defend and indemnify Property Advisory Group as your policy requires may cause extreme damage. If this result occurs, Property Advisory Group intends to hold Zurich fully responsible for the damages plus punitive damages and costs.

Your reservation of rights letter asserts essentially only one ground; namely, late notice. All other grounds are waived. It will be your burden to show prejudice; not ours to disprove prejudice under Delaware law and likely under the law of most other jurisdictions. In Delaware, the Supreme Court has recognized a covenant of good faith and fair dealing implied in all insurance contracts and Delaware law requires a showing of prejudice. *State Farm Mutual Insurance Company v. Johnson*, 320 A.2d 345; 1974 Del. Lexis 274 (April 10, 1974). As that case further stated, only when the

**HIGGINS, CAVANAGH & COONEY, LLP**



delay is "inexcusable is there any reason to consider possible prejudice". Any delay here was certainly excusable. The burden will be on Zurich to show that prejudice.

It is inconceivable that you or anyone else could have predicted that this minor case with minor specials would have ever impacted the excess policy or that it would have had the result it had. No one would have acted differently with or without notice.

Delaware, Rhode Island and Massachusetts all have rules dealing with good faith and dealing with fair claim settlement practices statutes and regulations. In this case, the policy was issued in Massachusetts to an insured at a Massachusetts address and it is not unlikely that Massachusetts law regarding your conduct would be applicable. In this connection, Chapter 93A of the Massachusetts General Laws provides for remedies for an insured who is harmed by conduct such as yours. These remedies include treble damages. Since the damages already contemplated are substantial, treble damages would make them "out of sight".

Property Advisory Group hereby demands that Zurich acknowledge coverage and that Zurich withdraw its limited reservation of rights and agree to honor its contractual obligations and to indemnify and save harmless Property Advisory Group.

If we do not receive such a letter within seven (7) days from the date of this correspondence, we will take whatever legal action we deem appropriate without further notice.

Very truly yours,

James G. Ruggiero

Kenneth P. Borden

KPB:pae