# EXHIBIT F

MENARD, MURPHY & WALSH LLP
ATTORNEYS AT LAW

MMW

KEVIN G. MAHONEY
mahoney@mmwlaw.com

June 9, 2006

***VIA FACSIMILE (847) 413-5714 &***
***FIRST CLASS MAIL***

Zurich North America
Attn: Lisa Nelson
Claims Case Manager
P.O. Box 66975
Chicago, IL 60666

RE: Your Claim #: 9420075362-001
Policy #: 3634609-02
Insured: RRA-Alternative Housing Group
Narragansett Housing Partners, L.P. (named additional insured)
Claimant: Miguel Galindez
Date of Loss: 11/13/03
Location: Delaware

Dear Ms. Nelson:

This firm was hired by Narragansett Housing Partners, L.P. ("Narragansett") after the jury verdict in the above-referenced case to monitor the post-trial proceedings and address certain insurance issues.

Zurich North America and American Guarantee & Liability Insurance Company (collectively "Zurich") were put on notice of the Galindez claim on March 24, 2006, and were furnished with a copy of the underlying Clarendon National Insurance Policy ("Clarendon") that same day. By letter dated March 27, 2006, Zurich issued a reservation of rights letter to my client based on "late notice".

The circumstances of this case are now well known to everyone involved. Mr. Galindez' original complaint was filed in Delaware as an "Arbitration Case", which constituted certification by plaintiff's counsel that plaintiff was seeking recovery of damages in the amount of $100,000 or less. The special damages in this case amounted to $13,000 and the Clarendon policy limit was $1,000,000. Under these circumstances, it

was not "reasonably likely" that recovery in this case would exceed the Clarendon policy limit and trigger the Zurich Policy. It is axiomatic that Zurich suffered no prejudice as a result of late notice because it would not have acted differently on such a minor case with earlier notice. The jury verdict was as "unreasonable" and "unlikely" as it was outrageous.

Zurich has an obligation to affirm or deny coverage of this claim within thirty (30) days of notice under 18 Del. C. § 2304(16)(e) and CDR 18-900-902, §1.2.1.6. Failure to do either affirm or deny coverage within thirty (30) days constitutes an unfair claim settlement practice subjecting Zurich to fines, regulatory discipline, and attorneys fees. Narragansett hereby demands that Zurich accept and affirm coverage of the Galindez occurrence within seven (7) days.

Please know that the verdict in the instant case has caused delays in a multi-million dollar transaction involving my client and the property where the accident occurred. Failure to affirm coverage under Zurich's Policy causes the outstanding jury verdict to be an unfunded contingent liability on the books of Narragansett. That unfunded contingent liability has now stopped a pending sale of the property. If your failure to affirm coverage is subsequently determined to be in error, then Narragansett will hold Zurich liable for all damages suffered by Narragansett resulting from its inability to close this commercial transaction.

I look forward to your response.

Very truly yours,

Kevin G. Mahoney

Cc: Narragansett Housing Partnership, L.P.