# EXHIBIT G

ZURICH

June 26, 2006

Via facsimile
Mr. John Bentz
Ms. Linda Bentz
Property Advisory Group Inc.
4 Cathedral Square, Suite 1G
Providence, Rhode Island 02903

| | | |
|---|---|---|
| RE: | Our Claim #: | 9420075362-001 |
| | Policy #: | 3634609 |
| | Insured: | RRA-Alternative Housing Group |
| | Claimant: | Miguel Galindez |
| | Date of Loss: | 11/13/03 |

Zurich North America
Specialty Claims

P.O. Box 66975
Chicago, IL
60666-0975

Telephone (847) 605-6000
Fax (847) 413-5714
http://www.zurichna.com

Dear Mr. Bentz and Ms. Bentz:

On March 24, 2006, Breed's Hill Insurance Agency Inc. ("Breed's Hill") advised American Guarantee and Liability Insurance Company ("American Guarantee") that a jury verdict totaling $13,000,000 was awarded against Property Advisory Group, Inc. ("PAG") in the above-captioned matter. Although Property Advisory Group, Inc. has not provided any Notice of Occurrence or Claim or tendered a formal demand for indemnification of the jury verdict to American Guarantee, it is our understanding that Property Advisory Group requests that American Guarantee participate in funding the jury verdict. This letter will serve to advise you of American Guarantee's position regarding its obligation to indemnify PAG with respect to the referenced jury verdict in excess of the $1,000,000 policy limit provided by Clarendon National Insurance Company primary policy number BHL 191800-01 ("Clarendon Policy").

After careful review of the original Complaint, post-verdict settlement correspondence and transcripts of trial proceedings and post-trial motions in the underlying matter received from defense counsel, portions of the underlying litigation file, the Clarendon Policy, and the American Guarantee policy number AUC3634601-01 ("American Guarantee Policy"), American Guarantee denies that it has a duty to indemnify PAG with respect to the jury verdict rendered in the matter captioned *Galindez v. Narragansett Housing Associates, et al.*, on March 23, 2006, in the amount of $13 million for the reasons set forth below. That decision is based solely upon currently available information. Should PAG possess additional information that it believes will impact our

coverage position, please submit same for our review and consideration. American Guarantee reserves the right to supplement or alter its coverage position as expressed herein should new information come to light that mandates such action. American Guarantee reserves all other rights under the Policy.

## I. CLAIM BACKGROUND

Our understanding of the facts pertaining to the claim are as follows. In January 2003, Narragansett Housing Associates, L.P. ("Narragansett") entered into a Management Agreement with PAG whereby Property Advisory Group, Inc. agreed to act as the exclusive management agent for Lexington Green Apartments, which were owned by Narragansett and located in Newark, Delaware. Pursuant to the Management Agreement, PAG agreed to provide a variety of services including the inspection of units prior to occupancy, the maintenance and repairs of the buildings, appurtenances, equipment and grounds as well as preventive maintenance of the property. Further, pursuant to Section 7.D. of the Management Agreement, the agent was to obtain all forms of insurance needed to adequately protect Narragansett Housing Associates and the Lexington Green Apartments including, where appropriate, public liability insurance, boiler insurance, fire and extended coverage insurance, and other insurances. Section 7.D. requires PAG to obtain "[a]ll of the various types of insurance coverage required for the benefit, in such amounts, and with such named insured persons therein as shall be required by the Mortgagor [Narragansett] and DSHA."

On November 13, 2003, Miguel Galindez ("Galindez" or "plaintiff"), an employee of CableNet Services, an installation contractor of Comcast, became injured at the Lexington Green Apartments located at Apartment 209, Brandywine Building, Newark, Delaware, when an exterior metal door slammed shut on his right hand, causing crushing injuries and severing the top third of his index finger. Galindez filed a lawsuit in Superior Court of Delaware, Newcastle County, alleging that Narragansett was liable for his injuries as the result of a malfunctioning closer. On May 18, 2004, the *Galindez* Complaint was served on Narragansett and Donald Goodrich. In June 2004, Clarendon National Insurance Company, the primary carrier for Residential Resource

