UNITED STATES DISTRICT COURT
District of Rhode Island

AMERICAN GUARANTEE and
LIABLITY INSURANCE COMPANY

Vs. C. A. No.: 06-297

ALTERNATIVE HOUSING GROUP, ET AL

**ANSWER OF PROPERTY ADVISORY GROUP, INC., TO COMPLAINT**

**As to "Jurisdiction and Venue"**

1. Defendant admits that there is complete diversity but denies the remainder of the allegations contained in paragraph 1.

2. No answer is required since this paragraph set forth an opinion or legal conclusion.

3. No answer is required since this paragraph set forth an opinion or legal conclusion.

4. Defendant admits the allegations contained in paragraph 4.

**As to "Parties"**

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and leaves plaintiff to its proof.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies the same.

7. Defendant denies the allegations contained in paragraph 7. There is no such entity. The word "Partners" was mistakenly substituted for the word "Associates" thereby creating a mutually mistaken misnomer.

8. Defendant admits the allegations contained in paragraph 8.

9. Denied as phrased. Property Advisory Group, Inc. is a Rhode Island corporation whose purpose is real estate counseling, advisory service and property manager and in this matter it acted as a property manager.

## As to "Nature of the Action"

10. Admitted except that the correct policy number may be AUC3634609-02.

11. Denied as phrased. Said endorsement was effective on September 17, 2003 and by mutual mistake of fact named Narragansett Housing Partners, LP as an additional insured. No such entity exists and the parties intended to name Narragansett Housing Associates, LP as the additional insured and to insure the property and operations at the Lexington Green Apartments, so-called, in Newark, Delaware. The insurance in question was site specific and named the property where the accident occurred as the insured location.

12. Defendant admits the allegations contained in paragraph 12.

13. Defendant admits the allegations contained in paragraph 13.

14. Defendant admits the Breeds Hill notified American Guarantee on March 24, 2006 but is without knowledge or information as to whether American Guarantee had prior notice or knowledge.

15. The jury verdict is not final and is subject to revision and when finalized, defendant would seek indemnification from American Guarantee if the excess policy is implicated.

16. Defendant admits that this is the apparent intent of plaintiff's complaint.

## As to "Background"

## "A. The Policies"

17. Admitted but it is believed that the correct policy number may be AUC3634609-02.

18. Defendant admits the allegations contained in paragraph 18.

19. Denied as phrased. An endorsement effective September 17, 2003 identified said parties as additional insureds and intended to cover risks at the Lexington Green Apartments, so-called, in Newark, Delaware. No such entity as Narragansett Housing Partners, LP exists and the parties intended to insure Narragansett Housing Associates, LP.

20-28. Defendant admits that the plaintiff has selectively quoted certain provisions of the policies with some typographical errors and it appears that the language set forth in paragraph 26 is from an endorsement to policy No. AUC3634609-01.

29. Defendant admits the allegations contained in paragraph 29.

30. The declarations page of policy AUC3634609-02 appears to name Residential Resources Associates, Inc., a risk purchasing group, as the named insured.

31. Admitted. However, no such entity as Narragansett Housing Partners, LP exists and the parties intended but for a mutual mistake to insure Narragansett Housing Associates, LP, a Rhode Island partnership with respect to the Lexington Green Apartments, so-called, in Newark, Delaware.

32. Defendant admits the allegations contained in paragraph 32. Property Advisory Group, Inc. was such property manager.

33. Defendant denies the allegations contained in paragraph 33.

## As to "B. The Underlying Litigation"

34. Defendant admits the allegations contained in paragraph 34.

35. Defendant admits the allegations contained in paragraph 35.

36. Defendant admits the allegations contained in paragraph 36.

37. Defendant admits the allegations contained in paragraph 37.

38. Defendant admits the allegations contained in paragraph 38.

39. Defendant admits the allegations contained in paragraph 39.

40. Admitted that counsel for Narragansett Housing Associates, LP took such action without consultation.

41. Defendant admits the allegations contained in paragraph 41.

42. Admitted. At least as to Property Advisory Group, it appears that the court in Delaware authorized this filing on October 17, 2005.

43. It appears that there was no formal discovery whatever conducted by defense counsel but that plaintiff's counsel voluntarily forwarded sketchy and limited information through the beginning of November 2005.

44. Defendant admits the allegations contained in paragraph 44.

45. Defendant admits the allegations contained in paragraph 45.

46. Defendant admits the allegations contained in paragraph 46.

## As to "C. Claim Notification"

47. Admitted except that defendant is without knowledge for information as to whether American Guarantee had any other notice or knowledge.

48. Denied as alleged. It appears that on March 27, 2006 American Guarantee requested information from said parties of a more limited nature than alleged.

49. Defendant admits that on several occasions in April and May of 2006 (but not on all of the specific dates alleged) American Guarantee requested information and Providence Advisory Group, Inc., responded as best it could not having most of the information requested.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations alleged in paragraph 50 beyond admitting that

American Guarantee requested defense counsel's file and he provided them with it.

51. Defendant admits the allegations contained in paragraph 51.

**As to "Count I"**

52. Defendant's prior answers are incorporated by reference.

53. Defendant denies the allegations contained in paragraph 53.

54. Defendant denies the allegations contained in paragraph 54.

55. Defendant denies the allegations contained in paragraph 55. No final determination that the excess policy is even implicated has been made.

