UNITED STATES DISTRICT COURT
District of Rhode Island

AMERICAN GUARANTEE and
LIABLITY INSURANCE COMPANY

Vs. C. A. No.: 06-297

ALTERNATIVE HOUSING GROUP, ET AL

**ANSWER AND COUNTER-CLAIM OF ALTERNATIVE HOUSING GROUP, NARRAGANSETT HOUSING PARTNERS, L.P., AND NARRAGANSETT HOUSING ASSOCIATES, L.P. TO COMPLAINT**

Alternative Housing Group, Narragansett Housing Partners, L.P., and Narragansett Housing Associates, L.P. (hereinafter collectively "Defendant") hereby respond to the plaintiff's Complaint as follows:

The introductory paragraph merely introduces the action and does not require a responsive pleading.

**As to "Jurisdiction and Venue"**

1. Defendant admits that there is complete diversity but denies the remainder of the allegations contained in paragraph 1.

2. No answer is required since this paragraph sets forth an opinion or legal conclusion.

3. No answer is required since this paragraph sets forth an opinion or legal conclusion.

4. Defendant admits the allegations contained in paragraph 4.

**As to "Parties"**

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, therefore the Defendant denies the allegation and leaves plaintiff to its proof.

6. Defendant admits the allegations contained in paragraph 6.

7. Defendant denies the allegations contained in paragraph 7. There is no such entity. The word "Partners" was mistakenly substituted for the word "Associates" in the endorsement of the excess policy thereby creating a mutually mistaken misnomer.

8. Defendant admits the allegations contained in paragraph 8.

9. Denied as phrased. Property Advisory Group, Inc. is a Rhode Island corporation whose purpose is real estate counseling, advisory service and property management, and in this matter it acted as a property manager.

**As to "Nature of the Action"**

10. Admitted except that the correct policy number may be AUC3634609-02.

11. Denied as phrased. Said endorsement was effective on September 17, 2003, and by mutual mistake of fact named Narragansett Housing Partners, LP as an additional insured. No such entity exists and the parties intended to name Narragansett Housing Associates, LP as the additional insured and to insure the property and operations at the Lexington Green Apartments, so-called, in Newark, Delaware. The insurance policy in question was site-specific and named the property where the accident occurred as an insured location.

12. Defendant admits the allegations contained in paragraph 12.

13. Defendant admits the allegations contained in paragraph 13.

14. Defendant admits the Breeds Hill notified American Guarantee on March 24, 2006, but is without knowledge or information as to whether American Guarantee had prior notice or knowledge.

15. The jury verdict is not final, is subject to revision, and appeal, but when a final judgment is entered and all avenues of appeal have been exhausted,

Defendant would seek indemnification from American Guarantee if the excess policy is implicated.

16. Defendant admits that this is the apparent intent of plaintiff's complaint.

**<u>As to "Background"</u>**

**<u>"A. The Policies"</u>**

17. Admitted, but it is believed that the correct policy number may be AUC3634609-02, and may have been effective from December 1, 2001 to December 1, 2003.

18. Defendant admits the allegations contained in paragraph 18.

19. Denied as phrased. An endorsement effective September 17, 2003, identified said parties as additional insureds and intended to cover risks at the Lexington Green Apartments, so-called, in Newark, Delaware. No such entity as Narragansett Housing Partners, LP exists and the parties intended to insure Narragansett Housing Associates, LP.

20-28. Defendant admits that the plaintiff has selectively quoted certain provisions of the policies with some typographical errors and it appears that the language set forth in paragraph 26 is from an endorsement to policy Nos. AUC3634609-01 or AUC3634609-02.

29. Defendant admits the allegations contained in paragraph 29.

30. Defendant admits the allegations contained in paragraph 30.

31. Admitted. However, no such entity as Narragansett Housing Partners, LP exists and the parties intended but for a mutual mistake to insure Narragansett Housing Associates, LP, a Rhode Island partnership with respect to the Lexington Green Apartments, so-called, in Newark, Delaware.

32. Defendant admits the allegations contained in paragraph 32. Property Advisory Group, Inc. was such property manager.

33. Defendant denies the allegations contained in paragraph 33.

**<u>As to "B. The Underlying Litigation"</u>**

34. Defendant admits the allegations contained in paragraph 34.

35. Defendant admits the allegations contained in paragraph 35.

36. Defendant admits the allegations contained in paragraph 36.

37. Defendant admits the allegations contained in paragraph 37.

38. Defendant admits the allegations contained in paragraph 38.

39. Defendant admits the allegations contained in paragraph 39.

40. Admitted that counsel for Narragansett Housing Associates, LP took such action without consultation with the Defendants.

