UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY,

Plaintiff,

v.

ALTERNATIVE HOUSING GROUP, NARRAGANSETT HOUSING PARTNERS, L.P., NARRAGANSETT HOUSING ASSOCIATES, L.P., and PROPERTY ADVISORY GROUP, INC.

Defendants.

Civil Action No. CA 06 297

**AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY'S ANSWER TO COUNTERCLAIM OF PROPERTY ADVISORY GROUP, INC.**

Plaintiff, American Guarantee and Liability Insurance Company ("American Guarantee"), by and through its attorneys, Coughlin Duffy, LLP and Peabody & Arnold, LLP, by way of Answer to Property Advisory Group, Inc.'s (hereinafter referred to as "PAG") Counterclaim, states as follows:

**Counterclaim for Reformation**

1. American Guarantee denies the allegations contained in Paragraph 1 of PAG's Counterclaim as written, except admits that American Guarantee issued Commercial Umbrella Policy Number AUC 3634609 to Residential Resource Associates, Inc. (A Risk Purchasing Group) (the "American Guarantee Excess Policy"); that Certificate of Insurance No. 2415ZU certifies that the American Guarantee Excess Policy issued to Residential Resource Associates, Inc. provided coverage to Alternative Housing Group, as a member of the risk purchasing group, for the period January 1, 2003 to January 1, 2004; and that by endorsement issued November 20,

2003, but effective September 17, 2003, Narragansett Housing Partners, L.P., was named as an Additional Insured under the American Guarantee Excess Policy.

2. American Guarantee lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of PAG's Counterclaim and therefore leaves PAG to its proofs.

3. American Guarantee lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of PAG's Counterclaim and therefore leaves PAG to its proofs.

4. American Guarantee denies the allegation contained in Paragraph 4 of PAG's Counterclaim that PAG is an insured under the American Guarantee Excess Policy and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of PAG's Counterclaim, and therefore leaves PAG to its proofs.

5. The allegations contained in Paragraph 5 of PAG's Counterclaim consist of legal conclusions to which no response is required. If a response is deemed to be required, American Guarantee lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of PAG's Counterclaim and therefore leaves PAG to its proofs.

**Counterclaim for a Declaratory Judgment**

6. American Guarantee repeats each of its previous responses as if set forth at length herein.

7. American Guarantee denies the allegations contained in Paragraph 7 of PAG's Counterclaim.

8. American Guarantee denies the allegations contained in Paragraph 8 of PAG's Counterclaim as written.

9. American Guarantee lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of PAG's Counterclaim and therefore leaves PAG to its proofs.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

PAG's Counterclaim fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

PAG's Counterclaim is barred by the Doctrines of Waiver, Laches, Unclean Hands and Estoppel.

### THIRD SEPARATE DEFENSE

Coverage is barred and/or limited by the terms, conditions, exclusions and limitations of the American Guarantee Excess Policy or any policy of insurance issued by American Guarantee that is alleged to be applicable to the subject matter of this action.

### FOURTH SEPARATE DEFENSE

Coverage is barred and/or limited to the extent PAG failed to give timely and adequate notice to American Guarantee as required by the American Guarantee Excess Policy or any policy of insurance issued by American Guarantee that is alleged to be applicable to the subject matter of this action.

### FIFTH SEPARATE DEFENSE

Coverage is barred to the extent that PAG concealed, misrepresented or negligently failed to disclose material facts to American Guarantee in connection with procurement and renewal of

the American Guarantee Excess Policy or any policy of insurance issued by American Guarantee that is alleged to be applicable to the subject matter of this action.

**SIXTH SEPARATE DEFENSE**

Coverage is barred to the extent that PAG failed to comply with any conditions precedent and/or any other obligations under the American Guarantee Excess Policy or any policy of insurance issued by American Guarantee that is alleged to be applicable to the subject matter of this action.

**SEVENTH SEPARATE DEFENSE**

PAG's claims are barred to the extent that that American Guarantee did not issue any policy of insurance applicable to the subject matter of this action.

**EIGHTH SEPARATE DEFENSE**

PAG's claims are barred to the extent that PAG is not a named insured or additional insured under the American Guarantee Excess Policy or any policy of insurance issued by American Guarantee that is alleged to be applicable to the subject matter of this action.

**NINTH SEPARATE DEFENSE**

PAG's claims are barred to the extent that the Lexington Green Apartments is not an insured location under the American Guarantee Excess Policy or any policy of insurance issued by American Guarantee that is alleged to be applicable to the subject matter of this action.

**TENTH SEPARATE DEFENSE**

To the extent that PAG has failed to comply with the notice of occurrence/claim/loss/accident and/or cooperation provisions contained in the American Guarantee Excess Policy or any policy of insurance issued by American Guarantee that is alleged

to be applicable to the subject matter of this action, American Guarantee has been harmed and prejudiced thereby and therefore has no liability for PAG's claims.

**ELEVENTH SEPARATE DEFENSE**

To the extent that PAG has failed to comply with the terms and conditions contained in the American Guarantee Excess Policy or in any policy of insurance issued by American Guarantee that may be applicable to the subject matter of this action, American Guarantee has no liability for PAG's claims.

**TWELFTH SEPARATE DEFENSE**

To the extent American Guarantee has any obligations to PAG under the American Guarantee Excess Policy or any policy of insurance issued by American Guarantee that is alleged to be applicable to the subject matter of this action, those obligations are limited by virtue of the "other insurance" clause contained in those policies.

**THIRTEENTH SEPARATE DEFENSE**

Coverage may be barred and/or limited to the extent PAG seeks coverage for fines, assessments, and/or penalties, and/or punitive, exemplary or treble damages.

**FOURTEENTH SEPARATE DEFENSE**

American Guarantee reserves the right to supplement these affirmative defenses up to and including the time of trial, as more information becomes available.

COUGHLIN DUFFY LLP
350 Mt. Kemble Avenue
Morristown, New Jersey 07962-1917
Tel: 973-267-0058
Fax: 973-267-6442
Attorneys for Plaintiff,
American Guarantee & Liability
Insurance Company
By: *__/s/ Adam Smith*
Adam Smith

PEABODY & ARNOLD, LLP
Attorneys for Plaintiff,
American Guarantee & Liability
Insurance Company
By: *__/s/ Frederick E. Connelly, Jr.*
Frederick E. Connelly, Jr.

Dated: November 22, 2006