UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

AMERICAN GUARANTEE and LIABILITY INSURANCE COMPANY, :
:
v. : C.A. NO. 06-297
:
ALTERNATIVE HOUSING GROUP, NARRAGANSETT HOUSING PARTNERS, L.P., NARRAGANSETT HOUSING ASSOCIATES, L.P and PROPERTY ADVISORY GROUP, INC.:

**DEFENDANT PROPERTY ADVISORY GROUP INC.'S REVISED STATEMENT OF CLAIMS PURSUANT TO RULE 16(c) OF THE LOCAL RULES**

I. American Guarantee, by making itself Plaintiff in the Declaratory Judgment and specifically and affirmatively alleging that:

a) It has no duty to "indemnify PAG [Property Advisory Group] with respect to the Underlying Litigation based upon the terms and conditions of the American Guarantee Policy" – (Count IV of the Complaint);

b) Plaintiff is not even "an insured under the American Guarantee Policy" – (Count IV); and

c) "PAG has materially breached its contractual obligations owed to American Guarantee under the American Guarantee Policy" – (Count VIII)

clearly has assumed the burden of proof as to each of the above allegations.

Without assuming the obligation to prove the following, PAG advises the Court that the evidence will show that:

1) PAG is, in fact, an insured under the American Guarantee policy;

2) PAG complied with all policy provisions and instructions including notice to the actual or apparent agent of American Guarantee;

3) American Guarantee cannot show any prejudice resulting from any conduct of PAG with regard to notice;

4) The contract contains no applicable exclusion for any of the damages awarded in the Delaware action; and

5) All damages, including punitive damages, are fully covered under the law of the place controlling the performance required of American Guarantee with regard to PAG pursuant to its policy; that is, the law where the contract was entered into (Illinois) see Warren v. Lemay, 494 N.E.2d 206, 211-12 (Ill. App. 1986) or the law of the place of the risk (Delaware), see Whalen v. On-Deck, Inc., 514 A.2d1072, 1074 (D.E. 1986).

II. Defendant Property Advisory Group, Inc. ("PAG") has set forth only one affirmative defense (failure to join an indispensable party). See Ranger Ins. Co. v. United Housing of New Mexico, Inc., 488 F.2d 682, 683-4 (5th Cir. 1974). The first and second "additional defenses" relating to the issue of which law governs the insurance policy in question and PAG's knowledge as to the likelihood of an "excess verdict" are not affirmative defenses.

As to PAG's affirmative defense: PAG will show that American Guarantee has failed to join the underlying judgment holder (Galindez), *inter alia*.

III. As to PAG's counterclaim for reformation: PAG will show that the contract was intended by all parties to name Narragansett Housing Associates, LP and by a mutual mistake (in the nature of a typographical error), that entity was mis-identified as Narragansett Housing Partners, LP (a non-existent entity) and that all parties to the contract intended to insure (both as to Narragansett Housing Associates, LP and PAG) the particular risk in Delaware where the accident giving rise to the Delaware judgments occurred. See McEntee v. Davis, 861 A.2d 459, 463 (R.I. 2004).

Property Advisory Group, Inc.
By their Attorney,

/s/Max Wistow______________________
Max Wistow (#0330)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)
mw@wistbar.com

**CERTIFICATION**

I hereby certify that I caused to be served by electronic means (ECF) a copy of the within on the 1st day of February, 2007 to the following:

Frederick E. Connelly, Jr.
fconnelly@peabodyarnold.com

Adam M. Smith, Esq.
Kevin T. Coughlin, Esq.
asmith@coughlinduffy.com
kcoughlin@coughlinduffy.com

Kevin G. Mahoney, Esq.
Mahoney@mmwlaw.com

James T. McCormick, Esq.
mclaw@choiceonemail.com

/s/Max Wistow
Max Wistow (#0330)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)
mw@wistbar.com