COPY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| AMERICAN GUARANTEE and LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ALTERNATIVE HOUSING GROUP, NARRAGANSETT HOUSING PARTNERS, L.P., NARRAGANSETT HOUSING ASSOCIATES, L.P., and PROPERTY ADVISORY GROUP, INC.<br>Defendants, | CA 06 297<br><br>Civil Action No.________<br><br>JURY DEMAND |

RECEIVED
JUN 27 2006
Property of U.S. District Court
District of Rhode Island

## COMPLAINT

Plaintiff, American Guarantee and Liability Insurance Company, by way of Complaint for damages and for a declaratory judgment in accordance with 28 U.S.C. §2201 against Defendants Alternative Housing Group, Narragansett Housing Partners, L.P., Narragansett Housing Associates, L.P., and Property Advisory Group, Inc., says as follows:

**JURISDICTION AND VENUE**

1. There is complete diversity of citizenship among the parties pursuant to 28 U.S.C. §1332 and the amount in controversy is $13,000,000.00.

2. An actual controversy exists between the parties within the meaning of 28 U.S.C. §2201 (declaratory judgments).

3. Pendent jurisdiction exists with respect to all state law claims asserted herein.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a).

## PARTIES

5. Plaintiff American Guarantee and Liability Insurance Company ("American Guarantee") is a New York Corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 53rd Floor, New York, New York 10006, and a main administrative office or principal place of business located at 1400 American Lane, Schaumberg, Illinois 60196. It is authorized to transact business and has transacted business in the State of Rhode Island.

6. Upon information and belief, Alternative Housing Group ("AHG") is a Rhode Island Company with its principal place of business in Cranston, Rhode Island.

7. Upon information and belief, Narragansett Housing Partners, L.P. is a limited partnership with its principal place of business in Rhode Island.

8. Upon information and belief, Narragansett Housing Associates, L.P. is a limited partnership with its principal place of business in Rhode Island.

9. Upon information and belief, Property Advisory Group, Inc. ("PAG") is a corporation engaged in the real estate development and property management business with offices located in Providence, Rhode Island.

## NATURE OF THE ACTION

10. Plaintiff, American Guarantee entered into a contract with AHG to provide excess insurance for the period January 1, 2003 to January 1, 2004, under policy AUC 3634609.

11. An endorsement, effective November 20, 2003, named Narragansett Housing Partners, L.P. as an additional insured under the American Guarantee policy.

12. Clarendon National Insurance Company ("Clarendon") provided primary coverage to AHG under policy BHL 191800-01, which named Narragansett Housing Partners, L.P. as an additional insured.

13. On March 23, 2006, in an matter captioned Galindez v. Narragansett Housing Associates, et al., a Delaware jury returned a verdict of $3,000,000 in compensatory damages against PAG and Narragansett Housing Associates, L.P., jointly and severally, and an award of $10,000,000 in punitive damages solely against PAG.

14. On March 24, 2006, a day after the jury verdict, American Guarantee was first notified of the Galindez matter by AHG's insurance broker.

15. Defendants PAG and Narragansett Housing Associates, L.P. seek indemnification of the jury verdict from American Guarantee.

16. Plaintiff, American Guarantee, hereby seeks a declaration that it has no duty to indemnify AHG, PAG, Narragansett Housing Partners, L.P., or Narragansett Housing Associates, L.P. with respect to the $13,000,000 jury verdict rendered in the Galindez litigation.

**BACKGROUND**

**A. THE POLICIES**

17. American Guarantee issued commercial umbrella policy no. AUC 3634609-01 to Residential Resource Associates, Inc. (A Risk Purchasing Group) for the period December 1, 2002 to December 1, 2004 (the "American Guarantee Policy").

18. A Certificate of Insurance No. 2415ZU, evidencing that the American Guarantee Policy provided the enumerated coverage to the named insured Alternative Housing Group, as a member of the risk purchasing group, was issued for the period January 1, 2003 to January 1, 2004.

19. An endorsement to the American Guarantee Policy effective November 20, 2003, identifies Narragansett Housing Partners, L.P., Donald Goodrich, GP and Delaware Sate Housing Authority as additional insureds under the American Guarantee Policy.

