# ZURICH
# AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY
# CERTIFICATE OF INSURANCE

CERTIFICATE NO: 2415ZU

This Certificate of Insurance certifies that Master Policy AUC 3634609-02, has been issued to Residential Resource Associates, Inc. (A Risk Purchasing Group) providing coverage to the Named Insured listed below, as a member of the risk purchasing group, for the policy period indicated. Notwithstanding any requirement, term or condition of any contract or other document with respect to which this Certificate may be issued or may pertain, the insurance described herein is subject to all the terms, exclusions and conditions of such Master Policy attached to this Certificate of Insurance. This Certificate is issued as a matter of information only and does not amend, extend or alter the coverage afforded by the Master Policy attached to this Certificate of Insurance.

---

| Item 1. NAMED INSURED AND ADDRESS: | AGENT: |
| --- | --- |
| ALTERNATIVE HOUSING GROUP<br>C/O CONSOLIDATED<br>ONE HARRY STREET<br>CRANSTON, RI 02907 | BREED'S HILL INSURANCE AGENCY<br>FOUR 13TH STREET<br>THE NAVY YARD<br>CHARLESTOWN, MA 02129 |

---

Item 2. This Policy Period is effective from: 01/01/2003 to 01/01/2004 at 12:01 a.m. Standard Time at the mailing address of the named insured as stated in Item 1.

---

Item 3. Umbrella Liability Limits of Insurance and S.I.R. :

| | | |
| --- | --- | --- |
| X | Each Occurrence /Offense Limit: | $50,000,000. |
| X | Self-Insured Retention: | $10,000. |
| X | Aggregate Limits-Separately as respects: | |
| | (i) Products Hazard and Completed Operations Hazard Combined: | $50,000,000 |
| | (ii) All Other Coverages Combined: (Except Auto Liability, which is not subject to any aggregate limit) | $50,000,000 |

---

Item 4. Location of Premises: Refer to schedule of insured locations attached to this Certificate of Insurance.

---

Item 5. Coverage Form: U-UMX-106-A CW (12/96) and all coverage forms and endorsements made a part of the Master Policy, and attached to this Certificate of Insurance.

PREMIUM: $58,200.00

Date of Issue: 04/24/2003 (ppr) Countersigned by Authorized Agent: ______________

NAMED INSURED: ALTERNATIVE HOUSING GROUP

POLICY #: AUC 3634609-02

CERTIFICATE #: 2415ZU

POLICY PERIOD: January 1, 2003 TO January 1, 2004

## SCHEDULE OF LOCATIONS

1. 20 Centerville Road
   Warwick, RI 02888
2. 301 Cranston Street
   Providence, RI 02903
3. 211 Adelaide Avenue
   Providence, RI 02903
4. 455 Meshanicut Valley Parkway
   Cranston, RI 02910
5. 425 Meshanticut Valley Parkway
   Cranston, RI 02910
6. 22 Oaklawn Avenue
   Cranston, RI 02910
7. 28 Oaklawn Avenue
   Cranston, RI 02910
8. 30 Oaklawn Avenue
   Cranston, RI 02910
9. 38 Oaklawn Avenue
   Cranston, RI 02910
10. 965 Chalkstone Avenue
    Providence, RI 02908
11. 1214 Cranston Street
    Cranston, RI 02920
12. 576 Fairmount Street
    Woonsocket, RI 02892
13. Scattered Sites
    Providence, RI 02907
14. 886 Main Street
    East Hartford, CT 06067

NAMED INSURED: ALTERNATIVE HOUSING GROUP

POLICY #: AUC 3634609-02

CERTIFICATE #: 2415ZU

POLICY PERIOD: January 1, 2003 TO January 1, 2004

**SCHEDULE OF LOCATIONS**
**Page 2 of 3**

15. 100 Freedom Road
Bear, Newark, DE 19702

16. Admiral Street
Providence, RI 02908

17. 225 New London Avenue
Cranston, RI 02920

18. 120 Cross Street
Westerly, RI 02864

19. 301 Main Street
Pawtucket, RI 02860

20-a. 115 Scituate Avenue
Cranston, RI 02920

20-b. 115 Scituate Avenue
Cranston, RI 02920

21. 311 Hardig Road
Warwick, RI 02886

22. 777 Cowesett Road
Warwick, RI 02886

23. 555 Hardig Road
Warwick, RI 02886

24. 875 Elmwood Avenue
Providence, RI 02907

25. 35 Goff Avenue
Pawtuckett, RI 02862

26. 11-21 Evergreen Drive
East Providence, RI 02916

27. 63 Cowesett Avenue
West Warwick, RI 02893

NAMED INSURED: ALTERNATIVE HOUSING GROUP

POLICY #: AUC 3634609-02

CERTIFICATE #: 2415ZU

POLICY PERIOD: January 1, 2003 TO January 1, 2004

**SCHEDULE OF LOCATIONS**
**Page 3 of 3**

28. 60-150 Evergreen Drive
East Providence, RI 02916
29. 575 Dyer Avenue
Cranston, RI 02920
30. 170 Waterman Avenue
North Providence, RI 02911
31. 254 Washington Street
Providence, RI 02903

04/24/2003 (ppr)
Date of Issue

Signature of Authorized Representative

# ENDORSEMENT

**Not Valid Unless Signed By A Duly Authorized Representative Of The Company**

**Company:**
**ZURICH**
**American Guarantee & Liability Insurance Company**
**Agent:**
**BREED'S HILL INSURANCE AGENCY, INC.**

Place of issue
**BOSTON, MA**

Date of Issue
**11/20/2003**

Endorsement effective (standard time)
**Hour 12:01 A. M.**

Month / Day / Year
**9/17/2003**

Amending policy no.
**AUC 3634609-02**
**CERTIFICATE #: 2415ZU**

**Issued to:**
**Alternative Housing Group**

| State code | Agent Code | Agent name |
|---|---|---|
| | **094010000** | **Breed's Hill Insurance Agency, Inc.** |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy. The policy is amended as indicated by typewritten below.

IN CONSIDERATION OF AN ADDITIONAL PREMIUM OF $724.00, IT IS HEREBY AGREED THAT THE FOLLOWING LOCATION IS ADDED TO THIS POLICY:

1201 Kingstown, Bldg., Freedom Rd., Newark, DE 09702

ADDITIONAL INSURED : Narragansett Housing Partners, L.P. Donald Goodrich, GP
Delaware State Housing Authority
18 The Green
Dover, DE 19901

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

Additional premium
$724.00

Return premium
$0.00

Signature of Authorized Representative

# ENDORSEMENT

**Not Valid Unless Signed By A Duly Authorized Representative Of The Company**

ZURICH

[X] American Guarantee & Liability Insurance Company

[ ] American Zurich Insurance Company

Place of issue
**BOSTON, MA**

Date of issue
11/21/2003

| Endorsement effective (standard time) | Month | Day | Year | Amending policy no. |
| --- | --- | --- | --- | --- |
| Hour 12:01 A. M. | 9 | 15 | 2003 | AUC 3634609-02 |

Certificate #: 2415ZU

Issued to:
**ALTERNATIVE HOUSING GROUP**

| State code | Agent Code | Agent name |
| --- | --- | --- |
| | 94010000 | Bread's Hill Insurance Agency, Inc. |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy. The policy is amended as indicated by typewritten below.

IN CONSIDERATION OF A RETURN PREMIUM OF $18.00, IT IS HEREBY UNDERSTOOD AND AGREED THAT THE FOLLOWING LOCATION IS ADDED TO THIS POLICY:

99 June Avenue
Warwick, RI 02889

3 Units

Additional Insured:
Capaldi Properties, LTD

| Additional premium | Return premium |
| --- | --- |
| $ | $18.00 |

Signature of authorized representative

# ENDORSEMENT

**Not Valid Unless Signed By A Duly Authorized Representative Of The Company**

**Company:**
**Zurich: American Guarantee & Liability Insurance Company**
**Agent:**
**BREED'S HILL INSURANCE AGENCY, INC.**

Place of issue
**BOSTON, MA**

Date of Issue
**10/27/2003**

Endorsement effective (standard time)
**Hour 12:01 A. M.**

Month / Day / Year
**10/1/2003**

Amending policy no.
**AUC 3634609-02**
Certificate #: 2415ZU

**Issued to:**
**Alternative Housing Group**

| State code | Agent Code | Agent name |
| --- | --- | --- |
| | **094010000** | **Breed's Hill Insurance Agency, Inc.** |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy. The policy is amended as indicated by typewritten below.

