# EXHIBIT A

EFiled: Mar 26 2007 1:20PM EDT
Transaction ID 14253875
Case No. 07C-03-273 JRJ

COPY

COPY

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| MIGUEL GALINDEZ, PROPERTY ADVISORY GROUP, INC., NARRAGANSETT HOUSING ASSOCIATES, LP, and DONALD GOODRICH d/b/a ALTERNATIVE HOUSING GROUP, | |
| Plaintiffs, | |
| v. | C.A. No.: 07C-03-273 JRJ |
| CLARENDON NATIONAL INSURANCE COMPANY, NORTH AMERICAN RISK SERVICES, INC., SEAN DOLAN, MARSHALL, DENNEHEY, WARNER, COLEMAN AND GOGGIN (A Professional Corporation), AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, BREED'S HILL INSURANCE AGENCY, INC. and RESIDENTIAL RESOURCE ASSOCIATES, INC., | NON-ARBITRATION CASE<br>TRIAL BY JURY DEMANDED |
| Defendants. | |

COMPLAINT

1. Plaintiff Miguel Galindez ("Galindez") is a resident of New Castle County, Delaware.

2. Plaintiff Property Advisory Group, Inc. ("PAG") is a Rhode Island Corporation.

3. Narragansett Housing Associates, LP ("Narragansett") is a Rhode Island limited partnership.

4. Donald Goodrich is a resident of Rhode Island who has done business as Alternative Housing Group ("AHG").

(d) failing to notify Plaintiffs PAG and/or Narragansett of the necessity of retaining personal counsel.

84. Because of the actual control exercised over Defendants Dolan and MDW, the relationship of principal and agent existed and Defendants NARS and Clarendon are liable for the negligence and wrongful conduct of Defendants Dolan and MDW as set forth in Paragraphs 65-72.

WHEREFORE, Plaintiffs Galindez, PAG and Narragansett demand judgment against Defendants NARS and Clarendon for compensatory damages, plus interest and costs.

COUNT VI

(Breach of Covenant of Good Faith and Fair Dealing as Against Defendant AGLI)

85. Plaintiffs hereby incorporate by reference Paragraphs 1-63 as if fully set forth herein.

86. Defendant AGLI owed to Plaintiffs PAG and Narragansett the duty of good faith and fair dealing.

87. Defendant AGLI breached such duty by, *inter alia*, claiming that Plaintiffs PAG and Narragansett had lost the right to coverage under the AGLI policy because of alleged late notice when in fact AGLI knew that:

(a) timely notice had been given pursuant to the AGLI's policy to Breed's Hill and/or Residential Resources, AGLI's actual or apparent agent;

(b) AGLI suffered no prejudice by virtue of any alleged late notice; and

(c) PAG and Narragansett had given notice to AGLI as soon as was reasonably practicable and in accordance with their contractual obligations.

88. In addition to the foregoing Defendant AGLI breached its obligation of good faith and fair dealing to Plaintiff PAG by denying coverage on spurious grounds including, without limitation, claiming that:

(a) PAG was not an insured under the policy;

(b) there was no coverage for punitive damages even if PAG was an insured under the policy; and

(c) PAG had never "tendered the verdict" to AGLI.

89 As a proximate result of the aforesaid breaches, Plaintiffs PAG and Narragansett were damaged.

WHEREFORE, Plaintiffs PAG and Narragansett demand judgment against Defendant AGLI for compensatory damage, plus interest and costs and, as to Plaintiffs PAG and Narragansett, an award of punitive damages against said Defendants, plus interest and costs.

COUNT VII

(Declaratory Judgment as Against Defendant AGLI)

90. Plaintiffs hereby incorporate by reference Paragraphs 1-63 as if fully set forth herein.

91. Defendant AGLI has alleged and contends that there is an actual and justiciable controversy existing between AGLI, AHG, PAG and Narragansett as to whether or not AGLI has a duty to indemnity any of the Plaintiffs under the AGLI policy.

92. AGLI has alleged and contends that Plaintiffs AHG, PAG and Narragansett have breached their contractual obligations allegedly owed to AGLI under said policy.

93. By reason of the foregoing, an actual and justiciable controversy exists between Plaintiffs Galindez, AGLI, AHG, PAG and Narragansett and said Plaintiffs seek a Declaratory Judgment that AGLI owes to each of them the duty of indemnification with regard to the Underlying Case.

