UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| AMERICAN GUARANTEE and LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ALTERNATIVE HOUSING GROUP, NARRAGANSETT HOUSING PARTNERS, L.P., NARRAGANSETT HOUSING ASSOCIATES, L.P., and PROPERTY ADVISORY GROUP, INC.<br>Defendants, | C.A. No. 06 297-T-LDA |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY STAY THE COMPLAINT OF AMERICAN GUARANTEE FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT UNDER FED.R.CIV.P. 12(b)(7) and 19(b)**

The plaintiff American Guarantee and Liability Insurance Company opposes the defendants' motion to dismiss or alternatively stay the complaint of American Guarantee for declaratory judgment and breach of contract under Fed. R. Civ. P.12(b)(7) and 19(b) and asks the court to deny the motion.[1] In support of this opposition, the plaintiff relies upon the attached memorandum of law and exhibits thereto.

[1] The defendants have filed two separate motions. On April 13, 2007 Property Advisory Group, Inc. (PAG) filed its motion to dismiss with an accompanying memorandum of law. On April 20, 2007 the remaining defendants filed their motion to dismiss and incorporated by reference the memorandum of law filed by PAG.

AMERICAN GUARANTEE and LIABILITY
INSURANCE COMPANY
By its attorneys,

/s/ Frederick E. Connelly, Jr., Esq._________
Frederick E. Connelly, Jr., Esq., #6772
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100
(617) 951-2125 (fax)
fconnelly@peabodyarnold.com

Dated: May 4, 2007

CERTIFICATION

I hereby certify that I caused to be served by electronic means (ECF) a copy of the within on the 4th day of May, 2007 to the following:

Max Wistow, Esq.
mw@wistbar.com

Adam M. Smith, Esq.
Kevin T. Coughlin, Esq.
asmith@coughlinduffy.com
kcoughlin@coughlinduffy.com

Kevin G. Mahoney, Esq.
Mahoney@mmwlaw.com

James T. McCormick, Esq.
mclaw@choiceonemail.com

/s/ Frederick E. Connelly, Jr., Esq._________
Frederick E. Connelly, Jr.

UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| AMERICAN GUARANTEE and LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ALTERNATIVE HOUSING GROUP, NARRAGANSETT HOUSING PARTNERS, L.P., NARRAGANSETT HOUSING ASSOCIATES, L.P., and PROPERTY ADVISORY GROUP, INC.<br>Defendants, | C.A. No. 06 297-T-LDA |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY STAY THE COMPLAINT OF AMERICAN GUARANTEE FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT UNDER FED. R. CIV. P. 12(b)7 and 19(b)**

## PRELIMINARY STATEMENT

Defendants, Property Advisory Group, Inc. ("PAG") and Narragansett Housing Associates, L.P. ("NHA"), (collectively "Defendants"), two Rhode Island companies, once again seek by motion to avoid the jurisdiction of this Court. This time, Defendants seek dismissal arguing that the plaintiff in the Delaware bodily injury lawsuit, Miguel Galindez ("Galindez"), is an indispensable party who cannot be joined. Defendants' argument, however, fails to disclose an agreement between Defendants and Galindez that assigns certain rights to Galindez. Although Plaintiff, American Guarantee and Liability Insurance Company ("American Guarantee"), has requested a copy of this Agreement, it has not been provided. That assignment agreement, however, is reflected in the recently filed action in state court in Delaware, in which the Defendants, in concert with Galindez, seek, among other things, insurance coverage from

American Guarantee. From a reading of the Delaware Complaint, it is apparent that PAG, NHA and Galindez share a common interest in obtaining a declaration that American Guarantee is obligated to indemnify PAG and NHA for the Galindez verdict. That common interest exists whether the declaration is obtained in Rhode Island or Delaware. Because of that common interest, however, Galindez is neither necessary nor indispensable to this action and thus dismissal is not warranted.

For the reasons set forth below, Defendants motion should be denied:

- Defendants' motion is untimely and improper under this Court's Scheduling Order.
- Defendants' motion is without merit as they have not met their burden of establishing that Galindez is a necessary and indispensable party to this action pursuant to Fed.R.Civ.P. 19(a) and (19(b).
- Pending discovery into the terms of the Agreement between Galindez and the Defendants, this motion is premature.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On March 24, 2006, Breed's Hill Insurance Agency Inc., agent for Alternative Housing Group ("AHG"), provided American Guarantee with its first notice of claim by advising of the trial and the March 23, 2006 verdict in Galindez v. Narragansett Housing Associates, L.P. et al. ("Galindez Action"). The Galindez Action arose out of injuries suffered on November 13, 2003, by Galindez, an employee of CableNet Services, an installation contractor for Comcast, who was injured at the Lexington Green Apartments when an exterior metal door slammed shut on his right hand, severing the top third of two of his fingers. Galindez filed suit in the Superior Court of Delaware, Newcastle County, alleging that NHA, the building owner, was liable for his

injuries as a result of a malfunctioning closure. On October 10, 2005, Galindez amended his complaint to add PAG as a defendant. The Amended Complaint asserted that the defendants negligently owned and/or operated and/or managed the Lexington Green Apartments so as to permit a dangerous condition to exist on the property. The Amended Complaint also added a punitive damages claim against all defendants.

