# EXHIBIT A

EFiled: Mar 26 2007 1:20PM EDT
Transaction ID 14253875
Case No. 07C-03-273 JRJ

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| MIGUEL GALINDEZ, PROPERTY ADVISORY GROUP, INC., NARRAGANSETT HOUSING ASSOCIATES, LP, and DONALD GOODRICH d/b/a ALTERNATIVE HOUSING GROUP, | |
| Plaintiffs, | |
| v. | C.A. No.: 07C-03-273 JRJ |
| CLARENDON NATIONAL INSURANCE COMPANY, NORTH AMERICAN RISK SERVICES, INC., SEAN DOLAN, MARSHALL, DENNEHEY, WARNER, COLEMAN AND GOGGIN (A Professional Corporation), AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, BREED'S HILL INSURANCE AGENCY, INC. and RESIDENTIAL RESOURCE ASSOCIATES, INC., | NON-ARBITRATION CASE<br>TRIAL BY JURY DEMANDED |
| Defendants. | |

COMPLAINT

1. Plaintiff Miguel Galindez ("Galindez") is a resident of New Castle County, Delaware.

2. Plaintiff Property Advisory Group, Inc. ("PAG") is a Rhode Island Corporation.

3. Narragansett Housing Associates, LP ("Narragansett") is a Rhode Island limited partnership.

4. Donald Goodrich is a resident of Rhode Island who has done business as Alternative Housing Group ("AHG").

58. Following such determination, AGLI delayed advising PAG and Narragansett of said decision so that it could first prepare and file a Declaratory Judgment proceeding against Plaintiffs PAG. Narragansett and AHG in the Federal Court in Rhode Island.

59. AGLI's motive in delaying notification of its decision so as to "win the race to the courthouse" was its belief that it would obtain an advantage by applying the "Conflicts of Laws" rules of Rhode Island rather than those of Delaware.

60. On or about November 28, 2006, the Delaware Superior Court denied the post-trial motions for relief filed on behalf of PAG and Narragansett and affirmed the jury's verdict in the Underlying Case in all respects. Judgments, plus interest, now stand against Narragansett in an amount in excess of $3,000,000 and against PAG in an amount in excess of $13,000,000.

61. The Underlying Case is presently on appeal to the Delaware Supreme Court.

62. At the insistence of personal counsel for PAG and Narragansett, NARS and Clarendon have acknowledged the conflicts of interest that have existed from the date PAG was added to the Underlying Case.

63. In addition to the rights owned by Plaintiff Galindez as a result of the judgments on the verdicts referred to in Paragraph 48, plaintiff Galindez is also the assignee of a joint interest in all claims belonging to Plaintiffs Narragansett, PAG and AHG arising in tort as against all Defendants with the exception of AGLI.

(d) failing to notify Plaintiffs PAG and/or Narragansett of the necessity of retaining personal counsel.

84. Because of the actual control exercised over Defendants Dolan and MDW, the relationship of principal and agent existed and Defendants NARS and Clarendon are liable for the negligence and wrongful conduct of Defendants Dolan and MDW as set forth in Paragraphs 65-72.

WHEREFORE, Plaintiffs Galindez, PAG and Narragansett demand judgment against Defendants NARS and Clarendon for compensatory damages, plus interest and costs.

COUNT VI

(Breach of Covenant of Good Faith and Fair Dealing as Against Defendant AGLI)

85. Plaintiffs hereby incorporate by reference Paragraphs 1-63 as if fully set forth herein.

86. Defendant AGLI owed to Plaintiffs PAG and Narragansett the duty of good faith and fair dealing.

87. Defendant AGLI breached such duty by, *inter alia*, claiming that Plaintiffs PAG and Narragansett had lost the right to coverage under the AGLI policy because of alleged late notice when in fact AGLI knew that:

(a) timely notice had been given pursuant to the AGLI's policy to Breed's Hill and/or Residential Resources, AGLI's actual or apparent agent;

(b) AGLI suffered no prejudice by virtue of any alleged late notice; and

(c) PAG and Narragansett had given notice to AGLI as soon as was reasonably practicable and in accordance with their contractual obligations.

88. In addition to the foregoing Defendant AGLI breached its obligation of good faith and fair dealing to Plaintiff PAG by denying coverage on spurious grounds including, without limitation, claiming that:

(a) PAG was not an insured under the policy;

(b) there was no coverage for punitive damages even if PAG was an insured under the policy; and

(c) PAG had never "tendered the verdict" to AGLI.

89 As a proximate result of the aforesaid breaches, Plaintiffs PAG and Narragansett were damaged.

WHEREFORE, Plaintiffs PAG and Narragansett demand judgment against Defendant AGLI for compensatory damage, plus interest and costs and, as to Plaintiffs PAG and Narragansett, an award of punitive damages against said Defendants, plus interest and costs.

COUNT VII

(Declaratory Judgment as Against Defendant AGLI)

90. Plaintiffs hereby incorporate by reference Paragraphs 1-63 as if fully set forth herein.

91. Defendant AGLI has alleged and contends that there is an actual and justiciable controversy existing between AGLI, AHG, PAG and Narragansett as to whether or not AGLI has a duty to indemnity any of the Plaintiffs under the AGLI policy.

92. AGLI has alleged and contends that Plaintiffs AHG, PAG and Narragansett have breached their contractual obligations allegedly owed to AGLI under said policy.

93. By reason of the foregoing, an actual and justiciable controversy exists between Plaintiffs Galindez, AGLI, AHG, PAG and Narragansett and said Plaintiffs seek a Declaratory Judgment that AGLI owes to each of them the duty of indemnification with regard to the Underlying Case.

WHEREFORE, Plaintiffs Galindez, AHG, PAG and Narragansett seek judgment in their favor declaring:

(a) that AGLI has the duty to indemnify each and every Plaintiff with regard to any liability in the Underlying Case and to satisfy any judgments in Galindez' favor the Underlying Case; and

(b) such other and further relief with regard to a declaration of the rights and legal obligations of the parties which this Court deems just, proper and equitable.

COUNT VIII

(Reformation as to Defendant AGLI)

94. Plaintiffs hereby incorporate by reference Paragraphs 1-63 as if fully set forth herein.

95. On or about November 20, 2003, Defendant AGLI wrote insurance coverage (including liability coverage), a copy of which is appended as Exhibit C, to cover 1201 Kingstown Bldg, Freedom Rd., Newark, Delaware 19702 naming as an insured "Narragansett Housing Partners, L.P., Donald Goodrich, GP.").

96. There is no such entity named as Narragansett Housing Partners, LP. The word "Partners" was, through typographical error and mutual mistake, substituted for the word "Associates."