UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERICAN GUARANTEE and LIABILITY INSURANCE COMPANY, | : | |
| v. | : | C.A. NO. 06-297 |
| ALTERNATIVE HOUSING GROUP, NARRAGANSETT HOUSING PARTNERS, L.P., NARRAGANSETT HOUSING ASSOCIATES, L.P and PROPERTY ADVISORY GROUP, INC. | : | |

**DEFENDANT PROPERTY ADVISORY GROUP, INC.'S**
**MOTION TO AMEND**

NOW COMES Defendant Property Advisory Group ("PAG") and hereby requests that this Court grant leave of court to file its First Amended Answer to Plaintiff's Complaint. In support of its motion, PAG further relies on the attached memorandum of law.

WHEREFORE, PAG requests that this Court grant the within Motion to Amend.

Property Advisory Group, Inc.
By their Attorney,

/s/Max Wistow

Max Wistow (#0330)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)
mw@wistbar.com

**CERTIFICATION**

I hereby certify that I caused to be served by electronic means (ECF) a copy of the within on the 11th day of May, 2007 to the following:

Frederick E. Connelly, Jr.
fconnelly@peabodyarnold.com

Adam M. Smith, Esq.
Kevin T. Coughlin, Esq.
asmith@coughlinduffy.com
kcoughlin@coughlinduffy.com

Kevin G. Mahoney, Esq.
Mahoney@mmwlaw.com

James T. McCormick, Esq.
mclaw@choiceonemail.com

/s/Max Wistow
Max Wistow (#0330)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)
mw@wistbar.com

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERICAN GUARANTEE and LIABILITY INSURANCE COMPANY, | : | |
| v. | : | C.A. NO. 06-297 |
| ALTERNATIVE HOUSING GROUP, NARRAGANSETT HOUSING PARTNERS, L.P., NARRAGANSETT HOUSING ASSOCIATES, L.P and PROPERTY ADVISORY GROUP, INC. | : | |

**DEFENDANT PROPERTY ADVISORY GROUP, INC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO AMEND**

**INTRODUCTION**

Pursuant to Fed.R.Civ.Pro. 15(a), Defendant Property Advisory Group, Inc. ("PAG") seeks leave of court to file its First Amended Answer to Plaintiff American Guarantee and Liability Insurance Company's ("AGLIC") Complaint. (Exhibit 1 – Selections from PAG's proposed First Amended Answer)[1]. Specifically, PAG wishes to revise ¶¶ 14 and 47 to make it absolutely clear to the reader that PAG is alleging AGLIC received notice from its actual or apparent agent. [2] PAG believes that it is open to it under the present Answer to prove such agency. However, because there may be some ambiguity in this regard and PAG, in what is probably an excess of caution, wishes to eliminate any controversy on this issue. Similarly, PAG also wishes to amend ¶ 30 to correct a typographical error which, as currently phrased, would suggest that

[1] Because of this Court's Administrative Order limiting the number of exhibit pages to ten (10), PAG only attaches those portions of its proposed First Amended Complaint which directly relate to the instant motion, (i.e. those pages containing any changes from the original Answer).
[2] For a summary of the parties, facts and travel relevant to this case, PAG respectfully refers the Court to its recently filed Motion to Dismiss or, in the Alternative, to Stay Proceedings, at pp.1-6 and, with respect to Breed's Hill, p.5, n.9.

Alternative Housing Group ("AHG") is the only named insured on the Clarendon Policy when, in fact, AHG is only one of several named insureds.

## ARGUMENT

### (A) Amendments pursuant to Fed.R.Civ.Pro. 15(a) are routinely granted to ensure that cases are decided on the merits.

Federal Rule of Civil Procedure 15(a) provides that leave of court to amend pleadings "shall be freely given when justice so requires." As some noted legal commentators have remarked, the Rule's drafters specifically intended "to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." 6 Wright, Miller and Kane, Federal Practice and Procedure § 1471 at 505 – 6 (2d ed. 1990) (citations omitted). Stated another way, Rule 15(a) "reinforces one of the basic policies of the federal rules – that pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits." Id. at 521. Often this includes correcting ambiguities in the pleadings.

