**AGREEMENT**

Agreement entered into this 14th day of March, 2007 by and among Miguel Galindez ("Galindez"), Young, Conaway, Stargatt & Taylor, LLP ("Young, Conaway"), Property Advisory Group, Inc. ("PAG"), Wistow and Barylick Incorporated ("W&B"), Narragansett Housing Associates, LP ("Narragansett"), Donald Goodrich d/b/a Alternative Housing Group ("AHG") and Edward Ciconte ("Ciconte").

WHEREAS, Galindez, represented by Richard Zappa of Young, Conaway has obtained judgments against Narragansett in the amount of $3 million compensatory damages and against PAG in the amount of $3 million compensatory and $10 million punitive damages in Delaware Superior Court Civil Action Galindez v. Narragansett Housing Associates, et al., Delaware Super., C.A. No.: 04C-05-073 JRJ (hereinafter the "Underlying Action");

WHEREAS, Narragansett and PAG each have their own separate but related claims ("the Narragansett and PAG claims") arising out of:

a) the processing of the Galindez claim for personal injuries;

b) the defense thereof;

c) related activities resulting in the aforesaid judgments;

d) the representation of Narragansett and PAG post-judgment; and

e) the refusal to provide insurance coverage and/or indemnity for said judgments.

WHEREAS, one or both of Narragansett and PAG presently have claims as against each of the following third parties ("Third Parties"):

a) Clarendon National Insurance Company;

b) North American Risk Services, Inc.;

c) Sean A. Dolan, Esq. and his employer, Marshall, Dennehey, Warner, Coleman & Goggin;

d) American Guarantee Liability Insurance Company, Inc.;

e) Breed's Hill Insurance Agency, Inc.; and

f) Residential Resources, Inc.

WHEREAS, AHG asserts that he has no liability as a judgment debtor under the judgments but maintains that as a named insured under the American Guarantee policy, AHG has interests that warrant being named as a Plaintiff in any suit determining the rights of any of the putative insureds;

WHEREAS, the judgments in the Underlying Action are presently on appeal to the Supreme Court of Delaware, the ultimate outcome of which appeals are, of course, unknown;

WHEREAS, the Narragansett and PAG claims may provide funds from which the obligations of PAG and Narragansett under said judgments may be satisfied, in whole or in part, and which Narragansett and PAG claims may provide funds in excess of such judgments because of, *inter alia*, claims for:

a) punitive damages;

b) attorney's fees;

c) wrongful acts by the Third Parties occurring after the rendition of the verdicts on which the above judgments are based; and

d) because of the difference between prejudgment interest for which the Third Parties may be held liable as compared to the post-judgment rate of interest to which the judgments against PAG and Narragansett may be currently subject.

WHEREAS, there is presently pending in the United States District Court for the District of Rhode Island, an action (C.A. 06-297) by American Guarantee against Narragansett, PAG and AHG, seeking to avoid any and all obligations of that insurance company to Narragansett, PAG and AHG.

WHEREAS, the appeals presently underway are going forward in the ordinary course;

WHEREAS, PAG, Narragansett and AHG understand that Galindez will seek to preserve the judgments in the Underlying Action to the fullest extent possible;

WHEREAS, Galindez understands PAG and Narragansett will each separately cooperate to the fullest extent with respective counsel provided to them by Clarendon and NARS in an attempt to vacate or reduce the judgments in the Underlying Action;

WHEREAS, while there are obvious conflicts and conflicts of interest among all of the parties hereto, all agree that there is also a great commonality of interest among them as to the Third Parties and that if Narragansett and AHG on the one hand and PAG on the other are represented by separate counsel they may proceed against such Third Parties along with Galindez separately represented by Young Conaway;

WHEREAS, the undersigned all believe that both equity, fairness and their own interests would best be served by entering into this agreement;

Therefore, it is hereby agreed, for good and valuable consideration, including the exchange of promises contained herein, the sufficiency of which is hereby acknowledged, as follows:

1) PAG and Narragansett each hereby assign and transfer over to Galindez a joint interest (and only a joint interest) in all of their claims, (but only insofar as said claims are based on liability in tort) which they now have against the Third Parties (but not including any claims against AGLI). This assignment does not include any rights of PAG and Narragansett that are contractual in nature. In the event it is later determined that one or more of the assignment is/are not enforceable, then each such assignment shall be deemed not to have taken place and the assignor will be deemed to be the sole, and not joint, owner of the claims;

2) Galindez, PAG, Narragansett and AHG will join as Plaintiffs, as their interests may appear, in a Superior Court New Castle County Delaware case against the Third Parties (hereinafter the "Third Party Action");

3) Galindez agrees to refrain from levying, executing, or otherwise attempting to secure, collect or recover on the judgments rendered in the Underlying Action until final conclusion (including any applicable appeals) of the claims which Galindez, PAG, Narragansett and AHG have and will be asserting against the Third Parties in the Third Party Action- including the final conclusion of C.A. No. 06-297 and any applicable appeals therefrom. Nothing



071743

herein shall prohibit Galindez from taking any action otherwise permitted by law as against the Third Parties, provided that such action is pursuant to this Agreement, in which case such action shall be governed hereby.

