UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERICAN GUARANTEE and LIABILITY INSURANCE COMPANY, | : | |
| v. | : | C.A. NO. 06-297 |
| ALTERNATIVE HOUSING GROUP, ET AL. | : | |

**PROPERTY ADVISORY GROUP'S SETTLEMENT CONFERENCE STATEMENT**

I. BRIEF FACTS

This case (the "Rhode Island Action") arises from a jury verdict entered on March 23, 2006, in Galindez v. Narragansett Housing Associates, L.P et. al, in the Superior Court of Delaware, New Castle County, (the "Galindez Suit"). In that case, Narragansett Housing Associates, L.P. ("Narragansett"), the owner of a Section 8 low income housing development known as Lexington Green Apartments (the "Property"), and Property Advisory Group ("PAG"), the real estate property manager, were found liable for personal injuries sustained by Miguel Galindez ("Galindez") on November 13, 2003 while he was installing residential cable television at the Property.[1] Galindez was awarded $3,000,000 in compensatory damages[2] against both Narragansett and PAG, jointly and severally, and $10,000,000 in punitive damages solely against PAG.[3]

[1] Galindez was injured when a door on the Property closed on one of his hands severing a portion of one finger and injuring another.

[2] Clarendon National Insurance Company ("Clarendon") provided primary coverage to PAG for this loss in the amount of $1,000,000 (the "Clarendon Policy"). Clarendon has since paid out the entire $1,000,000 in satisfaction thereof – PAG contends that Plaintiff, as the excess carrier, must now satisfy the $2,000,000 difference.

[3] Following this, Narragansett and PAG filed a Motion for New Trial or Remittitur and PAG, alone, filed a Motion for Judgment as a Matter of Law in the Delaware Superior Court – both motions were denied on November 28, 2006. The judgments are now on appeal before the Delaware Supreme Court.

Now, Narragansett's and PAG's excess liability insurance carrier - American Guarantee and Liability Insurance Company ("AGLIC") – seeks a declaration by this court that, inter alia, it "has no duty to indemnify" Narragansett, PAG, or Alternative Housing Group ("AHG"),[4] in connection with the Galindez Suit, and that it does not have an obligation to "settle or satisfy any amount or judgment" that any entity "becomes obligated to pay as a result of" the Galindez Suit. See Plaintiff's Complaint for Declaratory Relief.

II. ITEMIZED STATEMENT OF DAMAGES CLAIMED/OTHER RELIEF SOUGHT

None of the parties to this declaratory action are seeking monetary relief. (See discussion, supra).

III. SUMMARY OF PROCEEDINGS TO DATE

- 6/27/06 – AGLIC files its Complaint for declaratory relief;
- 8/17/06 – Former counsel for PAG, John T. Walsh, files PAG's Motion to Dismiss or Stay the Complaint averring that (1) this Court lacks subject matter jurisdiction over the instant controversy; (2) the allegations contained in the Complaint are not ripe for review; and (3) AGLIC faces no direct and immediate harm for which the Court may grant relief.
- 10/25/06 – Judge Torres denies PAG's Motion to Dismiss or Stay the Complaint.
- 11/2/06 – PAG files its Answer to AGLIC's Complaint.
- 2/1/07 – This Court holds its Rule 16 Conference and issues its Scheduling Order which provides, inter alia, that:
    - Discovery shall close as of October 1, 2007;

[4] Alternative Housing Group is a named insured on the AGLIC excess policy as well as on the underlying Clarendon policy.

- 4/2/07 – AGLIC files its Motion for Partial Summary Judgment seeking a declaration that it has no duty to contribute funds toward a supersedeas bond required to stay execution of the $13 million Galindez judgment.
- 5/2/07 – AGLIC, PAG and AHG stipulate that AGLIC is not obligated to procure or contribute funds toward the procurement of the supersedeas bond.[5]
- 2/8/07 – AGLIC propounds its first set of Interrogatories and Requests for Document Production to PAG.
- 4/13/07 – PAG timely responds to AGLIC's Interrogatories and Document Production Responses.
- 4/13/07 – PAG files its Motion to Dismiss or, in the Alternative, to Stay Proceedings averring that AGLIC's failure to join Galindez, a judgment creditor and, hence, an indispensable party to this action, is fatal to the instant Complaint. As such, the Complaint must be dismissed or, at the very least stayed pending the final resolution of the Galindez suit which, as mentioned supra at n.2, is currently on appeal in Delaware.
- 5/8/07 – PAG's Motion to Dismiss/Stay is forwarded to Judge Torres' chambers – to date, no decision has been rendered thereon.
- 5/11/07 – PAG files its Motion to Amend its Answer to correct several typographic errors/omissions. No objections have been filed.
- 5/30/07 – PAG's Motion to Amend is forwarded to Judge Torres' chambers – to date, no decision has been rendered thereon.

[5] In any event, on 4/24/07, this Court denied AGLIC's Motion for Partial Summary Judgment, without prejudice, for failing to comply with the Court's Scheduling Order concerning memoranda page limits.

## IV. PAST SETTLEMENT DISCUSSIONS, OFFERS AND DEMANDS

To date, there have been no meaningful settlement discussions. PAG maintains that AGLIC is liable for the full $10,000,000 punitive damage award, plus the $2,000,000 in compensatory damages in excess of the $1,000,000 covered by the Clarendon Policy, plus accrued interest and costs. AGLIC, on the other hand, has steadfastly denied liability for any of the same.

Property Advisory Group, Inc.
By their Attorney,

/s/Max Wistow

Max Wistow (#0330)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)
mw@wistbar.com

DATED: June 4, 2007

**CERTIFICATION**

I hereby certify that I caused to be served by electronic means (ECF) a copy of the within on the 4th day of June, 2007 to the following:

Frederick E. Connelly, Jr.
fconnelly@peabodyarnold.com

Adam M. Smith, Esq.
Kevin T. Coughlin, Esq.
asmith@coughlinduffy.com
kcoughlin@coughlinduffy.com

Kevin G. Mahoney, Esq.
Mahoney@mmwlaw.com

James T. McCormick, Esq.
mclaw@choiceonemail.com

/s/Max Wistow
Max Wistow (#0330)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)
mw@wistbar.com