Associates, Inc. – Alternative Housing Group, assigned North American Risk Services ("NARS"), a third party claims administrator, to handle the matter. NARS, in turn, retained the law firm of Marshall, Dennehey, Warner, Coleman & Goggin to defend Narragansett in the lawsuit. On October 10, 2005, the plaintiff amended his Complaint to add Property Advisory Group, Inc. and Locks & Protection Devices, Inc. as defendants. Plaintiff's Complaint asserts that the defendants negligently owned and/or operated and/or managed the Lexington Green Apartments so as to permit a dangerous condition to exist on the property. Further, in his Amended Complaint, plaintiff sought punitive damages against all of the defendants.

During the course of discovery, plaintiff produced vocational and economic expert reports to support his claim of over $600,000 in past and future lost wages. Plaintiff also produced a medical expert report opining on the permanency of plaintiff's damages. Defendants produced no expert reports.

A jury trial was concluded on March 23, 2006, and the plaintiff was awarded $3,000,000 in compensatory damages, jointly and severally, against Narragansett and PAG, and $10,000,000 in punitive damages against PAG only.

By correspondence dated March 24, 2006, NARS advised Alternative Housing Group of the jury verdict and provided a copy of that correspondence to its agent Breed's Hill Agency. On that same date, Breed's Hill placed Zurich on notice of the jury verdict.

Although a formal demand for indemnification of the jury verdict has not been made under the American Guarantee Policy on behalf of PAG, it is our understanding that PAG requests that American Guarantee indemnify it for its share of the jury verdict.

## II. THE AMERCIAN GUARANTEE POLICY

American Guarantee issued commercial umbrella policy AUC 3634609-01 to Residential Resource Associates, Inc. (A Risk Purchasing

Group) for the period December 1, 2002 to December 1, 2004. A Certificate of Insurance No. 2415ZU certifying that the American Guarantee Policy provided coverage to the insured Alternative Housing Group as a member of the risk purchasing group was issued for the period January 1, 2003 to January 1, 2004. The American Guarantee Policy contains a $50M per occurrence limit, a $50M products-completed operations aggregate limit, a general aggregate limit of $50M (other than products-completed operations), and a retained limit of $10,000 per occurrence. By endorsement effective November 20, 2003, Narragansett Housing Partners, L.P., Donald Goodrich, GP and Delaware Sate Housing Authority were named as additional insureds under the Policy.[1]

The commercial umbrella liability policy coverage form (U-UMB-103-A) of the American Guarantee Policy contains the following relevant provisions.

**Insuring Agreements**

**SECTION I. COVERAGE**

**A. Coverage A – Excess Follow Form Liability Insurance**

Under **Coverage A**, we will pay on behalf of the **insured**, those damages covered by this insurance in excess of the total applicable limits of **underlying insurance**. The terms and conditions of **underlying insurance** are with respect to **Coverage A** made a part of this policy, except with respect to:

1. Any contrary provision contained in this policy; or
2. Any provision in this policy for which a similar provision is not contained in **underlying insurance**.

With respect to the exceptions stated above, the provisions of this policy will apply.

---

[1] The Clarendon Policy identifies named insureds as Residential Resource Associates, Inc., Alternative Housing Group, and Narragansett Housing Partners, L.P., Donald Goodrich, GP and Delaware Sate Housing Authority as additional insureds.

Notwithstanding anything to the contrary contained above, if **underlying insurance** does not cover damages, for reasons other than exhaustion of applicable limits of insurance by payment of claims, then we will not cover such damages.

In addition, the American Guarantee Policy contains the following definitions:

A. The following definitions are applicable to **Coverage A** and **Coverage B.**

2. **Other insurance** means a policy of insurance providing coverage that this policy also provides. Other insurance includes any type of self-insurance or other mechanisms by which an insured arranges for funding of legal liabilities.

B. The following definition is applicable to **Coverage A** only:

1. **Insured** means:

a. You; and

b. Any person or organization included as an insured in the underlying insurance.

Further, coverage under the American Guarantee Policy is limited by the following exclusions set forth in the underlying Clarendon Policy, to which the American Guarantee Policy follows form.