**As to "Count II"**

56. Defendant incorporates by reference its prior answers.

57. Defendant denies the allegations contained in paragraph 57.

58. Defendant denies the allegations contained in paragraph 58.

59. Denied. There is no final determination that the excess policy is implicated.

**As to "Count III"**

60. Defendant incorporates by reference its prior answers.

61. Defendant denies the allegations contained in paragraph 61.

62. Defendant denies the allegations contained in paragraph 62.

63. Defendant denies the allegations contained in paragraph 63.

64. Defendant denies the allegations contained in paragraph 64.

**<u>As to "Count IV"</u>**

65. Defendant incorporates by reference its prior answers.

66. Defendant denies the allegations contained in paragraph 66.

67. Defendant denies the allegations contained in paragraph 67.

68. Defendant denies the allegations contained in paragraph 68.

69. Defendant denies the allegations contained in paragraph 69.

**<u>As to "Count V"</u>**

70. Defendant incorporates by reference its prior answers.

71. Defendant denies the allegations contained in paragraph 71.

72. Defendant denies the allegations contained in paragraph 72.

**<u>As to "Count VI"</u>**

73. Defendant incorporates by reference its prior answers.

74. Defendant denies the allegations contained in paragraph 74.

75. Defendant denies the allegations contained in paragraph 75.

**<u>As to "Count VII"</u>**

76. Defendant incorporates by reference its prior answers.

77. Defendant denies the allegations contained in paragraph 77.

78. Defendant denies the allegations contained in paragraph 78.

**<u>As to "Count VIII"</u>**

79. Defendant incorporates by reference its prior answers.

80. Defendant denies the allegations contained in paragraph 80.

81. Defendant denies the allegations contained in paragraph 81.

**First Additional Defense**

Interpretation of the insurance policies and American Guarantee's duties and responsibilities thereunder are governed by either the law of Massachusetts or Delaware.

**Second Additional Defense**

Property Advisory Group had no information whatever prior to the Galindez verdict that would have led it to believe that it was reasonably likely that the Galindez claim would implicate the excess policy.

**Third Additional Defense**

This action must be dismissed because plaintiff failed to join an indispensable party, the plaintiff in the underlying action, Mr. Galindez.

Property Advisory Group, Inc.
By its Attorney,

/s/ John T. Walsh, Jr.
John T. Walsh, Jr., #0483
HIGGINS, CAVANAGH & COONEY
123 Dyer Street
Providence, RI 02903
401-272-3500
401-273-8780 – facsimile

**Counterclaim for Reformation**

1. American Guarantee issued certain site specific insurance coverage to Narragansett Housing Partners, LP, a Rhode Island limited partnership, intending to cover the property and operation in Newark, Delaware, known as the Lexington Green Apartments, so-called, and American Guarantee received a substantial premium therefor.

2. There is no such entity named as Narragansett Housing Partners, LP.

3. The entity which owned and operated the Lexington Green Apartments and for which Property Advisory Group was a property manager was Narragansett Housing Associates, LP, a Rhode Island limited partnership.

4. Property Advisory Group, Inc., became an insured under the American Guarantee policy and the Clarendon policy because it was a property manager for Narragansett Housing Associates, LP, and conducted the day-to-day property manager operations at Lexington Green Apartments.

5. The use of the term "Narragansett Housing Partners, LP", in the insurance documents, was a mutual mistake of fact and Property Advisory Group, Inc., requests that the said policy documents be reformed to substitute the words "Narragansett Housing Associates, LP" instead of "Narragansett Housing Partners, LP" wherever said terms appear.

**Counterclaim for a Declaratory Judgment**

6. Defendant incorporates by reference paragraphs 1 through 5 as if each were set forth separately herein.

7. Narragansett Housing Associates, L.P. contracted with Plaintiff for excess insurance in the amount of $50,000,000 which insurance also covered Property Advisory Group as an insured.

8. Plaintiff received substantial premiums for said insurance.

9. The Galindez accident occurred during the term of the excess insurance coverage at the location specifically identified in the excess insurance policy as the insured site.

Wherefore, defendant requests that the Court enter judgment against the plaintiff as follows:

A. That the policy be reformed to correct the mutual mistake and to reform the policy by substituting the word "Associates" for the word "Partners" so that "Narragansett Housing Associates, L.P." is named in the policy as the insured and as the owner of the Lexington Green Apartments in Newark, Delaware, and

B. That it be ordered and adjudged that American Guarantee has an obligation to indemnify Property Advisory Group in the underlying Galindez litigation, and

C. That the court order any further relief to the defendant as the Court may deem just, proper, and equitable.

Property Advisory Group,
By Their Attorney

/s/ John T. Walsh, Jr.
John T. Walsh, Jr. #0483
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903
Telephone: (401) 272-3500
Fax: (401) 273-8780
Email: jwalsh@hcc-law.com

**DEFENDANT HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

## CERTIFICATION

I hereby certify that a true copy of the within was filed electronically and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island:

Frederick E. Connelly, Jr.
PEABODY & ARNOLD, LLP
30 Rowes Wharf
Boston, MA 02110
fconnelly@peabodyarnold.com

/s/ John T. Walsh, Jr.