41. Defendant admits the allegations contained in paragraph 41.

42. Admitted.

43. Denied, to the extent that no expert witnesses were "produced" for deposition, but were only identified by name by the plaintiff, and no complete expert reports were provided for any experts by November 2005.

44. Defendant admits the allegations contained in paragraph 44.

45. Defendant admits the allegations contained in paragraph 45.

46. Defendant admits the allegations contained in paragraph 46.

**<u>As to "C. Claim Notification"</u>**

47. Admitted, except that defendant is without knowledge for information as to whether American Guarantee had any other notice or knowledge.

48. Denied as alleged. It appears that on March 27, 2006, American Guarantee requested information from said parties of a more limited nature than alleged.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49, and therefore denies the same and leaves plaintiff to its proof.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations alleged in paragraph 50 beyond admitting that American Guarantee requested defense counsel's file and he provided them with it.

51. Defendant admits the allegations contained in paragraph 51.

**<u>As to "Count I"</u>**

52. Defendant's prior answers are incorporated by reference.

53. Defendant denies the allegations contained in paragraph 53.

54. Defendant denies the allegations contained in paragraph 54.

55. Defendant denies the allegations contained in paragraph 55. No final determination that the excess policy is even implicated has been made.

**<u>As to "Count II"</u>**

56. Defendant incorporates by reference its prior answers.

57. Defendant denies the allegations contained in paragraph 57.

58. Defendant denies the allegations contained in paragraph 58.

59. Denied. There is no final determination that the excess policy is implicated.

**<u>As to "Count III"</u>**

60. Defendant incorporates by reference its prior answers.

61. Defendant denies the allegations contained in paragraph 61.

62. Defendant denies the allegations contained in paragraph 62.

63. Defendant denies the allegations contained in paragraph 63.

64. Denied. There is no final determination that the excess policy is implicated.

**<u>As to "Count IV"</u>**

65. Defendant incorporates by reference its prior answers.

66. Defendant denies the allegations contained in paragraph 66.

67. Defendant denies the allegations contained in paragraph 67.

68. Defendant denies the allegations contained in paragraph 68.

69. Denied. There is no final determination that the excess policy is implicated.

**<u>As to "Count V"</u>**

70. Defendant incorporates by reference its prior answers.

71. Defendant denies the allegations contained in paragraph 71.

72. Defendant denies the allegations contained in paragraph 72.

**<u>As to "Count VI"</u>**

73. Defendant incorporates by reference its prior answers.

74. Defendant denies the allegations contained in paragraph 74.

75. Defendant denies the allegations contained in paragraph 75.

**<u>As to "Count VII"</u>**

76. Defendant incorporates by reference its prior answers.

77. Defendant denies the allegations contained in paragraph 77.

78. Defendant denies the allegations contained in paragraph 78.

**<u>As to "Count VIII"</u>**

79. Defendant incorporates by reference its prior answers.

80. Defendant denies the allegations contained in paragraph 80.

81. Defendant denies the allegations contained in paragraph 81.

**First Affirmative Defense**

Interpretation of the insurance policies and American Guarantee's duties and responsibilities thereunder are governed by either the law of Massachusetts or Delaware.

**Second Affirmative Defense**

Defendant had no information prior to the verdict in the Galindez case that would have led it to believe that it was reasonably likely that the Galindez claim would implicate the plaintiff's excess policy.

**Third Affirmative Defense**

The plaintiff's excess policy, and the underlying primary policy, were site specific and identified the location where Mr. Galindez accident occurred as an insured location.

**Fourth Affirmative Defense**

The Complaint must be dismissed because the Plaintiff failed to join an indispensable party, Mr. Galindez.