20. The insuring agreement of the American Guarantee Policy states in pertinent part:

**SECTION 1. COVERAGE**

**A. Coverage A – Excess Follow Form Liability Insurance**

Under **Coverage A,** we will pay on behalf of the **insured,** those damages covered by this insurance in excess of the total applicable limits of **underlying insurance**. The terms and conditions of **underlying insurance** are with respect to **Coverage A** made a part of this policy, except with respect to:

1. Any contrary provision contained in this policy; or
2. Any provision in this policy for which a similar provision is not contained in **underlying insurance.**

With respect to the exceptions stated above, the provisions of this policy will apply.

Notwithstanding anything to the contrary contained above, if **underlying insurance** does not cover damages, for reasons other than exhaustion of applicable limits of insurance by payment of claims, then we will not cover such damages.

21. In addition, the American Guarantee Policy contains the following definitions:

A. The following definitions are applicable to **Coverage A** and **Coverage B.**

2. Other insurance means a policy of insurance providing coverage that this policy also provides. Other insurance includes any type of self-insurance or other mechanisms by which an insured arranges for funding of legal liabilities.

B. The following definition is applicable to Coverage A only:

> 1. Insured means:
>
> a. You; and
>
> b. Any personal or organization included as an insured in the underlying insurance.

22. The American Guarantee Policy provides:

> Throughout the policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.

23. Coverage under the American Guarantee Policy is limited by the following exclusion set forth in the underlying Clarendon Policy, to which the American Guarantee Policy expressly follows form. This expected or intended injury exclusion states that the insurance does not apply to:

> "Bodily Injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

24. Coverage under the American Guarantee Policy is limited by the following exclusion set forth in the underlying Clarendon Policy, to which the American Guarantee Policy expressly follows form. This contractual liability exclusion states that the insurance does not apply to:

> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> (1) That the insured would have in the absence of the contract or agreement; or

> (2) Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage occurs subsequent to the execution of the contract or agreement.

25. The definition of "insured contract" under the Clarendon Policy, which is adopted by the American Guarantee Policy, states at 9(f):

> That part of any other contract or agreement pertaining to your business... under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

26. The errors and omissions exclusion of the American Guarantee Policy states that the insurance does not apply to:

> 1. Any breach of duty, negligent act, error or omission of any insured or of any person for whose acts any insured is legally liable in the conduct of your business designated below;
>
> 2. Any liability, damage, loss, cost or expense arising out of any of the items in 1. above.
>
> **Designated Business**
>
> Real Estate Agents

27. The American Guarantee Policy contains the following conditions:

> **10. Notice of Occurrence, Claim or Suit**
>
> a. You must see to it that we are notified as soon as practicable of an occurrence which may result in damages covered by this policy. To the extent possible, notice will include:
>
> (1) How, when and where the occurrence took place;
>
> (2) The names and addresses of any injured persons and witnesses;

(3) The nature and location of any injury or damage arising out of the occurrence.

b. If a claim or suit against any Insured is reasonably likely to involve this policy you must notify us in writing as soon as practicable.

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit;

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation, settlement or defense of the claim or suit; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. The insureds will not, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

28. The American Guarantee Policy contains an Other Insurance provision that states:

> If other insurance applies to damages that are also covered by this policy, this policy will apply excess of the other insurance. Nothing herein will be construed to make this policy subject to the terms, conditions and limitations of such other insurance. However, this provision will not apply if the other insurance is written of be excess of this policy.

29. The American Guarantee Policy is excess of a primary insurance policy issued by Clarendon. Clarendon issued commercial general liability insurance policy BHL 241500 to

named insured Residential Resource Associates, Inc. (A Risk Purchasing Group)(the "Clarendon Policy").

30. The Declarations Page of the Clarendon Policy identifies Alternative Housing Group as a named insured.

31. An endorsement to the Clarendon Policy effective September 17, 2003, identifies Narragansett Housing Partners, L.P., Donald Goodrich, GP and Delaware Sate Housing Authority as additional insureds under the Clarendon Policy.

32. The Clarendon Policy, to which the American Guarantee Policy expressly follows form, provides in Section II-Who Is An Insured:

> 2.b. Any person (other than your "employee") or any organization while acting as your real estate manager.