IN CONSIDERATION OF AN ADDITIONAL PREMIUM OF $50.00, IT IS HEREBY AGREED THAT THE FOLLOWING LOCATIONS ARE ADDED TO THIS POLICY:

417 Maple Ave., Barrington, RI
26 Lesley Ave., Barrington, RI
26A Lesley Ave., Barrington, RI

ADDITIONAL INSURED: Barrington Rentals LLC

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

Additional premium
$50.00

Return premium
$0.00

# ENDORSEMENT

**Not Valid Unless Signed By A Duly Authorized Representative Of The Company**

**Company:**
**Zurich: American Guarantee & Liability Insurance Company**
**Agent:**
**BREED'S HILL INSURANCE AGENCY, INC.**

Place of issue
**BOSTON, MA**

Date of Issue
**10/27/2003**

Endorsement effective (standard time) Month / Day / Year Amending policy no.
**Hour 12:01 A. M.** **9/16/2003** **AUC 3634609-02**
Certificate #: 2415ZU

**Issued to:**
**Alternative Housing Group**

| State code | Agent Code | Agent name |
| --- | --- | --- |
| | **094010000** | **Breed's Hill Insurance Agency, Inc.** |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy. The policy is amended as indicated by typewritten below.

IN CONSIDERATION OF AN ADDITIONAL PREMIUM OF $58.00, IT IS HEREBY AGREED THAT THE FOLLOWING LOCATIONS ARE ADDED TO THIS POLICY:

38 & 44 Bergen St., Providence, RI

ADDITIONAL INSURED: Russo Street Apartments, Inc. (Owner)

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

Additional premium
$58.00

Return premium
$0.00

# ENDORSEMENT

**Not Valid Unless Signed By A Duly Authorized Representative Of The Company**

**Company:**
**Zurich: American Guarantee & Liability Insurance Company**
**Agent:**
**BREED'S HILL INSURANCE AGENCY, INC.**

Place of Issue
**BOSTON, MA**

Date of Issue
**10/27/2003**

Endorsement effective (standard time)
**Hour 12:01 A. M.**

Month / Day / Year
**9/15/2003**

Amending policy no.
**AUC 3634609-02**

Certificate #: 2415ZU

**Issued to:**
**Alternative Housing Group**

| State code | Agent Code | Agent name |
|---|---|---|
| | **094010000** | **Breed's Hill Insurance Agency, Inc.** |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy. The policy is amended as indicated by typewritten below.

IN CONSIDERATION OF AN ADDITIONAL PREMIUM OF $106.00, IT IS HEREBY AGREED THAT THE FOLLOWING LOCATIONS ARE ADDED TO THIS POLICY:

1-15 Langsberries Ave., North Providence, RI 02904
22-40 Langsberries Ave., North Providence, RI 02904

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

Additional premium
$106.00

Return premium
$0.00

Signature of Authorized Representative

## ENDORSEMENT

**Not Valid Unless Signed By A Duly Authorized Representative Of The Company**

ZURICH

[X] American Guarantee & Liability Insurance Company

[ ] American Zurich Insurance Company

| Place of issue | Date of issue |
| --- | --- |
| BOSTON, MA | 10/27/2003 |

| Endorsement effective (standard time) | Month | Day | Year | Amending policy no. |
| --- | --- | --- | --- | --- |
| Hour 12:01 A. M. | 7 | 30 | 2003 | AUC 3634609-02 Certificate #: 2415ZU |

Issued to:
ALTERNATIVE HOUSING GROUP

| State code | Agent Code | Agent name |
| --- | --- | --- |
| | 94010000 | Breed's Hill Insurance Agency, Inc. |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy. The policy is amended as indicated by typewritten below.

IN CONSIDERATION OF A RETURN PREMIUM OF $102.00, IT IS HEREBY UNDERSTOOD AND AGREED THAT THE FOLLOWING LOCATION IS DELETED FROM THIS POLICY:

340-342 Main Street
Warren, RI 02885

12 Units

Additional Insured:
East Bay Housing Options, Inc.

| Additional premium | Return premium |
| --- | --- |
| $ | $102.00 |

Signature of authorized representative

Endorsement # 27

# Risk Purchasing Group, Inc.
# Policy Term Endorsement

ZURICH

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AUC 3634609 02 | 12/01/2002 | 12/01/2004 | 12/01/2002 | 11765000 | None | None |

**Named Insured and Mailing Address:**

**Residential Resource Associates, Inc. (A Risk Purchasing Group)**
**c/o Breed's Hill Insurance Agency Inc.**
**Four 13th Street The Navy Yard**
**Charlestown, MA 021292024**

**Producer:**

**NEAR NORTH INSURANCE BRK**
**17 STATE ST FL 39**
**NEW YORK, NY 100041501**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

The master policy term will be **12/01/2002 – 12/01/2004.** Those participants who are a "Lead Named Insured" will be provided insurance coverage for a period of twelve months, commencing with the effective date of their certificate of insurance, unless otherwise specifically approved, not to extend beyond the **12/01/2004** expiration date of the master policy.

All additions and deletions made by an existing Participant will be subject to the expiration date designated for the "Lead Named Insured".

For the purpose of this endorsement, **"Lead Named Insured"** shall be defined as the **"First Named Insured"** for each Participant covered under **Residential Resources Associates, Inc, A Risk Purchasing Group.**

It is further understood and agreed that Policy Number is amended to read AUC 3634609-02.

Signed by: Tom Rossano
Authorized Representative

MAY 2 9 2002
Date

# Commercial Umbrella Liability Policy

**Declarations**

ZURICH

AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY [X]
AMERICAN ZURICH INSURANCE COMPANY [ ]
ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS [ ]

Policy Number: AUC 3634609 01 Renewal of Number: AUO 3634609 00

1. Named Insured: Residential Resource Associates, Inc. (A Risk Purchasing Group)

2. Mailing Address: c/o Breed's Hill Insurance Agency Inc.
Four 13th Street The Navy Yard
Charlestown, MA 021292024

Producer: NEAR NORTH INS. BROKERAGE/THB
1 LIBERTY PLAZA - 27TH FLOOR
NEW YORK, NY 10006

3. Policy Period: FROM: 12/01/2001 TO: 12/01/2003
at 12:01 A.M. Standard Time at the address of the Named Insured.

4. Limits Of Insurance:

| | | |
|---|---|---|
| A. | $50,000,000 | Occurrence |
| B. | $50,000,000 | Other Aggregate |
| C. | $50,000,000 | Products/Completed Operations Aggregate |

5. Retained Limit: $10,000 Occurrence

6. Policy Premium:
Advance Premium $952,607
Policy Minimum Earned Premium $761,521

7. Schedule of Underlying Insurance: See attached Schedule of Underlying Insurance

8. Endorsements Attached: See Attached Schedule Of Forms And Endorsements

Signed by: Toni Rossini
Authorized Representative

4-19-02
Date

# Schedule of Forms and Endorsements

ZURICH

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End | Producer |
|---|---|---|---|---|
| AUC 3634609 01 | 12/01/2001 | 12/01/2003 | 12/01/2001 | 11765000 |

**Named Insured and Mailing Address:**

**Residential Resource Associates, Inc. (A Risk Purchasing Group)**
**c/o Breed's Hill Insurance Agency Inc.**
**Four 13th Street The Navy Yard**
**Charlestown, MA 021292024**