WHEREFORE, Plaintiffs Galindez, AHG, PAG and Narragansett seek judgment in their favor declaring:

(a) that AGLI has the duty to indemnify each and every Plaintiff with regard to any liability in the Underlying Case and to satisfy any judgments in Galindez' favor the Underlying Case; and

(b) such other and further relief with regard to a declaration of the rights and legal obligations of the parties which this Court deems just, proper and equitable.

COUNT VIII

(Reformation as to Defendant AGLI)

94. Plaintiffs hereby incorporate by reference Paragraphs 1-63 as if fully set forth herein.

95. On or about November 20, 2003, Defendant AGLI wrote insurance coverage (including liability coverage), a copy of which is appended as Exhibit C, to cover 1201 Kingstown Bldg, Freedom Rd., Newark, Delaware 19702 naming as an insured "Narragansett Housing Partners, L.P., Donald Goodrich, GP.").

96. There is no such entity named as Narragansett Housing Partners, LP. The word "Partners" was, through typographical error and mutual mistake, substituted for the word "Associates."

WHEREFORE, Plaintiffs AHG, PAG and Narragansett request that the policy issued by Defendant AGLI be reformed so as to reflect the true intent of the parties, namely, the inclusion of Narragansett Housing Associates, L.P., Donald Goodrich, GP in place of Narragansett Housing Partners, L.P., Donald Goodrich GP.

COUNT IX

(Intentional Misrepresentation as Against Defendant Breed's Hill Insurance Agency, Inc.)

97. Plaintiffs hereby incorporate by reference Paragraphs 1-63 as if fully set forth herein.

98. Defendant Breed's Hill represented to Plaintiffs PAG and Narragansett that it was the managing general agent of Defendants Clarendon and AGLI.

99. In reliance upon such representation, Plaintiffs PAG and Narragansett gave notice of the Underlying Case to Defendant Breed's Hill so as to satisfy their contractual obligations under the AGLI policy.

100. Defendant Breed's Hill knew that their representations were false in that they are not an agent of AGLI.

101. As a proximate result of said false representation, Plaintiffs PAG and Narragansett have been damaged.

WHEREFORE, Plaintiffs Galindez, PAG and Narragansett demand judgment against Defendant Breed's Hill for compensatory damages, plus interest and costs and as to Plaintiffs PAG and Narragansett, an award of punitive damages, plus interest and costs.

COUNT X

(Negligent Misrepresentation as Against Defendant Breed's Hill Insurance Agency, Inc.)

102. Plaintiffs hereby incorporate by reference Paragraphs 1-63 as if fully set forth herein.

103. Defendant Breed's Hill negligently misrepresented to Plaintiffs PAG and Narragansett that it was the "managing general agent" of Defendants Clarendon and AGLI.

104. In reliance upon such negligent misrepresentation, Plaintiffs PAG and Narragansett gave notice of the Underlying Case to Defendant Breed's Hill so as to satisfy their contractual obligations under the AGLI policy.

105. The negligent misrepresentation of Breed's Hill were false in that they are not an agent of AGLI.

106. As a proximate result of said false misrepresentation, Plaintiffs PAG and Narragansett have been damaged.

WHEREFORE, Plaintiffs Galindez, and Narragansett demand judgment against Defendant Breed's Hill for compensatory damages, plus interest and costs.

COUNT XI

(Negligence Against Breed's Hill Insurance Agency, Inc.)

107. Plaintiffs hereby incorporate by reference Paragraphs 1-63 as if fully set forth herein.

108. Defendant Breed's Hill negligently failed to forward notice of the Underlying Case to AGLI.

109. As a proximate result of said negligence, Plaintiffs PAG and Narragansett have been damaged.

WHEREFORE, Plaintiffs Galindez, PAG and Narragansett demand judgment against Breed's Hill for compensatory damages, plus interest and costs.

COUNT XII

(Negligence Against Residential Resources, Inc.)

110. Plaintiffs hereby incorporate by reference Paragraphs 1-63 and 97-109 as if fully set forth herein.

111. Although denominating itself as a named insured and "risk purchasing group" with regard to the insurance policies referred to herein, Defendant Residential Resources has at all relevant times acted as an intermediary and/or agent and/or joint venturer with Defendant Breed's Hill.

112. Defendant Residential Resources is jointly and severally liable along with Defendant Breed's Hill.

WHEREFORE, Plaintiffs Galindez, PAG and Narragansett demand judgment against Defendant Residential Resources for compensatory damages, plus interest and costs and, as to Plaintiffs PAG and Narragansett, an award of punitive damages against said Defendants, plus interest and costs.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Richard A. Zappa (#528)
Timothy E. Lengkeek (#4116)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6626
Attorneys for Miguel Galindez