A jury verdict on March 23, 2006 awarded $3 million in compensatory damages against NHA and PAG, jointly and severally. It also assessed $10 million punitive damages against PAG. Post trial motions were denied and an appeal is pending.

This action was filed by American Guarantee seeking a declaration that it has no obligation to indemnify PAG or NHA for that verdict in June 27, 2006. Since that time, PAG and NHA have moved, on August 17, 2006, to dismiss this action, asking this Court to exercise its discretion in favor of dismissal. That motion was denied. PAG and NHA subsequently answered the Complaint. The parties then exchanged initial disclosures, participated in court conferences and the Defendants have recently responded to discovery. On February 1, 2007, this Court entered a Scheduling Order providing that "[a]ll motions, including…motions to dismiss, shall be filed promptly after counsel discovers, or should have discovered, the basis for such motions." The Scheduling Order also provides for an October 1, 2007 discovery end date, less than 5 months from now.

In late March 2007, PAG and NHA, in conjunction with the underlying plaintiff, Miguel Galindez, filed a competing action against American Guarantee in Delaware state court seeking, among other things, a declaration that American Guarantee is obligated to provide coverage for the Galindez verdict. The Delaware Complaint references an agreement between Galindez, PAG and NHA whereby PAG and NHA have assigned certain rights to Galindez. Specifically, the

Delaware Complaint at ¶ 63 states "Plaintiff Galindez is also the assignee of a joint interest in all claims belonging to plaintiffs Narragansett, PAG and AHG arising in tort as against all defendants with the exception of AGLI." See portions of the Delaware Complaint at Ex. A to Certification of Adam Smith (hereinafter "Smith Cert.") attached hereto. American Guarantee has requested a copy of that Agreement, but to date Defendants have not produced the Agreement. See Smith Cert., Ex. B. It is our understanding that the Delaware Complaint has yet to be served on any defendant named therein.

On April 13, 2007, Defendants filed a motion to dismiss this action for failure to join an indispensable party, Galindez.

## LEGAL ARGUMENT

## DEFENDANTS' MOTION TO DISMISS, OR ALTERNATIVELY, STAY THE COMPLAINT OF AMERICAN GUARANTEE PURSUANT TO FED. R. CIV. P. 12(b)(7) AND 19(b) SHOULD BE DENIED

### I. DEFENDANTS' MOTION TO DISMISS IS UNTIMELY AND IMPROPER

Defendants' contention that this matter should be dismissed for failure to join Galindez as an indispensable party is untimely. This Court's Scheduling Order, entered February 1, 2007, provides that "[a]ll motions, including…motions to dismiss, shall be filed promptly after counsel discovers, or should have discovered, the basis for such motions." For the past ten months, Defendants have filed responsive pleadings, conducted discovery, engaged in motion practice and participated in court conferences before this Court fully aware that Galindez was not a party to this action. Now, in a collaborative effort to litigate this action with Galindez in a different jurisdiction, Defendants belatedly move for dismissal contending that Galindez is indispensable to this matter.

Defendants were certainly aware of the basis for this motion (i.e. the absence of Galindez) at least by August 2006 when they filed their previous motion to dismiss for lack of subject matter jurisdiction and failure to state of claim. In fact, it was pled as an affirmative defense in Defendants' Answers. Nevertheless, at that time in August 2006, the absence of Galindez was never raised as an issue before this Court. Defendants silently waited many months before filing this current motion with the Court. It appears that Defendants' current motion to dismiss is related to an agreement between Galindez, NHA and PAG to jointly litigate a separate action against various individuals in Delaware arising from the Underlying litigation. Nevertheless, PAG and NHA have been aware of the basis for this motion from the onset of the litigation. It is our understanding that the Delaware Complaint has not yet been served upon any defendant named therein, whereas this action is less than five months from the close of discovery.[2]

Defendants' failure to timely seek a dismissal should not be rewarded. Accordingly, Defendants' failure to timely raise this issue before the Court pursuant to the Scheduling Order should preclude them from obtaining the relief they now seek.