For instance, in Oppenheimer Mendez v. Acevedo, 512 F.2d 1373 (1st Cir. 1975) which concerned a federal civil rights action, the First Circuit held that the district court properly allowed the plaintiff to amend his complaint to correct a technical misnomer. In the Court's words, although "the suit was originally brought against the appellants as individuals, [nevertheless, it was] clear [from the body of the complaint] that they were being sued in their official capacities as well." Id. at 1374, n.1. Moreover, since the lower court had allowed "the appellants an additional ten days to bring forth any new evidence that was pertinent in light of the amendment [and] . . . no such evidence was offered . . . [t]he appellants [had] no grounds for a claim of prejudice, the district court's

ruling being clearly proper [under] Rule 15(b) Fed.R.Civ.Proc." Similarly, in Jones v. State of Louisiana, 764 F.2d 1183 (La. 1985) a plaintiff was granted leave of court to correct a technical ambiguity in his complaint against the State of Louisiana for racial discrimination. There, the plaintiff had failed to identify a crucial state actor as defendant in the section of his complaint which listed each defendant being sued; nevertheless, he had named this defendant in the case caption and referred to him throughout the body of the complaint, including the prayer for relief. The state moved to dismiss for lack of subject matter jurisdiction, averring that the plaintiff's failure to identify the state actor as a defendant left the state as the sole defendant, and since the latter had not waived its Eleventh Amendment immunity from suit, jurisdiction was lacking. The district court agreed and dismissed the suit. The Fifth Circuit reversed and remanded, holding that the plaintiff should have been allowed to amend his complaint to correct what was, in essence, a mere technical ambiguity. The Court observed that since "the policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading", Id. at 1185, amendment was proper.

(i) Amendment of ¶¶ 14 and 47 to clarify PAG's allegation that Breed's Hill was the actual or apparent agent of AGLIC

Paragraphs 14 and 47 of PAG's Answer may be moderately ambiguous with respect to Breed's Hill's status as the actual or apparent agent of AGLIC. Specifically, ¶ 14 of the Complaint alleges that

> 14. On March 24, 2006, a day after the jury verdict, American Guarantee was first notified of the Galindez matter by AHG's insurance broker.

PAG answered

> 14. Defendant admits the [sic] Breed's Hill notified American Guarantee on March 24, 2006 but is without knowledge or information as to whether American Guarantee had prior notice or knowledge.

Paragraph 47 of the Complaint alleges that

> 47. Breed's Hill Insurance Agency, Inc., upon information and belief, AHG's insurance broker, provided American Guarantee with first notice of the Underlying Litigation on March 24, 2006, the day after the jury rendered its verdict totaling $13,000,000. PAG did not provide notice of the underlying action or jury verdict to American Guarantee.

PAG answered

> 47. Admitted except that defendant is without knowledge for [sic] information as to whether American Guarantee had any other notice or knowledge.

Since it is possible, that AGLIC might argue that the above paragraphs somehow constitute a concession by PAG that Breed's Hill, as the broker for AHG, cannot simultaneously be the actual or apparent agent for AGLIC,[3] out of abundance of caution, PAG seeks to amend as follows:

> 14. Defendant admits the [sic] Breed's Hill notified American Guarantee on March 24, 2006 but is without knowledge or information as to whether American Guarantee had prior notice or knowledge **(except to the extent that Breed's Hill was the actual or apparent agent of AGLIC).**
>
> 47. Admitted except that defendant is without knowledge for [sic] information as to whether American Guarantee had any other notice or knowledge (**except to the extent that Breed's Hill was the actual or apparent agent of AGLIC).**

It is critical to point out that no prejudice will result to AGLIC by allowing these amendments since it has had notice of PAG's contention that Breed's Hill's was the actual or apparent agent of AGLIC throughout the this lawsuit and discovery does not

[3] PAG believes that it is highly unlikely that AGLIC would be successful in making such an argument. The point, however, is that based on the current phrasing of the paragraphs in question, AGLIC might try to argue the point and, if the Court viewed the matter in a light different from PAG, a mere technical deficiency in pleading should not prevent PAG from litigating a critical issue on its merits.

close until October 1, 2007. PAG first raised this point in its Revised Statement of Claims Pursuant to Rule 16(c) of the Local Rules filed with this court on February 1, 2007. Specifically, PAG advised the Court, and AGLIC, that "2) PAG complied with all policy provisions and instructions including notice to the actual or apparent agent of American Guarantee." (Emphasis added). Next, in its answer to AGLIC's Interrogatory No. 13, filed with this Court on April 13, 2007, PAG unequivocally states that

> [o]n or about November 3, 2005, PAG sent the [Galindez] Amended Complaint (which first named PAG as a defendant in the Galindez case) to Donald Goodrich (also a principal at Goodrich-Blessing Agency). It was then sent to Breed's Hill Insurance Agency, Inc. and received by them on November 4, 2005. Mr. Goodrich and Goodrich-Blessing has advised PAG that Breed's Hill was to his understanding the general agent of both Clarendon and American Guarantee and that notice of the claim and suit was thus given to both such carriers . . . .