4) In the event that PAG and/or Narragansett's claims and/or Galindez's claims against the Third Parties in the Third Party Action or in any other proceeding result in any recovery by way of settlement or judgment, or otherwise, all such sums shall be paid over to Galindez and Young, Conaway as his attorney (after payment to (a) W&B of 24% of the total amount of such settlement or judgment, plus W&B's out-of-pocket costs, which out-of-pocket costs shall include the costs of local counsel in Delaware and (b) payment to Ciconte of 6.67% of the total amount of such settlement or verdict, plus out-of-pocket costs) not to exceed the actual dollar amount of the judgments against Narragansett and PAG for Galindez' compensatory damages in the Underlying Action, plus any accrued post-judgment interest owed to Galindez at the time of such judgment on said amount. Such recovery including the attorney's fees and out-of-pocket costs paid to W&B, Young Conaway and Ciconte shall be credited first against the liability of PAG and Narragansett for compensatory damages and thereafter against liability of PAG for punitive damages. If such judgments are satisfied in full, the balance of any recovery (net of additional attorney's fees of 8% to Ciconte and 25 1/3% to W&B) of any such recovery will be divided equally between PAG and Narragansett. Notwithstanding the foregoing, neither Narragansett nor PAG shall be entitled to the payment of attorney's fees or out-of-pocket costs out of any payments hereinafter made to

Galindez by or on behalf of Clarendon National Insurance Company ("Clarendon") up to $1,000,000 (the undisputed limits of Clarendon's liability insurance coverage applicable to Galindez' claims in the Underlying Action), plus post-judgment interest legally due at the time of payment by or on behalf of Clarendon with respect to such $1,000,000. However, as to all payments made to Galindez by or on behalf of Clarendon in excess of $1,000,000 and applicable interest, the fee provisions of this Paragraph 4 shall apply. Provided, further, that Narragansett and PAG shall receive credit in full as payment of the judgments against them for any and all payments by or on behalf of Clarendon. Provided further, however, that under no circumstances shall W&B be entitled to any fees or out-of-pocket costs with respect to any sums paid by PAG itself, as opposed to sums paid by Third Parties on behalf of PAG. Nor shall counsel for Narragansett or AHG be entitled to any fees or out-of-pocket costs with respect to any sums paid by Narragansett.

5) In the event that any claims by any party hereto are hereafter made – whether by suit or otherwise – against any additional person or entity not hereby identified as a Third Party arising out of or related to the subject matter of this agreement or the Underlying Action, then in such event, the list of Third Parties herein shall be deemed amended (without the necessity of a written amendment) to include such additional person or entity and all provisions of this Agreement shall apply.

6) Except for any payments or credits made pursuant to this agreement, and except for the stay of levy, execution and collection and related

activities as set forth in Paragraph 3 above, the judgments in the Underlying Action shall not be affected by this agreement, nor shall the rights of PAG, Narragansett and AHG *inter se* be affected by this Agreement in any way not expressly set forth herein.

7) In the event a settlement offer is made by any Third-Party to Galindez, PAG, Narragansett or AHG, or any of their counsel, each will notify the others of said offer within 72 hours of the receipt thereof by written notice to W&B for PAG; Richard Zappa for Galindez and Edward Ciconte for Narragansett and AHG.

8) No party hereto will agree to any settlement with any Third Party without the written approval of all other parties hereto. This provision shall not prohibit Galindez from making a separate settlement with either or both Narragansett and PAG without the approval of the other defendant. That is to say, Galindez may settle with Narragansett without the approval of PAG and Galindez may settle with PAG without the approval of Narragansett. Any such settlement shall be subject to the fee provisions of Paragraph 4.

9) Galindez hereby agrees that any funds which he collects from any Third Party (other than the $1,000,000 plus interest thereon from Clarendon referred to in Paragraph 4 above) shall be deemed to be the product at least in part of PAG and Narragansett's assertion of their claims against the Third Parties and the efforts of their counsel, identified herein and shall be treated in accordance with and will be paid as set forth in Paragraph 4, above. Narragansett and PAG shall be entitled to a credit in the full amount (including



071746

the $1,000,000 plus interest thereon from Clarendon referred to in Paragraph 4 above) of said Third Party funds (that is, said credit shall not be reduced by the amounts, if any, paid as attorney's fees and out-of-pocket costs) and W&B and Ciconte and Young, Conaway shall be entitled to a lien on said funds to the extent of their attorney's fees and out-of-pocket costs to the fullest extent allowed by Delaware law.

10) This Agreement may not be modified except by a writing signed by all of the parties hereto.

11) This agreement shall be construed and enforced according to the laws of Delaware (without regard to the conflicts of law rules of Delaware) except that to the extent that the laws of Rhode Island (without regard to its conflicts of law rules) may be more favorable to the parties hereto in the interpretation and/or enforcement of this Agreement with regard to any claims against the Third Parties then, in such event, the law of Rhode Island shall govern this agreement as to such interpretation and/or enforcement.

12) This Agreement shall be binding upon the parties' successors and assigns.



071747

**Miguel Galindez**

By: ______________________ 3-7-07
Miguel Galindez Date

**Young, Conaway, Stargatt & Taylor, LLP**

By: ______________________ 3-7-07
Richard Zappa, General Partner Date

**Property Advisory Group, Inc.**

By: ______________________ 3/1/07
John Bentz, President Date

**Wistow and Barylick Incorporated**

By: ______________________ 3/1/07
Max Wistow, President Date

**Narragansett Housing Associates, LP**

By: ______________________ 3-14-07
Donald Goodrich, General Partner Date

**Donald Goodrich d/b/a Alternative Housing Group**

By: ______________________ 3-14-07
Donald Goodrich Date

**Edward Ciconte, Esq.**

By: ______________________ 3/9/07
Edward Ciconte, Esq. Date

071748