2. Exclusions:

This insurance does not apply to:

a. Expected Or Intended Injury

"Bodily Injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.

The definition of "insured contract" under the Clarendon policy states at 9(f):

> That part of any other contract or agreement pertaining to your business... under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

The American Guarantee Policy also contains the following Errors and Omissions Exclusion at Endorsement No. 5:

Under Coverage A and Coverage B this policy does not apply to:

1. Any breach of duty, negligent act, error or omission of any insured or of any person for whose acts any insured is legally liable in the conduct of your business designated below;

2. Any liability, damage, loss, cost or expense arising out of any of the items in 1. above.

**Designated Business**

Real Estate Agents

Lastly, the American Guarantee Policy contains the following conditions:

**10. Notice of Occurrence, Claim or Suit**

a. You must see to it that we are notified as soon as practicable of an occurrence which may result in damages covered by this policy. To the extent possible, notice will include:

(1) How, when and where the occurrence took place;

(2) The names and addresses of any injured persons and witnesses;

(3) The nature and location of any injury or damage arising out of the occurrence.

b. If a claim or suit against any Insured is reasonably likely to involve this policy you must notify us in writing as soon as practicable.

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit;

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation, settlement or defense of the claim or suit; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. The insureds will not, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**11. Other Insurance**

If other insurance applies to damages that are also covered by this policy, this policy will apply excess of the other insurance. Nothing herein will be construed to make this policy subject to the terms, conditions and limitations of such other insurance. However, this provision will not apply if the other insurance is written of be excess of this policy.

## III. DISCUSSION OF COVERAGE ISSUES

There is no coverage for the verdict in the *Galindez* matter under the American Guarantee Policy as American Guarantee was not notified of

the *Galindez* claim or suit as soon as practicable as set forth in the Conditions section of the American Guarantee Policy. Although Section 10(c) of the Conditions section requires that the insured immediately send copies of demands and lawsuits to American Guarantee, American Guarantee was first notified of this matter on March 24, 2006, the day after the $13,000,000 jury verdict, and almost two years after Mr. Galindez filed the lawsuit. Further, American Guarantee has not received a written tender of the jury verdict from Property Advisory Group to date.

Had American Guarantee been given prompt notice of the *Galindez* matter, it would have monitored the litigation and, upon receipt of damage information, would have made an effort to initiate settlement negotiations to resolve the matter. A review of the plaintiff's expert reports and trial testimony in the *Galindez* litigation indicate that plaintiff was able to establish $12,528 in medical bills, approximately $600,000 in past and future earnings losses, permanent impairment and disability, as well as pain and suffering. Punitive damages were sought by plaintiff. The plaintiff retained at least three experts to offer opinions in support of Mr. Galindez' damages and to testify at trial. The underlying file documents indicate that defense counsel received the plaintiff's experts' reports on or about September 15, 2005. No experts were retained by the defense and there was virtually no objection to the damage figures by the defense. No effort was made to seek dismissal of or bifurcate the punitive damage claims from the other aspects of the case. Based on the foregoing, American Guarantee has been clearly prejudiced by the late notice of this claim.

Under the Policy, American Guarantee is only obligated to provide coverage to the named insured shown in the Declarations and any other person or organization qualifying as an insured under this policy. Insured also means any person or organization included as an insured in the underlying insurance. The American Guarantee Policy as well as the underlying Clarendon National Insurance Company Policy include Alternative Housing Group as a named insured. The American Guarantee Policy and the Clarendon Policy also contain endorsements which add as an additional insured:

> Narragansett Housing Partners, L.P. Donald Goodrich, GP
> Delaware State Housing Authority

18 The Green
Dover, DE 19901

The Clarendon policy provides in Section II-Who Is An Insured:

> 2.b. Any person (other than your "employee") or any organization while acting as your real estate manager.

The word "your" as used in Section II, 2.b. above refers solely to the Named Insured, i.e. Alternative Housing Group. We are unaware of any agreement between PAG and Alternative Housing Group whereby PAG acted as its real estate manager. Accordingly, American Guarantee reserves its right to deny coverage as PAG may not be an Insured under the Policy.