Alternative Housing Group,
Narragansett Housing Partners, L.P.,
and Narragansett Housing Associates, L.P.,
By its *Pro Hac Vice* Attorney,

/s/ Kevin G. Mahoney
Kevin G. Mahoney, BBO#564653
Menard, Murphy & Walsh LLP
60 State Street
Boston, MA 02109
617-832-2500
617-832-2550 - facsimile

Alternative Housing Group,
Narragansett Housing Partners, L.P.,
and Narragansett Housing Associates, L.P.,
By its Attorney,

/s/ John T. Walsh, Jr.
John T. Walsh, Jr., #483
HIGGINS, CAVANAGH & COONEY
123 Dyer Street
Providence, RI 02903
401-272-3500
401-273-8780 – facsimile

## Counterclaim

1. American Guarantee issued site specific insurance coverage to Narragansett Housing Partners, LP, a Rhode Island limited partnership, covering the property and operation in Newark, Delaware, known as the Lexington Green Apartments, so-called, and American Guarantee received a substantial premium therefor.

2. There is no such entity named as Narragansett Housing Partners, LP.

3. The entity which owned and operated the Lexington Green Apartments and for which Property Advisory Group was a property manager was Narragansett Housing Associates, LP, a Rhode Island limited partnership.

4. Narragansett Housing Partners, L.P. was mistakenly identified on the endorsement to the Clarendon policy and American Guarantee policy instead of Narragansett Housing Associates, L.P.

5. Both the Clarendon policy and the American Guarantee policy correctly identified the Lexington Green Apartments as the insured site under both polices.

6. Property Advisory Group, Inc., became an insured under the American Guarantee policy and the Clarendon policy because it was a property manager for Narragansett Housing Associates, LP, and conducted the day-to-day property manager operations at Lexington Green Apartments.

## Counterclaim I
**(Reformation)**

7. Defendant hereby incorporates by reference paragraphs 1-6 as if each were separately set forth herein.

8. The endorsement issued on the American Guarantee excess policy that insured the Lexington Green Apartments in Newark, Delaware, mistakenly named Narragansett Housing Partners, L.P. as the owner instead of Narragansett Housing Associates, L.P. This was a mutual mistake.

9. Defendant hereby requests that the American Guarantee endorsement be reformed to correct the typographical error where the word "Partners" was mistakenly substituted for the word "Associates" in identifying the owner of the Lexington Green Apartments, in Newark, Delaware. The Plaintiff suffers no prejudice by such reformation because the site where the accident occurred was

specifically identified in the excess insurance policy endorsement as an insured location.

**Count II**
**(Declaratory Judgment)**

10. Defendant hereby incorporates by reference paragraphs 1-9 as if each were separately set forth herein.

11. Defendant contracted with Plaintiff for a policy of excess insurance in the amount of $50,000,000.

12. Defendant paid the Plaintiff at least $58,924 in premium for the excess insurance.

13. Plaintiff accepted all premium payments for the excess insurance coverage from the Defendant.

14. An accident occurred during the term of the excess policy at a location owned by Narragansett Housing Associates, L.P. and specifically identified in the excess policy as an insured location.

WHEREFORE, Defendant seeks judgment in its favor declaring that:

A. American Guarantee has a duty to indemnify Narragansett Housing Associates, L.P. and Property Advisory Group, Inc. in the Underlying Litigation; and

B. Any other further and different relief in the declarations of rights and legal obligations of the parties to this action which the Court may deem just, proper, and equitable.

Defendant hereby claims a trial by jury on all issues so triable.

Alternative Housing Group,
Narragansett Housing Partners, L.P.,
and Narragansett Housing Associates, L.P.,
By its *Pro Hac Vice* Attorney,

/s/ Kevin G. Mahoney
Kevin G. Mahoney, BBO#564653
Menard, Murphy & Walsh LLP
60 State Street
Boston, MA 02109
617-832-2500
617-832-2550 - facsimile

Alternative Housing Group,
Narragansett Housing Partners, L.P.,
and Narragansett Housing Associates, L.P.,
By its Attorney,

/s/ John T. Walsh, Jr.
John T. Walsh, Jr., #483
HIGGINS, CAVANAGH & COONEY
123 Dyer Street
Providence, RI 02903
401-272-3500
401-273-8780 – facsimile

CERTIFICATION

I hereby certify that a true copy of the within was filed electronically and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island:

Frederick E. Connelly, Jr.
PEABODY & ARNOLD, LLP
30 Rowes Wharf
Boston, MA 02110
fconnelly@peabodyarnold.com

/s/ John T. Walsh, Jr.

Narragansett/Pleadings/Answer to DJ Complaint.3.doc