33. The word "your" as used in Section II, 2.b. above refers solely to the Named Insured, i.e. Alternative Housing Group.

**B. THE UNDERLYING LITIGATION**

34. On or about May 17, 2004, Miguel Galindez ("Galindez") filed suit against Narragansett Housing Associates, L.P. in the Superior Court of Delaware, New Castle County, captioned Miguel Galindez v. Narragansett Housing Associates, L.P., t/a Lexington Green Apartments, C.A. No. 04C-05-73 FSS (the "Underlying Litigation").

35. The Complaint in the Underlying Litigation alleges that on November 13, 2003, Galindez, during the course of his employment for CableNet Services, an installations contractor for Comcast Cable, suffered a crush injury to his right hand, including the complete amputation of the upper phalange of one finger, when an exterior metal door slammed shut on his right hand during a service call at the Lexington Green Apartments in Newark, Delaware.

36. The Complaint in the Underlying Litigation alleges that Narragansett Housing Associates, L.P. owned and/or operated and/or managed the Lexington Green Apartments.

37. Clarendon agreed to defend Narragansett Housing Associates, L.P. and assigned North American Risk Services ("NARS"), a third party claims administrator, to handle the matter. NARS retained the law firm of Marshall, Dennehey, Warner, Coleman & Goggin to defend Narragansett Housing Associates, L.P. in the lawsuit.

38. Initially, the Underlying Litigation was filed as an Arbitration Case under Delaware court rules, subject to a maximum award of $100,000.

39. Upon information and belief, a non-binding arbitration took place on or about February 1, 2005 at which time the arbitrator awarded Galindez the maximum award of $100,000.

40. Upon information and belief, on or about February 8, 2005, Narragansett Housing Associates, L.P. vacated the arbitration award and filed a demand for a trial *de novo*.

41. Upon information and belief, on or about October 10, 2005, Galindez filed an Amended Complaint in the Underlying Litigation, at which time he added PAG as a defendant and alleged that PAG negligently owned and/or operated and/or managed the Lexington Green Apartments.

42. Upon information and belief, the Amended Complaint in the Underlying Litigation asserted a punitive damages claim against all defendants.

43. During the course of discovery, from May 2005 to November 2005, the plaintiff produced medical, vocational and economic experts to support an economic damage claim of over $600,000, in addition to permanent disability and pain and suffering.

44. The defense retained no experts and produced no expert reports to rebut those produced by the plaintiff.

45. The Underlying Litigation went to trial in or about March 2006.

46. On or about March 23, 2006, the jury in the Underlying Litigation awarded Galindez $3,000,000 in compensatory damages against Narragansett Housing Associates, L.P. and PAG, jointly and severally, and $10,000,000 in punitive damages against PAG alone.

## C. CLAIM NOTIFICATION

47. Breed's Hill Insurance Agency, Inc., upon information and belief, AHG's insurance broker, provided American Guarantee with first notice of the Underlying Litigation on March 24, 2006, the day after the jury rendered its verdict totaling $13,000,000. PAG did not provide notice of the underlying action or jury verdict to American Guarantee.

48. On March 24, 2006, upon receiving notice of the jury verdict, American Guarantee immediately requested that AHG and Breed Hill's instruct defense counsel to provide American Guarantee with portions of the underlying claim file, including correspondence, investigation, discovery and litigation analysis, as well as status reports and correspondence between defense counsel and the insured, and Clarendon and the insured, so that it could evaluate the underlying litigation, including the jury verdict and issues related to claims for indemnification against American Guarantee.

49. By correspondence dated April 24, 2006, April 26, 2006, May 11, 2006 and May 22, 2006, American Guarantee made repeated requests to PAG for information necessary in order for American Guarantee to undertake a complete and accurate review of the matter.

50. By correspondence dated May 9, 2006, American Guarantee requested that defense counsel in the Underlying Litigation provide a copy of the entire litigation file in the

Underlying Litigation so that American Guarantee could perform a full analysis of liability and damages, as well as its own excess exposure, in connection with the Underlying Litigation. Repeated requests for file materials were made by correspondence dated May 22, 2006, June 5, 2006, June 12, 2006. The file in its entirety, was not provided until June 19, 2006.