**Producer:**

**NEAR NORTH INS. BROKERAGE/THB**
**1 LIBERTY PLAZA - 27TH FLOOR**
**NEW YORK, NY 10006**

**Schedule of Forms and Endorsements**

| | | | |
|---|---|---|---|
| Commercial Umbrella Liability Policy Declarations | U-UMB-D-101-A CW (7/99) | | |
| Schedule of Forms and Endorsements | U-UMB-104-A CW (7/99) | | |
| Schedule of Underlying Insurance | U-UMB-105-A CW (7/99) | | |
| Care, Custody Or Control Exclusion | U-UMB-129-A CW (7/99) | Endt # | 1 |
| Directors And Officers Follow Form | U-UMB-159-A CW (7/99) | Endt # | 2 |
| Employee Benefits Liability Follow Form | U-UMB-167-A CW (7/99) | Endt # | 3 |
| Lead Follow Form | U-UMB-200-A CW (7/99) | Endt # | 4 |
| Errors and Omissions Exclusion | U-UMB-172-A CW (7/99) | Endt # | 5 |
| Products-Completed Operations Aggregate Endorsement | U-UMB-200-A CW (7/99) | Endt # | 6 |
| Risk Purchasing Group, Inc. Policy Term Endorsement | U-UMB-200-A CW (7/99) | Endt # | 7 |
| Pollution Endorsement | U-UMB-200-A CW (7/99) | Endt # | 8 |
| Employers Liability Exclusion | U-UMB-168-A CW (7/99) | Endt # | 9 |
| Fungus Liability Exclusion | U-UMB-200-A CW (7/99) | Endt # | 10 |
| Commercial Umbrella Liability Policy Jacket | U-UMB-100-A CW (7/99) | | |
| Commercial Umbrella Liability Policy | U-UMB-103-A CW (7/99) | | |
| In Witness Clause | U-UMB-108-A CW (7/99) | | |

Signed by: Toni Rossano
Authorized Representative

4-19-02
Date

# Schedule of Underlying Insurance

ZURICH

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer No. |
|---|---|---|---|---|
| AUC 3634609 01 | 12/01/2001 | 12/01/2003 | 12/01/2001 | 11765000 |

**Named Insured and Mailing Address:**

**Residential Resource Associates, Inc. (A Risk Purchasing Group)**
**c/o Breed's Hill Insurance Agency Inc.**
**Four 13th Street The Navy Yard**
**Charlestown, MA 021292024**

**Producer:**

**NEAR NORTH INS. BROKERAGE/THB**
**1 LIBERTY PLAZA - 27TH FLOOR**
**NEW YORK, NY 10006**

| Company, Policy No. and Term | Coverage | Applicable Limits | |
|---|---|---|---|
| A. Company: Various<br>Policy No.: Various<br>Term: Various | Commercial General Liability | $1,000,000<br>$1,000,000<br><br>$2,000,000 | Each Occurrence<br>Products - Completed Operations Aggregate<br>General Aggregate<br>X Per Location<br>__ Per Job/Project |
| | | $1,000,000 | Personal Injury/ Advertising Injury |
| | Including Employee Benefits | $1,000,000<br>$1,000,000 | Each Claim<br>Aggregate xs of $1,000 Deductible |
| B. Company: Various<br>Policy No.: Various<br>Term: Various | Commercial Auto Liability | $1,000,000 | Bodily Injury & Property Damage Combined Single Limit |
| C. Company: Various<br>Policy No.: Various<br>Term: Various | Directors & Officers Liability | $1,000,000<br>$1,000,000 | Each Occurrence<br>Aggregate |

Signed by: Toni Rossano
Authorized Representative

4-19-02
Date

Endorsement # 1

# Care, Custody Or Control Exclusion

ZURICH

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AUC 3634609 01 | 12/01/2001 | 12/01/2003 | 12/01/2001 | 11765000 | None | None |

**Named Insured and Mailing Address:**

Residential Resource Associates, Inc. (A Risk Purchasing Group)
c/o Breed's Hill Insurance Agency Inc.
Four 13th Street The Navy Yard
Charlestown, MA 021292024

**Producer:**

NEAR NORTH INS. BROKERAGE/THB
1 LIBERTY PLAZA - 27TH FLOOR
NEW YORK, NY 10006

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

Under Coverage A this policy does not apply to property damage to: Real & Personal of others in the care, custody or control of the insured.

Signed by: [signature]
Authorized Representative

4-19-02
Date

Endorsement # 2

# Directors And Officers Follow Form

ZURICH

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AUC 3634609 01 | 12/01/2001 | 12/01/2003 | 12/01/2001 | 11765000 | None | None |

**Named Insured and Mailing Address:**

Residential Resource Associates, Inc. (A Risk Purchasing Group)
c/o Breed's Hill Insurance Agency Inc.
Four 13th Street The Navy Yard
Charlestown, MA 021292024

**Producer:**

NEAR NORTH INS. BROKERAGE/THB
1 LIBERTY PLAZA - 27TH FLOOR
NEW YORK, NY 10006

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

Under Coverage B only, this policy does not apply to any liability, damage, loss, cost or expense arising out of any breach of duty, negligent act, error or omission of any insured or of any other person for whose acts any insured is legally liable while acting as:

a. An officer, director, trustee or executor of any business, charitable organization, fund, trust or estate; or

b. A public official.

Signed by: Toni Rosario
Authorized Representative

4-19-02
Date

Endorsement # 3

# Employee Benefits Liability Follow Form

ZURICH

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AUC 5634609 01 | 12/01/2001 | 12/01/2003 | 12/01/2001 | 11765000 | None | None |

**Named Insured and Mailing Address:**

Residential Resource Associates, Inc. (A Risk Purchasing Group)
c/o Breed's Hill Insurance Agency Inc.
Four 13th Street The Navy Yard
Charlestown, MA 021292024

**Producer:**

NEAR NORTH INS. BROKERAGE/THB
1 LIBERTY PLAZA - 27TH FLOOR
NEW YORK, NY 10006

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

Under Coverage B only, this policy does not apply to any liability, damage, loss, cost or expense imposed on any insured as a Fiduciary Administrator, or other party in interest arising out of any "Employee Benefits Program", record handling in connection with any "Employee Benefits Program", or effecting or terminating any employee's participation in any plan included in any "Employee Benefits Program".

As used in this endorsement:

"Employee Benefits Program" means any group life insurance, group accident or health insurance, profit sharing plans, pension plans, stock subscription plans, unemployment insurance, social security benefits, workers' compensation and disability benefits and any other similar plans.

Signed by: Tom Rosario
Authorized Representative

4-19-03
Date

Endorsement # 4

# Lead Follow Form

ZURICH

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AUC 3634609 01 | 12/01/2001 | 12/01/2003 | 12/01/2001 | 11765000 | None | None |

Named Insured and Mailing Address:

Residential Resource Associates, Inc. (A Risk Purchasing Group)
c/o Breed's Hill Insurance Agency Inc.
Four 13th Street The Navy Yard
Charlestown, MA 021292024

Producer:

NEAR NORTH INS. BROKERAGE/THB
1 LIBERTY PLAZA - 27TH FLOOR
NEW YORK, NY 10006

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

Under Coverage B only, this policy does not apply to:

1. Any liability, damage, loss, cost or expense arising out of, resulting from, caused by or contributed to by toxic or pathological properties of lead, lead compounds or lead contained in any materials;

2. Any cost or expense to abate, mitigate, remove or dispose of lead, lead compounds or materials containing lead;

3. Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with paragraphs 1. or 2. above; or

4. Any obligation to share damages with or repay anyone else who must pay damages in connection with paragraphs 1., 2., or 3. above.