## II. GALINDEZ IS NOT A NECESSARY OR INDISPENSABLE PARTY UNDER FED.R.CIV.P. 19(a) and 19 (b).

Rule 19 sets forth the test for determining whether a party is necessary and indispensable to an action. Provident Tradesmens Bank & Trust Company v. Patterson, 390 U.S. 102 (1968). That test requires a two-step analysis. Pujol v. Shearson/American Express, Inc., 877 F.2d 132, 134 (1st Cir. 1989). First, under Rule 19(a), the court must determine whether or not a party is necessary and should be joined to an action, "if feasible." Id. If joinder is not feasible and the

[2] In addition, Defendants' delay in bringing this motion is relevant to the analysis under Fed.R.Civ.P 19. In determining whether in "equity and good conscience" to dismiss for failure to join an indispensable party, a court should consider the timing of the application. See, Ilan-Gat Engineers, Ltd. v. Antigua Intern. Bank, 659 F.2d 234, 242 (C.A.D.C. 1981).

party is necessary, under Rule 19(b) the court must decide whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed", because the absent party is indispensable. Id.

**A. Galindez is Not a Necessary Party under Fed. R. Civ. P. 19(a)**

A prerequisite for a determination of indispensability of a party is that the party is necessary as defined by Rule 19(a). See Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998); Pujol v. Shearson/American Express, Inc., 877 F.2d 132 (1st Cir. 1989). Defendants fail to address or establish that Galindez is a necessary party to this action under Fed.R.Civ.P. 19(a) and simply jump directly to the indispensability analysis under Fed.R.Civ.P. 19(b).

To determine if a party is necessary under Rule 19(a), courts examine whether: (1) complete relief can be accorded among the present parties to the lawsuit; or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest; or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest. Pujol, 877 F.2d at 134. The moving party bears the burden in a Rule 19 motion of "showing that [the missing parties] must be joined for just adjudication." Florian v. Sequa Corp., 2002 WL 31844985 at 3 (N.D. Ill. Dec. 18, 2002).

Complete relief can be accorded in this action among the parties already named in this suit. "Complete relief refers to relief as between the persons already parties, not as between a party and the absent person whose joinder is sought and mere theoretical considerations of disposing of the whole controversy should not be employed to repeal a judgment when it appears unlikely that the absent persons could be adversely affected." Special Jet Services Inc. v. Federal

Insurance Company, 83 F.R.D. 596 (W.D.Pa. 1979); *citing* 3A Moore's Federal Practice P.19.07-1(1) (2d ed. 1979). The effect a decision may have on the absent party is not material to a Rule 19(a)(1) analysis. Janney Montgomery Scott, Inc. v. Shepard Niles, 11 F.3d 399, 405 (3d Cir. 1993) (citation omitted). In this case, American Guarantee disclaimed coverage for the verdict in the Galindez Action. The issues in dispute are solely related to the interpretation of an insurance contract issued by American Guarantee to Alternative Housing Group, under which PAG and NHA claim insured status. Complete relief as to American Guarantee and Defendants, PAG and NHA, as it relates to the contract of insurance and whether American Guarantee owes any indemnity obligation to PAG or NHA can be accorded without the presence of Galindez.

To meet the requirements of a necessary party under Rule 19(a)(2), the interest relating to the subject of the action must be a legally protected interest and must be more than a mere financial interest. Ramah Navajo Sch. Bd., Inc. v. Babbitt, 87 F.3d 1338, 1351 (D.C.Cir. 1996) (non-party's interest must be a legally protected interest); McLaughlin v. Int'l Ass'n of Machinists, 847 F.2d 620, 621 (9th Cir. 1988) (the interest in 19(a)(2) must be more than speculation about a future event); Metropolitan Life Insurance Co. v. Ditmore, 729 F.2d 1 (1stCir. 1984) (to be a proper party defendant, a party must have a legal right asserted against him; a commercial interest is not enough). Some courts have held that an injured tort claimant's interests are merely financial and therefore, he is not a necessary party to the declaratory judgment action by insurer against its insured. Coregis Insurance Company v. Wheeler, 180 F.R.D. 280 (E.D. Pa. 1998) (tort claimant's interest is merely financial because if the insured did not have sufficient personal assets to satisfy the judgment, she would look to the insurer solely for payment); Zurich Ins. Co. v. Health Systems Integration, Inc., 1998 WL 126920, 4 (E.D.Pa. 1998) (an injured party has a financial interest in a dispute involving coverage, but not a legal

one, hence the insured and insurer can resolve their insurance coverage dispute well enough without the injured party). In essence, the tort claimant's interest is based on a financial interest not a legal one since the judgment obtained against the insured/tortfeasor is not contingent or legally affected by a declaratory judgment of non-coverage against the insured. The two are mutually exclusive. Indeed, the judgment obtained by Galindez against the insureds in the underlying litigation will remain intact, valid and enforceable regardless of a determination of insurance coverage by this Court.