Defendant Property Advisory Group, Inc.'s Responses to American Guarantee and Liability Insurance Company's First Set of Interrogatories. (Emphasis added). This contention was once again re-stated in PAG's recently filed Motion to Dismiss, or in the Alternative, to Stay Proceedings, at n.9 as follows:

> PAG and Narragansett are claiming in this case, and in the Pending Delaware Action, that such notice was given to AGLIC at the very commencement of the Galindez Suit by sending the Complaint to Breed's Hill, who was the actual or apparent agent of AGLIC . . . .

(Emphasis added). Finally, in the recently filed Delaware Action, at Counts IX, X and XI (copies of which were attached as Exhibit A to the Motion to Dismiss, or in the Alternative, to Stay Proceedings, supra) PAG avers that "Defendant Breed's Hill represented to Plaintiffs PAG and Narragansett that it was the managing general agent of Defendants Clarendon and AGLI." (Emphasis added).

Accordingly, there can be no doubt that AGLIC has had actual knowledge for months of PAG's contention of the existence of an actual or apparent agent of AGLIC and, as such, will suffer no prejudice if PAG is permitted to amend as prayed for herein. Moreover, regardless of whether the cited answers to ¶¶ 14 and 47 are ambiguous or not given Rule 15(a)'s focus on ensuring that parties' claims and defenses receive full hearings on the merits, nevertheless, PAG should still be allowed to amend out of an abundance of caution.

(ii) Amendment of ¶ 30 to clarify PAG's contention that AHG is only one of several named insureds under the Clarendon Policy.

The subject averment and answer read as follows:

30. The Declarations Page of the Clarendon Policy identifies Alternative Housing Group as a named insured.

Answer:

30. The declarations page of policy AUC3634609-02 appears to name Residential Resources Associates, Inc., a risk-purchasing group, as the named insured.

The proposed amendment will read as follows:

**30. Defendant admits the allegation contained in ¶ 30 of Plaintiff's Complaint.**

It is literally true that AHG is a named insured under the Clarendon Policy, which reads, in pertinent part:

NAMED INSURED: RESIDENTIAL RESOURCE ASSOCIATES, INC. (A RISK PURCHASING GROUP) AND THOSE INDIVIDUAL MEMBER PARTICIPANTS AS INDICATED ON CERTIFICATES OF INSURANCE ATTACHED TO THIS POLICY
ALTERNATIVE HOUSING GROUP

(Exhibit 2 – Clarendon Policy Declarations Page). Nevertheless, as PAG has previously contended in filings with this court, so too are PAG, Narragansett, and Residential

Resource Associates, Inc. See Motion to Dismiss, or in the Alternative, to Stay Proceedings, supra, at 4.

Thus, since (1) the very same policy reasons discussed, supra at § (A)(i) apply to this proposed amendment; (2) AGLIC is already aware of PAG's position on this issue; and (3) discovery does not close until October, 2007, no prejudice will result by allowing this amendment for the correction of a mere typographical error.

## CONCLUSION

Since AGLIC will not be prejudiced by any of the proposed amendments and permitting the same will ensure a decision on the merits – the very purpose of Rule 15(a) – this Court should grant the within Motion to Amend.

Property Advisory Group, Inc.
By their Attorney,

/s/Max Wistow

Max Wistow (#0330)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)
mw@wistbar.com

DATED: May 11, 2007

## CERTIFICATION

I hereby certify that I caused to be served by electronic means (ECF) a copy of the within on the 11th day of May, 2007 to the following:

Frederick E. Connelly, Jr.
fconnelly@peabodyarnold.com

Adam M. Smith, Esq.
Kevin T. Coughlin, Esq.
asmith@coughlinduffy.com
kcoughlin@coughlinduffy.com

Kevin G. Mahoney, Esq.
Mahoney@mmwlaw.com
(and via facsimile)

James T. McCormick, Esq.
mclaw@choiceonemail.com

/s/Max Wistow

Max Wistow (#0330)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)
mw@wistbar.com