Pursuant to the Policy, American Guarantee will pay on behalf of the insured, "those damages covered by this insurance in excess of the total applicable limits of underlying insurance." The underlying insurance includes not only the limits provided in the Clarendon Policy, but also any other insurance that applies to damages that are also covered by the American Guarantee Policy. Further, the Other Insurance clause provides that if other insurance applies to damages that are also covered by the American Guarantee Policy, the American Guarantee Policy will apply excess of the other insurance. We believe that other insurance may be available to respond to the *Galindez* matter. Therefore, American Guarantee reserves the right to limit any indemnity obligation and/or seek contribution in accordance with the Other Insurance provision of the Policy.

The plaintiff Galindez seeks to recover $10,000,000 in punitive damages against PAG. American Guarantee does not believe its policy provides coverage for punitive damages. Accordingly, American Guarantee reserves its right to deny coverage to PAG for the punitive damages awarded in the *Galindez* litigation.

Moreover, a number of exclusions, and conditions may apply to preclude coverage under the American Guarantee Policy to PAG and American Guarantee reserves its rights in this regard.

American Guarantee reserves its rights to further deny coverage to PAG on the basis that PAG has failed to cooperate, and continues to fail to cooperate, with American Guarantee in the investigation, settlement or defense of the *Galindez* suit.

American Guarantee reserves its right to deny coverage to PAG on the ground that PAG may have expected or intended the injury to occur at the Lexington Garden property. American Guarantee further reserves the right to deny coverage to PAG based on the Contractual Liability Exclusion as the Management Agreement may not be an "insured contract" as defined by the Policy.

In addition, Endorsement No. 5 Errors and Omissions Exclusion contained in the American Guarantee Policy specifically excludes coverage for negligent acts of real estate agents acting on behalf of the insured in a conduct of the insured's business. Although the Management Agreement fails to establish that PAG was either a real estate manager or a real estate agent, American Guarantee reserves its rights to deny coverage under these provisions of the Policy.

Based on the information received, and the language in the American Guarantee Policy as well as the underlying Clarendon Policy, American Guarantee concludes that there is no duty under the Policy and applicable law to defend or indemnify PAG for the claims at issue in the *Galindez* lawsuit. American Guarantee is willing to re-evaluate its coverage determination in light of any factual information or legal authority that you may provide which would indicate American Guarantee's coverage position is inaccurate. American Guarantee's discussion of some of the terms, exclusions and conditions contained in the Policy does not mean that American Guarantee intends to, nor does it, waive any other applicable terms, exclusions or conditions in the Policy. American Guarantee reserves the right to assert all of its rights under the Policy and applicable law. Additionally, American Guarantee notes that further analysis and investigation may reveal that other provisions of its

Policy apply and that American Guarantee fully intends and reserves the right to rely on all of the provisions of its Policy and applicable law, whether mentioned in this letter or in any prior or subsequent correspondence. By issuance of this disclaimer, American Guarantee does not waive any of its rights under the Policy and specifically reserves its right to alter or amend its coverage position should its receipt of further information warrant such a determination.

Sincerely,
American Guarantee and Liability Insurance Company
*Lisa Nelson*
Lisa Nelson
CLAIM CASE MANAGER
(847) 413-5063

cc:

Via facsimile
Mr. Greg Jenner
Consolidated Resources
One Harry Street
Cranston, RI 02907

Via facsimile
Yvonne J. DeKornic
Breed's Hill Insurance Agency
Four 13th Street, The Navy Yard
Charlestown, MA 02129

Via facsimile
Mr. Kenneth Border
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

ZURICH

Zurich North America
Specialty Claims

P.O. Box 66975
Chicago, IL
60666-0975

Telephone (847) 605-6000
Fax (847) 413-5714
http://www.zurichna.com

June 26, 2006

Via facsimile
Donald Goodrich, GP
Narragansett Housing Partners, L.P.
18 The Green
Dover, DE 19901

| | | |
|---|---|---|
| RE: | Our Claim #: | 9420075362-001 |
| | Policy #: | 3634609 |
| | Insured: | RRA-Alternative Housing Group |
| | Claimant: | Miguel Galindez |
| | Date of Loss: | 11/13/03 |