51. By correspondence to PAG and Narragansett Housing Associates, L.P., dated June 26, 2006, American Guarantee disclaimed coverage for the claim that was the subject of the Underlying Litigation on the grounds of late notice and otherwise reserved its rights under the terms of the American Guarantee Policy.

**COUNT ONE**
**(Declaratory Judgment as to AHG)**

52. American Guarantee repeats and realleges all allegations of the Complaint as if set forth at length herein.

53. American Guarantee is entitled to a declaration that it has no duty to indemnify AHG with respect to the Underlying Litigation based upon the terms and conditions of the American Guarantee Policy and applicable law.

54. American Guarantee is entitled to a declaration that it has no duty to indemnify, settle or satisfy any amount or judgment that AHG becomes obligated to pay as a result of the Underlying Litigation.

55. By reason of the foregoing, an actual and justiciable controversy exists between American Guarantee and AHG, and American Guarantee therefore seeks a declaratory judgment that it owes no duty to indemnify AHG for the Underlying Litigation under the American Guarantee Policy or any other policies of insurance issued by American Guarantee.

WHEREFORE, American Guarantee seeks judgment in its favor declaring that:

a. American Guarantee has no duty to indemnify AHG for the Underlying Litigation; and

b. Any other further and different relief in the declarations of rights and legal obligations of the parties to this action which the Court may deem just, proper and equitable.

**COUNT TWO**
**(Declaratory Judgment as to Narragansett Housing Partners, L.P.)**

56. American Guarantee repeats and realleges all allegations of the Complaint as if set forth at length herein.

57. American Guarantee is entitled to a declaration that it has no duty to indemnify Narragansett Housing Partners, L.P. with respect to the Underlying Litigation based upon the terms and conditions of the American Guarantee Policy and applicable law.

58. American Guarantee is entitled to a declaration that it has no duty to indemnify, settle or satisfy any amount or judgment that Narragansett Housing Partners, L.P. becomes obligated to pay as a result of the Underlying Litigation.

59. By reason of the foregoing, an actual and justiciable controversy exists between American Guarantee and Narragansett Housing Partners, L.P., and American Guarantee therefore seeks a declaratory judgment that it owes no duty to indemnify Narragansett Housing Partners, L.P. for the Underlying Litigation under the American Guarantee Policy or any other policies of insurance issued by American Guarantee.

WHEREFORE, American Guarantee seeks judgment in its favor declaring that:

a. American Guarantee has no duty to indemnify Narragansett Housing Partners, L.P. for the Underlying Litigation; and

b. Any other further and different relief in the declarations of rights and legal obligations of the parties to this action which the Court may deem just, proper and equitable.

**COUNT THREE**
**(Declaratory Judgment as to Narragansett Housing Associates, L.P.)**

60. American Guarantee repeats and realleges all allegations of the Complaint as if set forth at length herein.

61. American Guarantee is entitled to a declaration that it has no duty to indemnify Narragansett Housing Associates, L.P. with respect to the Underlying Litigation as it is not an insured under the American Guarantee Policy.

62. In the alternative, American Guarantee is entitled to a declaration that it has no duty to indemnify Narragansett Housing Associates, L.P. with respect to the Underlying Litigation based upon the terms and conditions of the American Guarantee Policy and applicable law.

63. American Guarantee is entitled to a declaration that it has no duty to indemnify, settle or satisfy any amount or judgment that Narragansett Housing Associates, L.P. becomes obligated to pay as a result of the Underlying Litigation.

64. By reason of the foregoing, an actual and justiciable controversy exists between American Guarantee and Narragansett Housing Associates, L.P., and American Guarantee therefore seeks a declaratory judgment that it owes no duty to indemnify Narragansett Housing Associates, L.P. for the Underlying Litigation under the American Guarantee Policy or any other policies of insurance issued by American Guarantee.

WHEREFORE, American Guarantee seeks judgment in its favor declaring that:

c. American Guarantee has no duty to indemnify Narragansett Housing Associates, L.P. for the Underlying Litigation; and

d. Any other further and different relief in the declarations of rights and legal obligations of the parties to this action which the Court may deem just, proper and equitable.