Signed by: Toni Rosano
Authorized Representative

4-19-02
Date

Endorsement # 5

# Errors and Omissions Exclusion

ZURICH

| Policy No. | Eff. Date of Pol. | Exp Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AUC 3634609 03 | 12/01/2001 | 12/01/2003 | 12/01/2001 | 11765000 | None | None |

**Named Insured and Mailing Address:**

**Residential Resource Associates, Inc. (A Risk Purchasing Group)**
**c/o Breed's Hill Insurance Agency Inc.**
**Four 13th Street The Navy Yard**
**Charlestown, MA 021292024**

**Producer:**

NEAR NORTH INS. BROKERAGE/THB
1 LIBERTY PLAZA - 27TH FLOOR
NEW YORK, NY 10006

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

Under Coverage A and Coverage B this policy does not apply to:

1. Any breach of duty, negligent act, error or omission of any insured or of any person for whose acts any insured is legally liable in the conduct of your business designated below;
2. Any liability, damage, loss, cost or expense arising out of any of the items in 1. above.

**Designated Business**

Real Estate Agents

Signed by: [signature]
Authorized Representative

4-19-02
Date

U-UMB-172-A CW (7/99)

Endorsement # 6

# Products-Completed Operations Aggregate Endorsement

ZURICH

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AUC 3634609 01 | 12/01/2001 | 12/01/2003 | 12/01/2001 | 11765000 | None | None |

Named Insured and Mailing Address:

Residential Resource Associates, Inc. (A Risk Purchasing Group)
c/o Breed's Hill Insurance Agency Inc.
Four 13th Street The Navy Yard
Charlestown, MA 021292024

Producer:

NEAR NORTH INS. BROKERAGE/THB
1 LIBERTY PLAZA - 27TH FLOOR
NEW YORK, NY 10006

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

SECTION II. LIMITS OF INSURANCE, Paragraph B.2. is deleted in its entirety and is replaced with the following:

2. Subject to Paragraph B.1. above, the limit stated in Item 4. C. of the Declarations for the Products-Completed Operations Aggregate is the most we will pay for all damages as a result of bodily injury or property damage included within the products-completed operations hazard. The Products-Complete Operations Aggregate applies separately for each "Lead Named Insured."

For the purpose of this endorsement "Lead Named Insured" shall mean the First Named Insured for each Participant listing covered under the Residential Resource Associates, A Risk Purchasing Group.

Signed by: ____________________
Authorized Representative

4-19-02
Date

Endorsement # 7

# Risk Purchasing Group, Inc.

# Policy Term Endorsement

ZURICH

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AUC 3634609 01 | 12/01/2001 | 12/01/2003 | 12/01/2001 | 11765000 | None | None |

**Named Insured and Mailing Address:**

**Residential Resource Associates, Inc. (A Risk Purchasing Group)**
**c/o Breed's Hill Insurance Agency Inc.**
**Four 13th Street The Navy Yard**
**Charlestown, MA 021292024**

**Producer:**

**NEAR NORTH INS. BROKERAGE/THB**
**1 LIBERTY PLAZA - 27TH FLOOR**
**NEW YORK, NY 10006**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

The master policy term will be **12/01/2001 – 12/01/2003.** Those participants who are a "Lead Named Insured" will be provided insurance coverage for a period of twelve months, commencing with the effective date of their certificate of insurance, unless otherwise specifically approved, not to extend beyond the 12/01/2003 expiration date of the master policy.

All additions and deletions made by an existing Participant will be subject to the expiration date designated for the "Lead Named Insured".

For the purpose of this endorsement, **"Lead Named Insured"** shall be defined as the **"First Named Insured"** for each Participant covered under **Residential Resources Associates, Inc, A Risk Purchasing Group.**

Signed by: Toni Rosario
Authorized Representative

4-19-03
Date

Endorsement # 8

# Pollution Endorsement

ZURICH

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AUC 3634609 01 | 12/01/2001 | 12/01/2003 | 12/01/2001 | 11765000 | None | None |

**Named Insured and Mailing Address:**

Residential Resource Associates, Inc. (A Risk Purchasing Group)
c/o Breed's Hill Insurance Agency Inc.
Four 13th Street The Navy Yard
Charlestown, MA 021292024

**Producer:**

NEAR NORTH INS. BROKERAGE/THB
1 LIBERTY PLAZA - 27TH FLOOR
NEW YORK, NY 10006

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

A. SECTION IV., EXCLUSIONS, B. and C. 7., POLLUTION are deleted.

B. Under Coverage A and B the policy does not apply to any liability, damage, loss, cost or expense:

1. Arising directly or indirectly out of an actual, alleged or threatened existence, discharge, dispersal, seepage, migration, release or escape of **pollutants**; or

2. Arising out of any:

a. Request, demand or order that any **insured** or others test for, monitor, clean-up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of **pollutants**; or

b. Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of **pollutants**.

3. Paragraph B.1. of this endorsement does not apply to **bodily injury** or **property damage**:

a. Included within the **products-completed operations hazard**;

b. Arising out of any discharge, dispersal, seepage, migration, release or escape of **pollutants** caused by a "hostile fire;" collision or upset of an **auto**, or **mobile equipment**; windstorm; lightning; vandalism or malicious mischief; hail; civil commotion or riot; automatic sprinkler leakage; or explosion.

4. Paragraph B.1. of this endorsement does not apply to **bodily injury** which is directly caused by:

a. The application of pesticides, herbicides or fertilizers provided that:

(1) All such applications meet all standards of all statutes, ordinances, regulations and license requirements of all federal, state and local governments which apply to those operations; and

(2) The actual, alleged or threatened existence, discharge, dispersal, seepage, migration, release or escape of pesticides, herbicides or fertilizers does not take place from an "underground storage tank";

b. Fumes, vapors or gases, except those comprised of or containing asbestos, from flooring or wall covering materials or their installation materials (including adhesives);

c. Fumes, vapors or gases, except those comprised of or containing lead, from paint, varnish, sealant, adhesive or building maintenance or cleaning materials; or

d. Chlorine, bromine, sodium hydroxide, sodium bicarbonate, soda ash, diatomaceous earth, muriatic acid or other chemicals, compounds or materials used for the maintenance of a swimming pool, whirlpool or spa.

5. As used in this endorsement:

a. "Hostile fire" means a fire which becomes uncontrollable or breaks out from where it was intended to be;

b. "Underground storage tank" means any container or system including any ducts, pipes or other apparatus used therewith, the volume of which is now or was at any time more than 10% beneath the surface of the ground.

6. Solely as respects any insurance afforded by this endorsement:

a. The Retained Limit as stated in Item 5. of the Declarations of this policy is amended to $1,000,000 Each Occurrence; and

b. SECTION III. DEFENSE AND SUPPLEMENTARY PAYMENTS is deleted and replaced by the following:

We will not be obligated to assume charge of the investigation, settlement or defense of any claim made, suit brought or proceeding instituted against any insured. We will, however, have the right and shall be given the opportunity to participate in the defense and trial of any claims, suits or proceedings relative to any occurrence which, in our opinion, may create liability on our part under the terms of this policy. If we exercise such right, we will do so at our own expense.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED

Signed by: [signature] 4-19-02

Authorized Representative Date

Endorsement # 9

# Employers Liability Exclusion

ZURICH

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AUC 3634609 01 | 12/01/2001 | 12/01/2003 | 12/01/2001 | 11765000 | None | None |

Named Insured and Mailing Address:

Residential Resource Associates, Inc. (A Risk Purchasing Group)
c/o Breed's Hill Insurance Agency Inc.
Four 13th Street The Navy Yard
Charlestown, MA 021292024

Producer:

NEAR NORTH INS. BROKERAGE/THB
1 LIBERTY PLAZA - 27TH FLOOR
NEW YORK, NY 10006

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

Under Coverage A and Coverage B this policy does not apply to any liability, damage, loss, cost or expense arising out of injury to:

1. Any employee of the insured arising out of and in the course of:
   a. Employment by any insured; or
   b. Performing duties related to the conduct of any insured's business.
2. A co-employee of any insured arising out of and in the course of such employment when the insured is an executive officer of such employer.
3. The spouse, child, parent, brother or sister of that employee as a consequence of paragraphs 1. or 2. above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone who must pay damages because of such injury.