Furthermore, even assuming, *arguendo*, that Galindez has a legal interest in this action, his absence would not impair or impede him from protecting that interest. Rule 19(a)(2)(i) states that a person may be deemed necessary if his absence in the action may "as a practical matter impair or impede the person's ability to protect that interest." As discussed further infra, Point II(A) and Point III, the joint and collaborate effort of PAG, NHA and Galindez to seek a declaratory judgment in Delaware shows that both Galindez and the Defendants do have the same interests in this litigation. This common effort clearly demonstrates that the parties' interests are indeed aligned and both seek the same thing: insurance coverage from American Guarantee. Based on the Agreement between Galindez and the Defendants, Galindez' interests will not be, as a practical matter, impaired or impeded by not appearing in this Action because the Defendants are fully representing and protecting their common interest in the insurance coverage.

In addition, Galindez' absence will not "leave any of the persons already parties subject to substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest." Fed.R.Civ.R. 19(a)(2)(ii). In analyzing this portion of the Rule, Courts recognize that there is a difference between inconsistent obligations and inconsistent results. See

Delgado v. Plaza Las Americas, 139 F.3d 1 (1st Cir. 1998); see also Michael v. Haralson, 586 F.Supp. 169, 171 (E.D. Pa. 1983) (inconsistent obligations are not the same as inconsistent adjudications or results) (citations omitted). The First Circuit has held that inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Delgado, 139 F.3d at 3. To the contrary, inconsistent results arise when a defendant successfully defends a claim in one forum, but nonetheless loses on another claim arising from the same incident in another forum. Id. What governs a Rule 19(a) analysis is the threat of inconsistent obligations not the possibility of multiple litigations. Id. (*citing* Boone v. General Motor Acceptance Corp., 682 F.2d 552, 554 (5th Cir.1982)); see also National Union Fire Ins. Co. of Pittsburgh, Pa v. Massachusetts Municipal Wholesale Electric Company, 117 F.R.D. 321 (D. Mass. 1987) (in a declaratory judgment action by an insurer against its insureds, Rule 19(a)(2) did not apply because the chance of contradictory judgments on the policy in federal and state court would not impose inconsistent "obligations" as required by Rule 19(a)(2) on the insurer, since it would be subject to only one judgment obligation). Since none of the parties herein will be subjected to "inconsistent obligations" as they relate to insurance coverage under the American Guarantee policy, joining Galindez to this action is neither necessary nor warranted.

Galindez is therefore not a necessary party to this action under Rule 19(a). Complete relief as to American Guarantee and Defendants, PAG and NHA, as it relates to their contract of insurance can be accorded without the presence of Galindez. Furthermore, disposition of this action in Galindez' absence does not impair or impede Galindez' ability to protect any legally protected interest and more importantly, does not expose American Guarantee, or any other party

to this action, to double, multiple or inconsistent obligations as required under Rule 19(a). Therefore, the Defendants' motion should be denied. [3]

**B. Galindez is Not an Indispensable Party under Fed.R.Civ.P. 19(b)**

Assuming the Court determines that Galindez is a necessary party and his joinder is not feasible, the Court must further decide whether he is indispensable. The United States Supreme Court, in the seminal case of Provident Bank, held that indispensability is based on a case-by-case analysis taking into consideration a variety of factors, including some "substantive, some procedural, some compelling in themselves, and some subject to balancing against a person's interests." Provident Tradesmens Bank & Trust Company v. Patterson, 390 U.S. 102, 118 (1968); see also Travelers Indemnity Company v. Dingwell, 884 F.2d 629 (1st.Cir.1989) (stating that the First Circuit has adopted the rule that Rule 19(b) determinations must be based on fact-specific considerations and are "anything but pure legal conclusions"). In fact, whether a party is indispensable "can only be determined in the context of particular litigation." Id. Further, such decision is within the discretion of the court. Fidelity & Cas. Co. of N.Y. v. Tillman Corp., 112 F.3d 302, 304 (7th Cir. 1997). As dismissal is a drastic remedy, compulsory joinder or dismissal for failure to join an indispensable party should only be ordered "where the movant has carried the burden of producing evidence which shows the nature of the interest possessed by the absentee and that the protection of that interest will be impaired by his absence." Generadora de Electricidad del Caribe, Inc. v. Foster Wheeler Corp., 92 F.Supp.2d 8, 14 (D.P.R.2000).[4]

---

[3] Even is Galindez is deemed necessary, Galindez' joinder may be feasible. The terms of the Agreement as referenced in the Delaware Complaint between Galindez and the Defendants, two Rhode Island corporations, appears to relate to the subject matter of this suit. As such, contrary to Defendants' contention, Galindez may have subjected himself to jurisdiction and be feasible to join in this action. If the Court deems Galindez necessary, further discovery is warranted into this Agreement to ascertain whether joinder is feasible (see Point III).