Dear Mr. Goodrich:

On March 24, 2006, Breed's Hill Insurance Agency Inc. ("Breed's Hill") advised American Guarantee and Liability Insurance Company ("American Guarantee") that a jury verdict totaling $3,000,000 was awarded against Narragansett Housing Associates, L.P. ("Narragansett") and Property Advisory Group, Inc.("PAG") in the captioned litigation. On March 27, Lisa Nelson of Zurich North America sent a letter to Alternative Housing Group generally reserving all rights under the referenced American Guarantee Umbrella policy. It is our understanding that Narragansett seeks additional insured status and requests that American Guarantee participate in funding the jury verdict. This letter will serve to advise you of American Guarantee's position regarding its obligation to indemnify Narragansett with respect to the referenced jury verdict in excess of the $1,000,000 policy limit provided by Clarendon National Insurance Company primary policy number BHL 191800-01 ("Clarendon Policy").

After careful review of original Complaint, post-verdict settlement correspondence and transcripts of trial proceedings and post-trial motions in the underlying matter received from defense counsel, the Clarendon Policy, and the American Guarantee policy number AUC3634601-01 ("American Guarantee Policy"), American Guarantee denies that it has a duty to indemnify Narragansett with respect to the jury verdict rendered in the matter captioned *Galindez v. Narragansett Housing Associates, et al.*, on March 23, 2006, in the amount of $3 million for the reasons set forth below. That decision is based solely upon currently available information. Should Narragansett possess additional information that it

believes will impact our coverage position, please submit same for our review and consideration. American Guarantee reserves the right to supplement or alter its coverage position as expressed herein should new information come to light that mandates such action.

## I. CLAIM BACKGROUND

Our understanding of the facts pertaining to the claim are as follows. In January 2003, Narragansett entered into a Management Agreement ("Agreement") with Property Advisory Group, Inc. (the "agent") whereby Property Advisory Group, Inc. agreed to act as the exclusive management agent for Lexington Green Apartments owned by Narragansett and located in Newark, Delaware. Pursuant to the Management Agreement, PAG agreed to provide a variety of services including the inspection of units prior to occupancy, the maintenance and repairs of the buildings, appurtenances, equipment and grounds as well as preventive maintenance of the property. Further, pursuant to Section 7.D. of the Management Agreement, the agent was to obtain all forms of insurance needed to adequately protect Narragansett Housing Associates and the Lexington Green Apartments including, where appropriate, public liability insurance, boiler insurance, fire and extended coverage insurance, and other insurances. Section 7.D. requires PAG to obtain "[a]ll of the various types of insurance coverage required for the benefit, in such amounts, and with such named insured persons therein as shall be required by the Mortgagor [Narragansett] and DSHA."

The Agreement also requires that Narragansett hold and save PAG harmless from "damages or injuries to persons or property, either in or about premises or elsewhere, when Agent is carrying out the provisions of the Agreement, or acting under the express direction of the Owner, unless such injuries resulted from the Agent's gross negligence or willful misconduct."

On November 13, 2003, Miguel Galindez ("Galindez" or "plaintiff"), an employee of CableNet Services, an installation contractor of Comcast, became injured at the Lexington Green Apartments located at Apartment 209, Brandywine Building, Newark, Delaware, when an exterior metal door slammed shut on his right hand, causing crushing injuries and severing the top third of his index finger. The plaintiff filed a lawsuit in Superior Court of Delaware, Newcastle County, alleging that Narragansett was liable for his injuries as the result of a malfunctioning

closer. On May 18, 2004, the *Galindez* Complaint was served on Narragansett and Donald Goodrich. In June 2004, Clarendon National Insurance Company, the primary carrier for Residential Resource Associates, Inc. – Alternative Housing Group, assigned North American Risk Services ("NARS"), a third party claims administrator, to handle the matter. NARS, in turn, retained the law firm of Marshall, Dennehey, Warner, Coleman & Goggin to defend Narragansett in the lawsuit. On October 10, 2005, the plaintiff amended his Complaint to add Property Advisory Group, Inc. and Locks & Protection Devices, Inc. as defendants. Plaintiff's Complaint asserts that the defendants negligently owned and/or operated and/or managed the Lexington Green Apartments so as to permit a dangerous condition to exist on the property. Further, in his Amended Complaint, plaintiff sought punitive damages against all of the defendants.