**COUNT FOUR**
**(Declaratory Judgment as to PAG)**

65. American Guarantee repeats and realleges all allegations of the Complaint as if set forth at length herein.

66. American Guarantee is entitled to a declaration that it has no duty to indemnify PAG with respect to the Underlying Litigation as it is not an insured under the American Guarantee Policy.

67. American Guarantee is entitled to a declaration that it has no duty to indemnify PAG with respect to the Underlying Litigation based upon the terms and conditions of the American Guarantee Policy and applicable law.

68. American Guarantee is entitled to a declaration that it has no duty to indemnify, settle or satisfy any amount or judgment that PAG becomes obligated to pay as a result of the Underlying Litigation.

69. By reason of the foregoing, an actual and justiciable controversy exists between American Guarantee and PAG, and American Guarantee therefore seeks a declaratory judgment that it owes no duty to indemnify PAG for the Underlying Litigation under the American Guarantee Policy or any other policies of insurance issued by American Guarantee.

WHEREFORE, American Guarantee seeks judgment in its favor declaring that:

A. American Guarantee has no duty to indemnify PAG for the Underlying Litigation; and

B. Any other further and different relief in the declarations of rights and legal obligations of the parties to this action which the Court may deem just, proper and equitable.

**COUNT FIVE**
**(Breach of Contract as to AHG)**

70. American Guarantee repeats and realleges all allegations of the Complaint as if set forth at length herein.

71. AHG has materially breached its contractual obligations owed to American Guarantee under the American Guarantee Policy.

72. As a result of AHG's material breach, American Guarantee has been damaged.

WHEREFORE, American Guarantee seeks judgment in its favor declaring that:

A. American Guarantee has no duty to indemnify AHG for the Underlying Litigation; and

B. Any other further and different relief in the declarations of rights and legal obligations of the parties to this action which the Court may deem just, proper and equitable.

**COUNT SIX**
**(Breach of Contract as to Narragansett Housing Partners, L.P.)**

73. American Guarantee repeats and realleges all allegations of the Complaint as if set forth at length herein.

74. Narragansett Housing Partners, L.P. has materially breached its contractual obligations owed to American Guarantee under the American Guarantee Policy.

75. As a result of Narragansett Housing Partners, L.P.'s material breach, American Guarantee has been damaged.

WHEREFORE, American Guarantee seeks judgment in its favor declaring that:

A. American Guarantee has no duty to indemnify Narragansett Housing Partners, L.P. for the Underlying Litigation; and

B. Any other further and different relief in the declarations of rights and legal obligations of the parties to this action which the Court may deem just, proper and equitable.

**COUNT SEVEN**
**(Breach of Contract as to Narragansett Housing Associates, L.P.)**

76. American Guarantee repeats and realleges all allegations of the Complaint as if set forth at length herein.

77. Narragansett Housing Associates, L.P. has materially breached its contractual obligations owed to American Guarantee under the American Guarantee Policy.

78. As a result of Narragansett Housing Associates, L.P.'s material breach, American Guarantee has been damaged.

WHEREFORE, American Guarantee seeks judgment in its favor declaring that:

A. American Guarantee has no duty to indemnify Narragansett Housing Associates, L.P. for the Underlying Litigation; and

B. Any other further and different relief in the declarations of rights and legal obligations of the parties to this action which the Court may deem just, proper and equitable.

**COUNT EIGHT**
**(Breach of Contract as to PAG)**

79. American Guarantee repeats and realleges all allegations of the Complaint as if set forth at length herein.

80. PAG has materially breached its contractual obligations owed to American Guarantee under the American Guarantee Policy.

81. As a result of PAG's material breach, American Guarantee has been damaged.

WHEREFORE, American Guarantee seeks judgment in its favor declaring that:

A. American Guarantee has no duty to indemnify PAG for the Underlying Litigation; and

B. Any other further and different relief in the declarations of rights and legal obligations of the parties to this action which the Court may deem just, proper and equitable.

**DEMAND FOR TRIAL BY JURY**

Plaintiff, American Guarantee and Liability Insurance Company, hereby demands a trial by jury on all issues.

AMERICAN GUARANTEE and LIABILITY INSURANCE COMPANY
By its attorneys,

Frederick E. Connelly, Jr., Esq., #6772
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100
(617) 951-2125 (fax)
fconnelly@peabodyarnold.com

DATED: June 27, 2006