Signed by: [signature] 4-19-02
Authorized Representative Date

Endorsement # 16

# Fungus Liability Exclusion

ZURICH

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AUC 3634609 01 | 12/01/2001 | 12/01/2003 | 12/01/2001 | 11765000 | None | None |

**Named Insured and Mailing Address:**

Residential Resource Associates, Inc. (A Risk Purchasing Group)
c/o Breed's Hill Insurance Agency Inc.
Four 13th Street The Navy Yard
Charlestown, MA 021292024

**Producer:**

NEAR NORTH INS. BROKERAGE/THB
1 LIBERTY PLAZA - 27TH FLOOR
NEW YORK, NY 10006

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

Under Coverage A and Coverage B this policy does not apply to any liability, damage, loss, cost or expense, arising directly or indirectly, in whole or in part, by:

1. Any "fungus(i)" or "spore(s)";
2. Any substance, vapor or gas produced by or arising out of any "fungus(i)" or "spore(s)"; or
3. Any material, product, building component, building or structure that contains, harbors, nurtures or acts as a medium for any "fungus (i)" or "spore(s)".

It is agreed that this exclusion applies regardless of any other cause, event, material, product and/or building component that contributed concurrently or in any sequence to that injury or damage.

Definitions

As used in this endorsement:

1. "Fungus(i)" includes, but is not limited to, any form for type of mold, mushroom or mildew.
2. "Spore(s)" means any reproductive body produced by or arising out of any "fungus(i)".

Signed by: Toni Rossano
Authorized Representative

4-19-02
Date

ZURICH

# Commercial Umbrella Liability Policy

Zurich U.S.
Insurance is provided by the company designated on the declarations page of this policy.

The addresses of the Zurich U.S. companies are shown below:

ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS
1400 American Lane
Schaumburg, Illinois 60196-1056

AMERICAN ZURICH INSURANCE COMPANY
1400 American Lane
Schaumburg, Illinois 60196-1056

AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY
One Liberty Plaza, 165 Broadway
New York, New York 10006

Administrative Offices of all Zurich U.S. companies are
located at 1400 American Lane, Schaumburg, Illinois 60196-1056

# Commercial Umbrella Liability Policy

ZURICH

There are provisions in this policy that restrict coverage. Read the entire policy carefully to determine your rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such in the Definitions of this policy.

Other words and phrases that are printed in bold-face type are defined in the policy. These definitions are found in the Definitions section or in the specific policy provision where they appear.

In consideration of the payment of the premium and in reliance upon the statements in the Declarations and in accordance with the provisions of this policy we agree with you to provide coverage as follows:

**Insuring Agreements**

SECTION I. COVERAGE

A. **Coverage A - Excess Follow Form Liability Insurance**

Under **Coverage A**, we will pay on behalf of the **insured**, those damages covered by this insurance in excess of the total applicable limits of **underlying insurance**. The terms and conditions of **underlying insurance** are with respect to Coverage A made a part of this policy, except with respect to:

1. Any contrary provision contained in this policy; or
2. Any provision in this policy for which a similar provision is not contained in **underlying insurance**.

With respect to the exceptions stated above, the provisions of this policy will apply.

Notwithstanding anything to the contrary contained above, if **underlying insurance** does not cover damages, for reasons other than exhaustion of applicable limits of insurance by payment of claims, then we will not cover such damages.

B. **Coverage B - Umbrella Liability Insurance**

Under **Coverage B**, we will pay on behalf of the **insured**, damages the **insured** becomes legally obligated to pay by reason of liability imposed by law or assumed under an **insured contract** because of **bodily injury**, **property damage**, or **personal and advertising injury** covered by this insurance providing the injury, damage or offense takes place during the policy period of this policy and is caused by an **occurrence** happening anywhere. We will pay such damages in excess of the Retained Limit specified in Item 5. of the Declarations or the amount payable by **other insurance**, whichever is greater.

**Coverage B** will not apply to any loss, claim or **suit** for which insurance is afforded under **underlying insurance** or would have been afforded except for the exhaustion of the limits of insurance of **underlying insurance**.

The amount we will pay for damages under **Coverage A** and/or **Coverage B** is limited as described in SECTION II. LIMITS OF INSURANCE.

We have no obligation under **Coverage A** and/or **Coverage B** with respect to any claim or **suit** settled without our consent.

SECTION II. LIMITS OF INSURANCE

A. With respect to **Coverage A** and **Coverage B**, the Limits of Insurance shown in the Declarations and the rules below describe the most we will pay, regardless of the number of :

1. **Insureds**;
2. Claims made or **suits** brought;
3. Coverages provided under this policy; or

4. Persons or organizations making claims or bringing suits.

B. The Limits of Insurance of this policy will apply as follows:

1. The limit for each Occurrence stated in Item 4.A. of the Declarations is the most we will pay for all damages arising out of any one occurrence, even if such damages are covered, in whole or in part, under both Coverage A and Coverage B.

Any amount paid for damages arising out of an occurrence will reduce the amount of the applicable aggregate limit of insurance available for payment of damages arising out of any other occurrence.

If the applicable aggregate limit of insurance has been reduced by payment of damages to an amount that is less than the limit for each occurrence stated in Item 4.A. of the Declarations, the remaining aggregate limit of insurance is the most that will be available for payment of damages arising out of any other occurrence.

2. Subject to Paragraph B.1. above, the limit stated in Item 4.C. of the Declarations for the Products-Completed Operations Aggregate is the most we will pay for all damages as a result of **bodily injury** or **property damage** included within the **products-completed operations hazard**.

3. Subject to Paragraph B.1. above, the limit stated in Item 4.B. of the Declarations for the Other Aggregate is the most we will pay for all damages under Coverage A, and separately under Coverage B, except for: a) damages covered under the **products-completed operations hazard** and, b) damage covered in **underlying insurance** to which no underlying aggregate limit applies.

In addition, with respect to Coverage A only, if a policy listed on the Schedule of Underlying Insurance contains aggregate limits, other than an aggregate applying to the **products-completed operations hazard**, the Other Aggregate stated in Item 4.B. of the Declarations will apply in the same manner as the aggregate limits of each policy listed in the Schedule of Underlying Insurance.

C. Coverage A applies only in excess of the greater of the actual limits of insurance of **underlying insurance** or the limits of insurance shown on the Schedule of Underlying Insurance forming a part of this policy.

D. The Limits of Insurance of this policy apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the preceding period for purposes of determining the Limits of Insurance.

E. With respect to Coverage A only and subject to paragraphs B.1., B.2.,B.3. and C. above:

1. If the limits of **underlying insurance** have been reduced by payment of **loss**, this policy will drop down to become immediately excess of the reduced underlying limit; or

2. If the limits of **underlying insurance** have been exhausted by payment of **loss**, this policy will continue in force as **underlying insurance**.

The provisions of E.1. and E.2. above apply to injury or offense which takes place before the expiration date of this policy or the underlying policy, whichever comes first.

SECTION III. DEFENSE AND SUPPLEMENTARY PAYMENTS

A. We have the right and duty to assume control of the investigation, settlement or defense of any claim or suit against the **insured** for damages covered by this policy:

1. Under Coverage A, when the applicable limit of **underlying insurance** has been exhausted by payment of claims; or

2. Under Coverage B, when damages are sought for **bodily injury**, **property damage**, **personal and advertising injury** to which no **underlying insurance** or **other insurance** applies.

B. In those circumstances where paragraph A. above applies, in addition to the applicable Limits of Insurance, we will pay our expenses and the following to the extent that they are not included in **underlying insurance**:

1. Up to $2,000 for the cost of bail bonds. We do not have to furnish these bonds;

2. The cost of bonds to release attachments, but only for bond amounts within the amount of insurance available. We do not have to furnish these bonds;

3. Reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or suit, including actual loss of earnings because of time off from work;

4. Costs taxed against the insured in the suit;

5. Pre-judgment interest awarded against the insured on that part of the judgment we pay. However, if we make an offer to pay the applicable Limit of Insurance, we will not pay any pre-judgment interest based on that period of time after the offer; and

6. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court that part of the judgment that is within the applicable Limits of Insurance.