[4] As set forth infra, Point III, the Agreement between Galindez and Defendants may be is relevant to a determination of indispensability.

Although there is no controlling First Circuit precedent on the question of whether an injured claimant is an indispensable party to a declaratory judgment action between insurer and insured, there are a number of jurisdictions that clearly hold a tort claimant in an underlying suit is not an indispensable party to a coverage action. Evangelical Lutheran Church v. Atlantic Mutual Insurance Company, 173 F.R.D. 507 (N.D. Ill. 1997) (tort claimant in underlying suit was not indispensable party to suit to determine coverage). In Evangelical Lutheran, court noted that injured party would not be prejudiced by her absence in the coverage case, because both she and the insured want the same thing: insurance coverage for the alleged wrongful conduct. Id. at 508-509. See also, Rishnell v. Episcopal Mem'l Med. Ctr., 94 F.3d 1407, 1412 (10th Cir.1996) (injured party was not indispensable when church sued for declaratory relief against insurance company because church's interests were substantially the same as injured party); United States Fire Ins. Co. v. Milton Co., 938 F. Supp. 56, 58 (D.D.C. 1996) (the fact that it is within the injured party’s control whether or not to intervene is dispositive of the "equity and good conscience" test, therefore injured party not an indispensable party to declaratory judgment action between insurer and insured); Austin Fireworks v. T.H.E. Ins. Co., 809 F. Supp. 829, 831 (D. Kan. 1992) (after considering the factors listed in Rule 19(b) a declaratory judgment action between insurer and insured may proceed in the injured party’s absence); Wyoming, New York v. Erie Lackawanna Railway Co, 360 F. Supp. 1212 (W.D.N.Y.1973) (injured person is not indispensable or required party in an action to determine the coverage of an insurance policy).

In determining whether a party is “indispensable, Rule 19(b) mandates the review of four factors: (1) the extent of which a judgment entered in the absence of the missing party will be prejudicial to the absent or existing party; (2) whether any such prejudice can be lessened or avoided by reshaping the judgment; (3) will the judgment will be adequate in the parties’

absence; and (4) will the plaintiff have an adequate remedy if the action is dismissed. See Pujol, 877 F.2d at 134; Dennis v. Wachovia Securities, LLC, 429 F. Supp. 2d 281 (D. Mass. 2006). Defendants have not sustained their burden of establishing that Galindez is indispensable party to this action.

**1. Galindez or other parties will not suffer any prejudice warranting dismissal of this action.**

Defendants' leading argument rests on the prejudice prong of the Rule 19(b) factors set forth above. Defendants assert that a judgment rendered in this declaratory judgment action might be prejudicial to Galindez or those already parties to the declaratory judgment action. The proposition that a party might be prejudiced is not a sufficient basis to justify dismissal.[5]

The recently filed Delaware Complaint has been drafted and filed on behalf of Galindez, PAG, NHA and AHG. There is clearly an Agreement, yet to be described, among those parties which may establish privity among Galindez, PAG and NHA. Furthermore, the joint and collaborate effort of PAG, NHA and Galindez to seek a declaratory judgment in Delaware reveals that both Galindez and the Defendants have a common interest in the protection of PAG and NHA's insurance coverage. That collaborative effort also demonstrates that Galindez' and PAG and NHA's interests are indeed aligned and both seek the same thing: insurance coverage from American Guarantee.

Courts have found that for purposes of Rule 19(b) "precise alignment of interests" is not necessary for the court to find that the absent party is not indispensable. Wyandotte Nation v.

---

[5] In fact, any prejudice that Galindez or other parties may suffer, would be lessened or eliminated by the fact that Galindez may have the opportunity to intervene in the Rhode Island Action. See United States Fire Ins. Co. v. Milton Co., 938 F. Supp. 56, 58 (D.D.C. 1996) (the fact that it is within the injured party's control whether or not to intervene is dispositive of the "equity and good conscience" test, therefore injured party not an indispensable party to declaratory judgment action between insurer and insured); see also Daninippon Screen Mfg. Co. v. CFMT, Inc., 142 F.2d 1266, 1272 (Fed.Cir.1998) (opportunity to intervene may be considered in calculating any prejudicial effect).