During the course of discovery, plaintiff produced vocational and economic expert reports to support his claim of over $600,000 in past and future lost wages. Plaintiff also produced a medical expert report opining on the permanency of plaintiff's damages. Defendants produced no expert reports.

A jury trial was concluded on March 23, 2006, and the plaintiff was awarded $3,000,000 in compensatory damages, jointly and severally, against Narragansett and PAG, and $10,000,000 in punitive damages against Property Advisory Group only.

By correspondence dated March 24, 2006, NARS advised Alternative Housing Group of the jury verdict and provided a copy of that correspondence to its agent Breed's Hill Agency. On that same date, Breed's Hill placed Zurich on notice of the jury verdict.

## II. THE AMERICAN GUARATEE POLICY

American Guarantee issued commercial umbrella policy AUC 3634609-01 to Residential Resource Associates, Inc. (A Risk Purchasing Group) for the period December 1, 2002 to December 1, 2004. A Certificate of Insurance No. 2415ZU certifying that the American Guarantee Policy provided coverage to the named insured Alternative Housing Group as a member of the risk purchasing group was issued for the period January 1, 2003 to January 1, 2004. The American Guarantee Policy contains a $50M per occurrence limit, a $50M products-completed operations aggregate limit, a general aggregate limit of $50M (other than

products-completed operations), and a retained limit of $10,000 per occurrence. An endorsement effective November 20, 2003, was issued naming Narragansett Housing Partners, L.P., Donald Goodrich, GP and Delaware Sate Housing Authority as additional insureds.[1]

The commercial umbrella liability policy coverage form (U-UMB-103-A) of the American Guarantee Policy contains the following relevant provisions.

**Insuring Agreements**

**SECTION 1. COVERAGE**

**A. Coverage A – Excess Follow Form Liability Insurance**

Under **Coverage A**, we will pay on behalf of the **insured**, those damages covered by this insurance in excess of the total applicable limits of **underlying insurance**. The terms and conditions of **underlying insurance** are with respect to **Coverage A** made a part of this policy, except with respect to:

1. Any contrary provision contained in this policy; or
2. Any provision in this policy for which a similar provision is not contained in **underlying insurance**.

With respect to the exceptions stated above, the provisions of this policy will apply.

Notwithstanding anything to the contrary contained above, if **underlying insurance** does not cover damages, for reasons other than exhaustion of applicable limits of insurance by payment of claims, then we will not cover such damages.

In addition, the American Guarantee Policy contains the following definitions:

---

[1] The Clarendon Policy identifies named insureds as Residential Resource Associates, Inc., Alternative Housing Group, and Narragansett Housing Partners, L.P., Donald Goodrich, GP and Delaware Sate Housing Authority as additional insureds.

**A.** The following definitions are applicable to **Coverage A** and **Coverage B**.

2. **Other Insurance** means a policy of insurance providing coverage that this policy also provides. Other insurance includes any type of self-insurance or other mechanisms by which an insured arranges for funding of legal liabilities.

**B.** The following definition is applicable to **Coverage A** only:

1. **Insured** means:

a. You; and

b. Any personal or organization included as an insured in the underlying insurance.

Further, coverage under the American Guarantee Policy is limited by the following exclusions set forth in the underlying Clarendon Policy, to which the American Guarantee Policy follows form.

2. Exclusions:

This insurance does not apply to:

a. Expected Or Intended Injury

"Bodily Injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

> This exclusion does not apply to liability for damages:
>
> (1) That the insured would have in the absence of the contract or agreement; or
>
> (2) Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage occurs subsequent to the execution of the contract or agreement.