C. In those circumstances where paragraph A. above does not apply, we do not have the duty to assume control of the investigation, settlement or defense of any claim or suit against the insured. We do, however, have the right to participate in the investigation, settlement or defense of any claim or suit that we feel may create liability on our part under the terms of this policy. If we exercise this right, we will do so at our expense.

We will not defend any suit after we have exhausted the applicable Limit of Insurance as stated in Item 4. of the Declarations.

If we are prevented by law from carrying out this provision, we will pay any expense incurred with our consent.

SECTION IV. EXCLUSIONS

A. Under Coverage A and Coverage B this policy does not apply to any liability, damage, loss, cost or expense:

ASBESTOS

1. Arising out of:

   a. The mining, processing, manufacturing, use, testing, ownership, sale or removal of asbestos, asbestos fibers or materials containing asbestos;

   b. Exposure to asbestos, asbestos fibers, or material containing asbestos; or

   c. Any error or omission in supervision, instructions, recommendations, notices, warnings or advice given, or which should have been given, in connection with asbestos fibers or material containing asbestos.

EMPLOYMENT PRACTICES

2. Based on, attributable to, related to or in any manner arising out of any actual or alleged:

   a. Refusal to employ;

   b. Termination of employment;

   c. Coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or other employment related practices, policies, acts or omissions; or

   d. Any consequential liability, damage, loss, cost or expense as a result of a., b. or c. above.

   This exclusion applies whether the insured may be held liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of such injury or damages.

LAWS, MISCELLANEOUS

3. Under any of the following:

   a. Any uninsured/underinsured motorist or auto no fault or first party personal injury law;

   b. Any workers' compensation, unemployment compensation, or disability benefits law or any similar law; or

   c. The Employees' Retirement Income Security Act (E.R.I.S.A.) of 1974 as now or hereafter amended.

NUCLEAR

4. a. With respect to which any insured under this policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its Limits of Insurance; or

b. Resulting from the "hazardous properties" of "nuclear material" and with respect to which:

(1) A person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof; or

(2) Any insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization; or

c. Any injury or "nuclear property damage" resulting from the "hazardous properties" of "nuclear material", if:

(1) The "nuclear material":

(a) Is at any "nuclear facility" owned by, or operated by or on behalf of, any insured; or

(b) Has been discharged or dispersed therefrom;

(2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of any insured; or

(3) The injury or "nuclear property damage" arises out of the furnishing by any insured of services, materials, parts or equipment in connection with the planning, construction, maintenance operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this subparagraph (3) applies only to "nuclear property damage" to such "nuclear facility" and any property thereat.

As used in this exclusion:

a. "Hazardous properties" include radioactive, toxic or explosive properties.

b. "Nuclear Facility" means:

(1) Any "nuclear reactor";

(2) Any equipment or device designed or used for:

(a) Separating the isotopes of uranium or plutonium,

(b) Processing or utilizing "spent fuel", or

(c) Handling, processing or packaging "waste";

(3) Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of any insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235; or

(4) Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste", and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

c. "Nuclear material" means "source material", "special nuclear material" or "by-product material".

d. "Nuclear property damage" includes all forms of radioactive contamination of property.

e. "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

f. "Source material", "special nuclear material" and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

g. "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

h. "Waste" means any waste material:

(1) Containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content; and

(2) Resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

B. Under Coverage A this policy does not apply to any liability, damage, loss, cost or expense:

POLLUTION

1. Arising directly or indirectly out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **pollutants**:

   a. At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any **insured**.

   b. At or from any premises, site or location which is or was at any time used by or for any **insured** or others for the handling, storage, disposal, processing or treatment of waste.

   c. Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste.

   d. At or from any premises, site or location on which any **insured** or any contractors or subcontractors working directly or indirectly on any **insured's** behalf are performing operations:

      (1) If the **pollutants** are brought on or to the premises, site or location in connection with such operations by such **insured**, contractor or subcontractor; or

      (2) If the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, **pollutants**.

   e. That are, or that are contained in any property that is:

      (1) Being transported or towed by, handled, or handled for movement into, onto or from, any auto for which coverage is provided by **underlying insurance**;

      (2) Otherwise in the course of transit by or on behalf of any **insured**; or

      (3) Being stored, disposed of, treated or processed in or upon any auto.

2. Arising out of any:

   a. Request, demand, order or statutory or regulatory requirement that any **insured** or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, **pollutants**; or

   b. Claim or suit brought by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, **pollutants**.

3. a. Subparagraphs **1.a.** and **1.d. (1)** do not apply to bodily injury or property damage arising out of heat, smoke or fumes from a "hostile fire".

   b. Subparagraph **1.a.** does not apply to:

      (1) Bodily injury if sustained within a building and caused by smoke, fumes, vapor or soot from equipment used to heat that building;

      (2) Bodily injury or property damage for which you may be held liable, if you are a contractor, and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any **insured**, other than that additional insured; or

      (3) Bodily injury or property damage arising out of the escape of fuels, lubricants or other operating fluids from any auto.

   c. Subparagraph 1.d. (1) does not apply to bodily injury or property damage:

      (1) Sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor; or

(2) Arising out of the escape of fuels, lubricants or other operating fluids from mobile equipment.

As used in this exclusion "hostile fire" means one which becomes uncontrollable or breaks out from where it was intended to be.

C. Under Coverage B this policy does not apply to:

AIRCRAFT

1. Any liability, damage, loss, cost or expense arising out of the ownership, maintenance, operation, use, loading or unloading or entrustment to others of any aircraft owned by you or rented, loaned, or chartered by or on behalf of you without crew.

AUTOS

2. Any liability, damage, loss, cost or expense arising out of the ownership, maintenance, use, loading or unloading or entrustment to others of any auto.

EMPLOYEE INJURY

3. a. Any injury to an employee of the insured arising out of and in the course of employment by the insured; or

   b. Any injury to the spouse, child, parent, brother, or sister of that employee as a consequence of exclusion 3.a. above.

   This exclusion applies whether the insured may be liable as an employer or in any other capacity, or to any obligation to share damages with or repay someone else who must pay damages because of an injury.

IMPAIRED PROPERTY

4. **Property damage** to **impaired property** or property that has not been physically injured arising out of:

   a. A defect, deficiency, inadequacy or dangerous condition in **your product** or **your work**; or

   b. A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

   This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to **your product** or **your work** after it has been put to its intended use.

INTENTIONAL INJURY

5. **Bodily injury** or **property damage** expected or intended from the standpoint of the **insured**. This exclusion does not apply to **bodily injury** or **property damage** resulting from the use of reasonable force to protect persons or property.

PERSONAL and ADVERTISING INJURY

6. **Personal and advertising injury**:

   a. Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict **personal and advertising injury**;

   b. Arising out of oral, written, televised, videotaped, or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity;

   c. Arising out of oral, written, televised, videotaped, or electronic publication of material whose first publication took place before the beginning of the policy period;

   d. Arising out of a criminal act committed by or at the direction of any insured;

   e. For which the **insured** has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the **insured** would have in the absence of the contract or agreement.

   f. Arising out of a breach of contract, except an implied contract to use another's advertising idea in your **advertisement**;

   g. Arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your **advertisement**;

   h. Arising out of the wrong description of the price of goods, products or services stated in your **advertisement**;

i. Committed by an **insured** whose business is advertising, broadcasting, publishing, electronic publishing or telecasting. However, this exclusion does not apply to sub-paragraphs C. 10.a., b., c. and h. of **personal and advertising injury** under **SECTION V. DEFINITIONS.**

POLLUTION

7. a. Any liability, damage, loss, cost or expense arising directly or indirectly out of the actual, alleged or threatened existence, discharge, seepage, migration, dispersal, release or escape of **pollutants**.

   b. Any loss, cost or expense arising out of any:

      (1) Request, demand or order that any **insured** or others test for, monitor, clean-up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of **pollutants**; or

      (2) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of **pollutants**.

PRODUCT RECALL

8. Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

   a. **Your product**;

   b. **Your work**; or

   c. **Impaired property**;

   if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy, or dangerous condition in it.