City of Kansas City, Kansas, 200 F.Supp.2d 1279, 1292 (D.Kan. 2002) (finding that absent party not indispensable because their interests "are substantially similar" and they both "seek the same outcome"). Court have held that an absent party was not indispensable where: (1) its interests were adequately represented by the parties who are present, (2) the defendant has the incentive and the ability to litigate for its own as well as [the missing party's] interests and (3) both the absent and present parties "want the same thing." Hollinger Intern., Inc. v. Hollinger Inc. 2005 WL 589000, 22 (N.D.Ill. 2005) (citations omitted); see also Rishnell v. Episcopal Mem'l Med. Ctr., 94 F.3d 1407, 1412 (10th Cir.1996) (stating that injured party was not indispensable when church sued for declaratory relief against insurance company because church's interests were substantially the same as injured party).

It is contradictory for PAG and NHA to request that this Court dismiss the Rhode Island Action on the basis of no common interest while at the same time jointly filing suit in Delaware against American Guarantee and others. PAG encourages this Court to believe that if this action proceeds, Galindez or "other parties" would either be precluded from litigating coverage in the pending Delaware action or, if not, it may result in a relitigation of issues. Defendants' argument is without merit.

As evidenced by their Agreement, Galindez, PAG and NHA, are jointly working to secure insurance coverage. Therefore, Galindez will not suffer any prejudice by not being a party to this action as his interests are adequately protected by Defendants PAG and NHA. Defendants and Galindez indisputably want the same thing: a declaration of insurance coverage from the American Guarantee policy. PAG and NHA are motivated to defend this action as they do not want to carry the burden of an unfavorable jury verdict on their own. It is only logical that they will vigorously defend this action, as they have been doing for the last ten months.

Indeed, as Defendants have demonstrated during the course of this litigation, they have the incentive and the ability to litigate this matter to protect their own interests, as well as any of Galindez' interests.

**2. There would be no prejudice to either Galindez, PAG or NHA, thus this Court will not need to fashion relief so that any possible prejudice could be avoided.**

Because there is no prejudice to Galindez, there is no need to shape the judgment to lessen prejudice. Defendants cite the Fifth Circuit case of Ranger Insurance Company v. United Housing of New Mexico, Inc., 488 F.2d 682 (5th Cir. 1974) wherein the court found that claimants in an underlying tort suit were indispensable parties to the insurers' declaratory judgment action seeking to disclaim coverage finding that a judgment might prejudice the claimants or a judgment would not be adequate to finally resolve the issue. Once again, in light of the Agreement referenced in the Delaware Complaint, and the Complaint itself, Galindez and the insured Defendants have joined in a common effort to resolve the coverage claims, and thus Galindez' absence from this action will not prejudice their common interest to seek that insurance coverage.

**3. A judgment rendered in Galindez' absence will be adequate.**

Defendants provide a list of possible inconsistent adjudications, all of which are hypothetical and do not address the real issue of whether the judgment entered by this Court will be adequate, notwithstanding the absence of Galindez. The fact is that a judgment entered by this Court will indeed be adequate. This Rhode Island matter is a declaratory judgment action concerning an insurance contract between American Guarantee, PAG and NHA. Because Galindez and the Defendants have aligned themselves together in pursuit of insurance coverage, any judgment by this Court will not be subject to attack by assignee Galindez. The risk of

inconsistent adjudications should no longer exist given the privity of contract between Galindez, PAG and NHA. That privity should preclude relitigation of the issues before this Court in Delaware or elsewhere. See International Rediscount Corp. v. Hartford Accident & Indem. Co., 425 F.Supp. 669, 674 (D.Del.1977) (successor in interest is bound by litigation between assignor and third party even if he is not substituted as party under Fed.R.Civ.P. 25(c)). Therefore, a judgment rendered by this Court as it relates to the insurance contract between Defendants and American Guarantee will be adequate without the necessity of joining Galindez as a party.

**4. The adequacy of another remedy upon dismissal is not determinative.**

That American Guarantee could proceed in the Delaware action does not warrant dismissal of this action filed almost ten months ago. A federal court is not obligated to surrender jurisdiction of a matter because another venue is available. Plaintiffs have a right to select a federal court as its forum and only the most compelling reason should make a plaintiff resort to a state court. Liberty Mutual Ins. Co. v. Price, 48 FRD 1 (D.C. Ohio 1969). Courts customarily give great deference to a plaintiff's chosen forum. See Rishell v. Phillips Episcopal Memorial Medical Center, 94 F.3d 1407, 1413 (10th Cir. 1996) (holding that the potential existence of another forum does not, in and of itself, outweigh a plaintiff's right to the forum of his or her choice).