The definition of "insured contract" under the Clarendon policy states at 9(f):

> That part of any other contract or agreement pertaining to your business... under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

The American Guarantee Policy contains the following Errors and Omissions Exclusion at Endorsement No. 5:

> Under Coverage A and Coverage B this policy does not apply to:
>
> 1. Any breach of duty, negligent act, error or omission of any insured or of any person for whose acts any insured is legally liable in the conduct of your business designated below;
>
> 2. Any liability, damage, loss, cost or expense arising out of any of the items in 1. above.
>
> **Designated Business**
>
> Real Estate Agents

The American Guarantee Policy contains the following conditions:

**10. Notice of Occurrence, Claim or Suit**

a. You must see to it that we are notified as soon as practicable of an occurrence which may result in damages covered by this policy. To the extent possible, notice will include:

(1) How, when and where the occurrence took place;

(2) The names and addresses of any injured persons and witnesses;

(3) The nature and location of any injury or damage arising out of the occurrence.

b. If a claim or suit against any Insured is reasonably likely to involve this policy you must notify us in writing as soon as practicable.

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit;

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation, settlement or defense of the claim or suit; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. The insureds will not, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**11. Other Insurance**

If other insurance applies to damages that are also covered by this policy, this policy will apply excess of the other insurance. Nothing herein will be construed to make this policy subject to the terms, conditions and limitations of such other insurance. However, this provision will not apply if the other insurance is written of be excess of this policy.

## III. DISCUSSION OF COVERAGE ISSUES

There is no coverage for the verdict in the *Galindez* matter under the American Guarantee Policy as American Guarantee was not notified of the *Galindez* claim or suit as soon as practicable as set forth in the Conditions section of the American Guarantee Policy. Although Section 10(c) of the Conditions section requires that the insured immediately send copies of demands and lawsuits to American Guarantee, American Guarantee was first notified of this matter on March 24, 2006, the day after the $13,000,000 jury verdict, and almost two years after Mr. Galindez filed the lawsuit.

Had American Guarantee been given prompt notice of the *Galindez* matter, it would have monitored the litigation and, upon receipt of damage information, would have made an effort to initiate settlement negotiations to resolve the matter. A review of the plaintiff's expert reports and trial testimony in the *Galindez* litigation indicate that plaintiff was able to establish $12,528 in medical bills, approximately $600,000 in past and future earnings losses, permanent impairment and disability, as well as pain and suffering. Punitive damages were sought by plaintiff. The plaintiff retained at least three experts to offer opinions in support of Mr. Galindez' damages and to testify at trial. The underlying file documents indicate that defense counsel received the plaintiff's experts' reports on or about September 15, 2005. No experts were retained by the defense and there was virtually no objection to the damage figures by the defense. No effort was made to seek dismissal of or bifurcate the punitive

damage claims from the other aspects of the case. Based on the foregoing, American Guarantee has been clearly prejudiced by the late notice of this claim.

Under the Policy, American Guarantee is only obligated to provide coverage to the named insured shown in the Declarations and any other person or organization qualifying as an insured under this policy. Insured also means any person or organization included as an insured in the underlying insurance. The American Guarantee Policy as well as the underlying Clarendon National Insurance Company policy name Alternative Housing Group as an insured. The American Guarantee Policy and the Clarendon Policy also contain endorsements which add as an additional insured:

Narragansett Housing Partners, L.P. Donald Goodrich, GP
Delaware State Housing Authority
18 The Green
Dover, DE 19901

Based upon a review of the pleadings, Narragansett Housing Partners, LP is not named as a defendant in the action. Accordingly, American Guarantee reserves the right to deny coverage to Narragansett as it may not be an insured under the American Guarantee Policy.

Pursuant to the Policy, American Guarantee will pay on behalf of the insured, "those damages covered by this insurance in excess of the total applicable limits of underlying insurance." The underlying insurance includes not only the limits provided in the Clarendon Policy, but also any other insurance that applies to damages that are also covered by the American Guarantee Policy. Further, the Other Insurance clause provides that if other insurance applies to damages that are also covered by the American Guarantee Policy, the American Guarantee Policy will apply excess of the other insurance. We believe that other insurance may be available to respond to the *Galindez* matter. Therefore, American Guarantee reserves the right to limit any indemnity obligation and/or seek contribution in accordance with the Other Insurance provision of the Policy.