PROPERTY DAMAGE

9. **Property damage** to:

   a. Property you own, rent or occupy;

   b. Premises you sell, give away or abandon if the **property damage** arises out of any part of those premises;

   c. Property loaned to you;

   d. Personal property in your care, custody or control;

   e. That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the **property damage** arises out of those operations;

   f. That particular part of any property that must be restored, repaired or replaced because **your work** was incorrectly performed on it;

   g. **Your product** arising out of it or any part of it;

   h. **Your work** arising out of it or any part of it and included in the **products-completed operations hazard**.

WATERCRAFT

10. Any liability arising out of the ownership, maintenance, use, loading or unloading or entrustment to others of any watercraft owned by you. This exclusion does not apply to watercraft while ashore on premises you own or rent.

SECTION V. DEFINITIONS

In this policy words and phrases appearing in bold face type have the definitions shown below.

A. The following definitions are applicable to both Coverage A and Coverage B.

   1. **Loss** means those sums actually paid in the settlement or satisfaction of a claim which the **insured** is legally obligated to pay as damages because of injury or offense, after making proper deductions for all recoveries and salvage.

2. **Other insurance** means a policy of insurance providing coverage that this policy also provides. **Other insurance** includes any type of self-insurance or other mechanisms by which an **insured** arranges for funding of legal liabilities.

   **Other insurance** does not include **underlying insurance** or a policy of insurance specifically purchased to be excess of this policy providing coverage that this policy also provides.

3. **Pollutants** mean any man-made or naturally occurring solid, liquid, gaseous or thermal irritant or contaminant, including but not limited to: smoke; vapor; soot; fumes; acids; alkalis; chemicals; and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

4. **Suit** means a civil proceeding in which injuries or damages to which this insurance applies are alleged. **Suit** includes:

   a. An arbitration proceeding in which such damages are claimed and to which the **insured** must submit or does submit with our consent; or

   b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the **insured** submits with our consent.

5. **Underlying insurance** means the policy or policies of insurance listed in the Schedule of Underlying Insurance forming a part of this policy.

B. The following definition is applicable to Coverage A only:

1. **Insured** means:

   a. You; and

   b. Any person or organization included as an insured in **underlying insurance**.

C. The following definition is applicable to Coverage B only:

1. **Advertisement** means a notice that is broadcast, published or electronically published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.

2. **Auto** means a land motor vehicle, trailer or semi-trailer designed for travel on public roads, including any attached machinery or equipment; but an **auto** does not include **mobile equipment**.

3. **Bodily injury** means physical injury, sickness, or disease, including death of a person. **Bodily injury** also means mental anguish, mental injury, humiliation, or shock if directly resulting from physical injury, sickness, or disease.

4. **Impaired property** means tangible property, other than **your product** or **your work**, that cannot be used or is less useful because:

   a. It incorporates **your product** or **your work** that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   If such property can be restored to use by:

   a. The repair, replacement, adjustment or removal of **your product** or **your work**; or

   b. Your fulfilling the terms of the contract or agreement.

5. **Insured** means:

   a. You, if you are an organization designated in the Declarations, other than a partnership, joint venture or limited liability company. Your executive officers and directors are **insureds**, but only with respect to their duties as your officers or directors. Your employees are **insureds**, but only for acts within the scope of their employment by you. Your stockholders are also **insureds**, but only with respect to their liability as stockholders;

   b. You, if you are designated in the Declarations as a partnership or joint venture. Your members, your partners, and their spouses are also **insureds**, but only with respect to the conduct of your business;

   c. You and your spouse, if you are designated in the Declarations as an individual, but only with respect to the conduct of a business of which you are the sole owner;

d. You, if you are designated in the Declarations as a limited liability company. Your members are also **insureds**, but only with respect to the conduct of your business. Your managers are **insureds**, but only with respect to their duties as your managers;

e. Any person or organization while acting as your real estate manager; or

f. Your legal representative if you die, but only with respect to duties as such.

No person or organization is an **insured** with respect to the conduct of any current, past or newly formed partnership, limited liability company or joint venture that is not designated within the Declarations of this policy as **Named Insured**.

6. **Insured contract** means any written or oral agreement entered into by the **insured** in the usual course of the business operations of the **insured** in which the **insured** assumes tort liability of another to pay damages because of **bodily injury**, **property damage** or **personal and advertising injury** to a third person or organization where the contract or agreement is made prior to the injury or offense. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement

7. **Mobile equipment** means any of the following types of land vehicles, including any attached machinery or equipment:

   a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

   b. Vehicles maintained for use solely on or next to premises you own or rent;

   c. Vehicles that travel on crawler treads;

   d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

      (1) Power cranes, shovels, loaders, diggers or drills; or

      (2) Road construction or resurfacing equipment such as graders, scrapers or rollers.

   e. Vehicles not described in a., b., c. or d. above, that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

      (1) Air compressors, pumps and generators including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

      (2) Cherry pickers and similar devices used to raise or lower workers.

   f. Vehicles not described in a., b., c. or d. above, maintained primarily for purposes other than the transportation of persons or cargo.

   However, self-propelled vehicles with the following types of permanently attached equipment are not **mobile equipment** but will be considered **autos**:

      (1) Equipment designed primarily for:

         (a) Snow removal;

         (b) Road maintenance, but not construction or resurfacing; or

         (c) Street cleaning;

      (2) Cherry pickers and similar devices mounted on an **auto** or **truck chassis** and used to raise or lower workers; and

      (3) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

8. **Named insured** means:

   a. The person(s) and organization(s) designated in Item 1. of the Declarations of this policy;

   b. Any organization, other than a partnership, joint venture or limited liability company, over which you maintain majority interest and to which more specific insurance does not apply, other than one which you newly acquire or form; or

   c. Any newly acquired or formed organization, other than a partnership, joint venture or limited liability company, over which you maintain majority interest and to which more specific insurance does not apply; provided that this policy does not apply to any injury or damage that took place before you acquired or formed the organization.

9. **Occurrence** means:

   a. With respect to **bodily injury** or **property damage** liability, an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

   b. With respect to **personal and advertising injury**, a covered offense. All damages that arise from the same act, publication or general conditions are considered to arise out of the same **occurrence**, regardless of the frequency or repetition thereof, the number or kind of media used or the number of claimants.

10. **Personal and advertising injury** means injury, including consequential **bodily injury**, arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies committed by or on behalf of its owner, landlord or lessor;

    d. Oral, written, televised, videotaped, or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e. Oral, written, televised, videotaped, or electronic publication of material that violates a person's right of privacy;

    f. The use of another's advertising idea in your **advertisement**;

    g. Infringement upon another's copyright, trade dress or slogan in your **advertisement**;

    h. Discrimination (unless insurance thereof is prohibited by law), not arising out of or related to employment practices.

    **Personal and advertising injury** also means mental anguish, mental injury, humiliation, or shock, if directly resulting from an offense listed in Items **10.a.** through **10.h.** above.

11. **Products-completed operations hazard** means all **bodily injury** and **property damage** occurring away from premises you own or rent and arising out of **your product** or **your work** except:

    a. Products that are still in your physical possession; or

    b. Work that has not yet been completed or abandoned. **Your work** will be deemed completed at the earliest of the following times:

       (1) When all of the work called for in your contract has been completed;

       (2) When all of the work to be done at the site has been completed if your contract calls for work at more than one site; or

       (3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

       Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    This hazard does not include **bodily injury** or **property damage** arising out of:

    a. The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle created by the loading or unloading of it by any **insured**; or

    b. The existence of tools, uninstalled equipment or abandoned or unused materials.

12. **Property damage** means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the **occurrence** that caused it.

13. **Retained limit** means the amount of damages applicable to each occurrence for which the insured is responsible that is shown in Item 5. of the Declarations.

14. **Your product** means:

    a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        (1) You;

        (2) Others trading under your name; or

        (3) A person or organization whose business or assets you have acquired; and

    b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **Your product** includes:

    a. Warranties or representation made at any time with respect to the fitness, quality, durability, performance or use of **your product**; and

    b. The providing or failure to provide warnings or instructions.