Defendants filed the Delaware Complaint only recently, well after initial motion practice, the filing of responsive pleadings, service of discovery and responses thereto, and court conferences in the Rhode Island action. Further, this Court directed in its Scheduling Order entered February 1, 2007, that "All motions, including…motions to dismiss, shall be filed promptly after counsel discovers, or should have discovered, the basis for such motions." Defendants' current motion was filed almost ten months after Defendants discovered or should

have discovered the basis for this motion, and two and one half months subsequent to the entry of that Scheduling Order. As Defendants have sat on their hands in asserting their defenses, it would be unreasonable for this Court to dismiss this action on the basis that an alternate remedy is available.

**5. Cases Relied upon by the Defendants are Inapposite to the Instant Matter.**

Defendants rely on a number of cases in support of their position that Galindez is indispensable that do not address the issue of indispensability:

- National Union Fire Ins. Co. of Pittsburgh, Pa v. Massachusetts Municipal Wholesale Electric Company, 117 F.R.D. 321 (D. Mass. 1987)--the question before the court was whether a claimant who wanted to be dismissed from as a defendant in declaratory judgment action was a necessary party under Rule 19(a); the court never addressed the issue of whether the party was in fact, indispensable under Rule 19(b).
- Indemnity Ins. Co. of North America v. Kellas, 173 F.2d 120 (1st Cir. 1949) -case has limited precedential value because it was decided before Fed.R.Civ.P. 19(a) was amended in 1966 to include critical language and because the issue was whether the parties were necessary and proper, the issue of indispensability was not addressed.
- Reagor v. Travelers Ins. Co., 92 Ill.App.3d 99, 415 N.E.2d 512 (Ill. 1980) –the issue was whether injured parties had standing under Illinois law to maintain a declaratory judgment action against insured, there was no determination of indispensability under Rule 19(b)).

Other cases cited by Defendants in support of their argument that an injured party is indispensable to the declaratory action are clearly distinguishable from the facts in this case. Those cases involve disputes over coverage questions which turn on factual issues raised in the underlying tort litigation and findings under state law where lack of subject matter jurisdiction determined the indispensability of the parties.

- Allstate Insurance Co. v. Conde, 595 So.2d 1005 (5th Cir.1992), the coverage issues involved disputed factual issues involving whether insured/tortfeasor's shooting of victims was intentional or negligent act, and therefore would ultimately determine if there would be coverage under the policy.
- General Refractories Company v. American Mutual Liability, 678 F.Supp.104 (E.D.Pa. 1987), the Court based its decision on the fact that under Pennsylvania

> law, Pennsylvania courts lack subject matter jurisdiction over a declaratory judgment action by an insurer unless the injured claimants are joined.

The defendants also rely on the case of Travelers Indemnity Co. v. Dingwell, 884 F.2d 629 (1st Cir. 1989). The court in Travelers, however, found that the insured Dingwell would not be able to protect the claimant's interest because Dingwell's interests were not the same as those of the Group. Id. at 636. In this matter, Galindez' interests will be protected by PAG and NHA as both seek the exact same thing: insurance coverage from American Guarantee. Indeed, a nonparty is not indispensable when it has interests identical to that of a party. See Prescription Plan Service Corp. v. Franco, 552 F.2d 493, 497 (2d Cir. 1977).

**B. The Rhode Island Action should not be stayed pending the disposition of the Delaware Action.**

This action should not be stayed pending the outcome of the Delaware action. See, Sears, Roebuck & Co. v. Zurich Insurance Co., 422 F.2d 587, 590 (7th Cir. 1970) ("[T]he mere pendancy of another suit is not enough in itself to refuse a declaration." (citations omitted)); Scott & Fetzer Co. v. McCarty, 450 F.Supp. 274, 277 (N.D. Ohio 1977) ("Dismissal of a declaratory judgment is not justified by mere pendancy of similar litigation elsewhere." (citations omitted)); Wong v. Bacon, 445 F.Supp. 1177, 1187 (N.D. Cal. 1977) ("The existence of a pending state proceeding involving the same claim for restitution does not automatically make declaratory relief improper." (citations omitted)); Aetna Casualty & Surety Co. v. Hatridge, 282 F.Supp. 604, 606 (W.D. Ark. 1968), aff'd, 415 F.2d 809 (8th Cir. 1969) ("It is well settled that the mere pendancy of another action involving the same issues does not of itself preclude the exercise of declaratory jurisdiction."). This more recent view is reflected in Rule 57 of the Federal Rules of Civil Procedure, which states, "[t]he existence of another adequate remedy does

not preclude a judgment for declaratory relief in cases where it is appropriate." SW Industries, Inc. v. Aetna Cas & Sur. Co., 653 F.Supp. 631, 636 (D.R.I. 1987). Based on these facts, this matter can proceed before this Court notwithstanding the existence of the Delaware Action. Indeed, for the past ten months, this matter has been litigated before this Court. The parties have filed responsive pleadings, conducted discovery, engaged in motion practice and participated in court conferences. This Court is fully aware of the issues currently in dispute. It would be judicially inefficient and unsound to now stay this matter after the parties and this Court have invested considerable time and resources to adjudicating and resolving this action.