Moreover, a number of exclusions, and conditions may apply to preclude coverage under the American Guarantee Policy to Narragansett and American Guarantee reserves its rights in this regard.

American Guarantee reserves its rights to further deny coverage to Narragansett on the basis that Narragansett has failed to cooperate, and continues to fail to cooperate, with American Guarantee in the investigation, settlement or defense of the *Galindez* suit.

Endorsement No. 5 Errors and Omissions Exclusion contained in the American Guarantee Policy specifically excludes coverage for negligent acts of real estate agents acting on behalf of the insured in a conduct of the insured's business. Although the Management Agreement fails to establish that Narragansett was either a real estate manager or a real estate agent, American Guarantee reserves its rights to deny coverage under these provisions of the Policy.

American Guarantee further reserves the right to deny coverage to Narragansett based on the Contractual Liability Exclusion of the Policy as the Management Agreement between Narragansett and PAG may not qualify as an "insured contract" as defined by the Policy.

Further, under the terms or the Management Agreement, Narragansett does not assume liability for injuries that resulted from the Agent's gross negligence or willful misconduct. Clearly, the $10,000,000 punitive jury verdict would not be an assumed liability even if the Management Agreement were found to be an insured contract.

Based on the information received, and the language in the American Guarantee Policy as well as the underlying Clarendon Policy, American Guarantee concludes that there is no duty under the Policy and applicable law to defend or indemnify Narragansett for the claims at issue in the *Galindez* lawsuit. American Guarantee is willing to re-evaluate its coverage determination in light of any factual information or legal authority that you may provide which would indicate American Guarantee's coverage position is inaccurate. American Guarantee's discussion of some of the terms, exclusions and conditions contained in the Policy does not mean that American Guarantee intends to, nor does it, waive any other applicable terms, exclusions or conditions in the Policy. American Guarantee reserves the right to assert all of its rights under the Policy and applicable law. Additionally, American Guarantee notes that further analysis and investigation may reveal that other provisions of its Policy apply and that American Guarantee fully intends and reserves the right to rely on all of the provisions of its Policy and applicable law,

whether mentioned in this letter or in any prior or subsequent correspondence. By issuance of this disclaimer, American Guarantee does not waive any of its rights under the Policy and specifically reserves its right to alter or amend its coverage position should its receipt of further information warrant such a determination.

If you have any questions concerning American Guarantee's positions at set forth in this letter, please contact me.

Sincerely,
American Guarantee and Liability Insurance Company
*Lisa Nelson*
Lisa Nelson
CLAIM CASE MANAGER
(847) 413-5063

cc:

Via facsimile
Mr. Greg Jenner
Consolidated Resources
One Harry Street
Cranston, RI 02907

Via facsimile
Yvonne J. DeKornic
Breed's Hill Insurance Agency
Four 13th Street, The Navy Yard
Charlestown, MA 02129

Via facsimile
Mr. Kevin Mahoney
Menard, Murphy & Walsh LLP
60 State Street

ZURICH

DATE: June 26, 2006

TO: Adam Smith
Coughlin & Duffy

RECIPIENT'S
FAX #: (973) 267-6442

FROM: Lisa Nelson

Zurich North America
Specialty Claims

P.O. Box 66975
Chicago, IL
60666-0975

Telephone (847) 605-6000
Fax (847) 413-5714
http://www.zurichna.com

TELEPHONE #: (847) 413-5063

# OF PAGES INCLUDING THIS COVER SHEET: 26

RE: **Claim #:** 9420075362-001
**Insured:** RRA-Alternative Housing Group
**Date of Loss:** 11/13/03
**Claimant:** Miguel Galindez

MESSAGE: Bcc of coverage position letters sent to AHG & PAG today by facsimile.

*********************** **PLEASE NOTE** ************************

This Telefax/e-mail message and any documents accompanying this transmission may contain privileged and/or confidential information and is intended solely for the addressee(s) named above. If you are not the intended addressee/recipient, you are hereby notified that any use of, disclosure, copying, distribution, or reliance on the contents of this Telefax/e-mail information is strictly prohibited and may result in legal action against you. Please reply to the sender advising of the error in transmission and immediately delete/destroy the message and any accompanying documents. Thank you.