    **Your product** does not include vending machines or other property rented to or located for use of others but not sold.

15. **Your work** means:

    a. Work or operations performed by you or on your behalf; and

    b. Materials, parts or equipment furnished in connection with such work or operations.

    **Your work** includes:

    a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **your work**; and

    b. The providing of or failure to provide warnings or instructions.

SECTION VI. CONDITIONS

A. The following Conditions are Applicable to both Coverage A and Coverage B.

1. **Appeals**

    In the event you or any underlying insurer elects not to appeal a judgment in excess of the amount of the **underlying insurance**, we may elect to appeal at our expense. If we do so elect, we will be liable for the costs and additional interest accruing during this appeal. In no event will this provision increase our liability beyond the applicable Limits of Insurance described in SECTION II. of this policy.

2. **Audit of Books and Records**

    We may audit and examine your books and records as they relate to this policy at any time during the period of this policy and for up to three years after the expiration or termination of this policy.

3. **Bankruptcy or Insolvency**

    The bankruptcy, insolvency or inability to pay of any **insured** will not relieve us from our obligation to pay damages covered by this policy.

    In the event of bankruptcy, insolvency or refusal or inability to pay, of any underlying insurer, the insurance afforded by this policy will not replace such **underlying insurance**, but will apply as if all the limits of any **underlying insurance** are fully available and collectible.

4. **Cancellation**

    a. You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancellation is to take effect.

    b. We may cancel this policy. If we cancel because of non-payment of premium, we will mail or deliver to you not less than ten (10) days advance written notice when the cancellation is to take effect. If we cancel for any other reason, we

will mail or deliver to you not less than sixty (60) days advance written notice stating when the cancellation is to take effect. Mailing notice to you at your mailing address shown in Item 2. of the Declarations will be sufficient to prove notice.

c. The policy period will end on the day and hour stated in the cancellation notice.

d. If we cancel, final premium will be calculated pro rata based on the time this policy was in force.

e. If you cancel, final premium will be more than pro rata; it will be based on the time this policy was in force and our short rate cancellation table and procedure.

f. Premium adjustment may be made at the time of cancellation or as soon as practicable thereafter but the cancellation will be effective even if we have not made or offered any refund due you. Our check or our representative's check, mailed or delivered, will be sufficient tender of any refund due you.

g. The Named Insured in Item 1. of the Declarations will act on behalf of all other insureds with respect to the giving and receiving of notice of cancellation and the receipt of any premium refund that may become payable under this policy.

5. **Changes**

Notice to any agent or knowledge possessed by any agent or any other person will not effect a waiver or a change in any part of this policy. This policy can only be changed by a written endorsement that becomes a part of this policy and that is signed by one of our authorized representatives.

6. **First Named Insured**

The person or organization first named in Item 1. of the Declarations is responsible for the payment of all premiums. The first Named Insured will act on behalf of all other insureds for the giving and receiving of notice of cancellation and the receiving of any return premiums that become payable under this policy.

7. **Inspection**

We have the right, but are not obligated to inspect the insured's premises and operations at any time. Our inspections are not safety inspections. They relate only to the insurability of the premises and operations and the premium to be charged. We may provide reports on the conditions we find. We may also recommend changes. While these reports may help reduce losses, we do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. We do not warrant that the premises or operations are safe or healthful, or that they comply with laws, regulations, codes or standards.

8. **Legal Action Against Us**

There will be no right of action against us under this insurance unless:

a. You have complied with all the terms of this policy; and

b. The amount you owe has been determined by settlement with our consent or by actual trial and final judgment.

This insurance does not give anyone the right to add us as a party in an action against you to determine your liability

9. **Maintenance of Underlying Insurance**

During the period of this policy, you agree:

a. To keep the policies listed in the Schedule of Underlying Insurance in full force and effect;

b. That the Limits of Insurance of the policies listed in the Schedule of Underlying Insurance will be maintained except for any reduction or exhaustion of limits by payment of claims or suits for damages covered by underlying insurance;

c. The policies listed in the Schedule of Underlying Insurance may not be canceled or not renewed by you without notifying us, and you agree to notify us in the event an insurance company cancels or declines to renew any policy listed in the Schedule of Underlying Insurance;

d. Renewals or replacements of the policies listed in the Schedule of Underlying Insurance will not be materially changed without our agreement.

If you fail to comply with these requirements, we will only be liable to the same extent that we would have been had you fully complied with these requirements.

10. **Notice of Occurrence, Claim or Suit**

a. You must see to it that we are notified as soon as practicable of an occurrence which may result in damages covered by this policy. To the extent possible, notice will include:

(1) How, when and where the occurrence took place;

(2) The names and addresses of any injured persons and witnesses;

(3) The nature and location of any injury or damage arising out of the occurrence.

b. If a claim or suit against any Insured is reasonably likely to involve this policy you must notify us in writing as soon as practicable.

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit;

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation, settlement or defense of the claim or suit; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. The insureds will not, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

11. **Other Insurance**

If other insurance applies to damages that are also covered by this policy, this policy will apply excess of the other insurance. Nothing herein will be construed to make this policy subject to the terms, conditions and limitations of such other insurance. However, this provision will not apply if the other insurance is written to be excess of this policy.

12. **Premium**

The premium for this policy as stated in Item 6. of the Declarations is a flat premium. It is not subject to adjustment unless an endorsement is attached to this policy.

13. **Separation of Insureds**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned to the first named insured, this insurance applies :

a. As if each named insured were the only named insured; and

b. Separately to each insured against whom claim is made or suit is brought.

14. **Terms Conformed to Statute**

The terms of this policy which are in conflict with the statutes of the state where this policy is issued are amended to conform to such statutes. If we are prevented by law or statute from paying on behalf of the insured, then we will, where permitted by law or statute, indemnify the insured.

15. **Transfer of Rights of Recovery Against Others to Us**

a. If the insured has rights to recover all or part of any payment we have made under this insurance, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring suit or transfer those rights to us and help us enforce them.

b. Any amount recovered will be apportioned in the inverse order of payment of loss to the extent of actual payment. The expenses of all such recovery proceedings will be apportioned in the ratio of respective recoveries.

16. **Transfer of Your Rights and Duties**

Your rights and duties under this insurance may not be transferred without our written consent. If you die, then your rights and duties will be transferred to your legal representative, but only while acting within the scope of duties as your legal

representative. Until your legal representative is appointed, anyone having temporary custody of your property will have your rights and duties but only with respect to that property.

17. **When Damages are Payable**

Coverage under this policy will not apply until the **Insured**, or the **Insured's** underlying insurer has paid or is obligated to pay the full amount of the Underlying Limits of Insurance or **Retained Limit**.

When the amount of damages is determined by an agreed settlement or on a final judgment against an **insured** obtained after an actual trial, we will promptly pay on behalf of the **insured** the amount of damages covered under the terms of this policy. The first named **insured** will promptly reimburse us for any amount within the **Retained Limit** paid by us.

# In Witness Clause

ZURICH

In return for the payment of premium, and subject to all the terms of the policy, we agree with you to provide insurance as stated in this policy. This policy shall not be valid unless countersigned by the duly authorized Representative of the Company.

In Witness Whereof, this Company has executed and attested these presents, and where required by law, has caused this policy to be countersigned by its duly authorized Representative.

**President** | **Corporate Secretary**

**American Guarantee and Liability Insurance Company**
**American Zurich Insurance Company**
**Zurich American Insurance Company of Illinois**
**Administrative Offices**
**Zurich Towers**
**1400 American Lane**
**Schaumburg, Illinois 60196-1056**

QUESTIONS ABOUT YOUR INSURANCE? Your agent or broker is best equipped to provide information about your insurance. Should you require additional information or assistance in resolving a complaint, call or write to the following (please have your policy or claim number ready):

Zurich U.S.
Customer Inquiry Center
1400 American Lane
Schaumburg, Illinois 60196-1056
1-800-382-2150 (Business Hours: 8am - 4pm [CT]