## III. DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED PENDING DISCOVERY OF THE TERMS OF THE AGREEMENT BETWEEN GALINDEZ AND THE DEFENDANTS

As evidenced by the Delaware Complaint, Galindez and the defendants, PAG and NHA have entered into Agreement regarding, at a minimum, the assignment of certain rights to Galindez. Despite American Guarantee requests for information regarding this Agreement, the Defendants have not disclosed the scope, terms and provisions of the Agreement, including the Agreement itself. Nevertheless, it is clear that it relates to Galindez' and the Defendants' intent to jointly pursue a variety of tort claims arising out of the Galindez Action and a declaration of insurance coverage under the American Guarantee policy.

In light of the fact that the terms of the Agreement are unknown, the specific impact that the Agreement has on this current motion cannot be determined. The relevance of the Agreement, however, is clear.

First, the Agreement between Galindez and the Defendants conceivably confers jurisdiction over Galindez by this Court thus making it feasible to join him to this action.

Rhode Island's "long-arm" statute, R.I. Gen. Laws §9-5-33, permits the exercise of jurisdiction over nonresident defendants to the fullest extent allowed by the United States Constitution. See Cerberus Partners, L.P., et al. v. Gadsby & Hannah, LLP, 836 A.2d 1113 (R.I. 2003). Rhode Island utilizes the following three-step analysis to ascertain if sufficient minimum contacts exist where specific jurisdiction is asserted: (1) the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities; (2) the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state and (3) the exercise of jurisdiction must be reasonable. Women & Infants Hospital of Rhode Island v. Community Health Network of Connecticut, Inc., 394 F.Supp.2d 488, 491 (D.R.I. 2005). The terms of an Agreement between Galindez and the Defendants, two Rhode Island corporations, specifically relate to the subject matter jurisdiction of this suit. As such, contrary to Defendants' contention, Galindez may have subjected himself to jurisdiction and be feasible to join in this action.

Second, the terms of the Agreement are clearly relevant to the Rule 19 analysis. As discussed supra, in Point II, the scope and terms of the Agreement between Galindez and the Defendants may be necessary for this Court's to determine whether Galindez is a necessary and indispensable party to this action pursuant to Fed.R.Civ.R. 19(a) and 19(b). Among other things, at a minimum, this Agreement may confirm a commonality of interest between Galindez and the Defendants actions with regard to the coverage claims, such that Galindez' interests are adequately represented and protected by the Defendants.

Accordingly, if this Court is not prepared to deny the motion based upon the information already on the record, we request the Court to defer a ruling until American Guarantee has had

an opportunity to review and address the issues raised by the Agreement between Galindez and the Defendants.

**CONCLUSION**

For all the foregoing reasons, plaintiff American Guarantee respectfully submits that Defendants' motion to dismiss, or alternatively, stay the complaint of American Guarantee for declaratory judgment should be denied.

AMERICAN GUARANTEE and LIABILITY
INSURANCE COMPANY
By its attorneys,

/s/ Frederick E. Connelly, Jr., Esq.
Frederick E. Connelly, Jr., Esq., #6772
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100
(617) 951-2125 (fax)
fconnelly@peabodyarnold.com

and

Adam M. Smith, Esq. (admitted *pro hac vice)*
Coughlin Duffy LLP
350 Mt. Kemble Avenue
Morristown, NJ 07962-1917
(973) 267-0058
(973) 267-6442 (fax)
asmith@coughlinduffy.com

Dated: May 4, 2007

CERTIFICATION

I hereby certify that I caused to be served by electronic means (ECF) a copy of the within on the 4th day of May, 2007 to the following:

Max Wistow, Esq.
mw@wistbar.com

Adam M. Smith, Esq.
Kevin T. Coughlin, Esq.
asmith@coughlinduffy.com
kcoughlin@coughlinduffy.com

Kevin G. Mahoney, Esq.
Mahoney@mmwlaw.com

James T. McCormick, Esq.
mclaw@choiceonemail.com

/s/ Frederick E. Connelly, Jr., Esq.
Frederick E. Connelly, Jr.