UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| AMERICAN GUARANTEE and LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ALTERNATIVE HOUSING GROUP, NARRAGANSETT HOUSING PARTNERS, L.P., NARRAGANSETT HOUSING ASSOCIATES, L.P., and PROPERTY ADVISORY GROUP, INC.<br>Defendants, | C.A. No. 06 297-T-LDA |

**PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY STAY THE COMPLAINT OF AMERICAN GUARANTEE FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT UNDER FED. R. CIV. P. 12(b)7 and 19(b)**

American Guarantee and Liability Insurance Company ("American Guarantee") submits this Sur-Reply Memorandum of Law in further opposition to the motion to dismiss filed by defendants, Property Advisory Group, Inc. ("PAG") and Narragansett Housing Associates, L.P. ("NHA") (collectively the "Defendants") and specifically to address the Agreement, first produced to American Guarantee as an attachment to Defendants' reply brief, that the Defendants entered into with Miguel Galindez ("Galindez"), plaintiff in the underlying personal injury action. The Agreement is of critical significance to the instant motion as it clearly evidences that Galindez' interests are adequately protected by Defendants and that Defendants and Galindez are jointly working to achieve a common goal – the procurement of insurance from American Guarantee.

That Agreement provides that Galindez and the Defendants shall (i) jointly pursue claims against Third Parties, including American Guarantee; (ii) share in the proceeds of any recovery in the event of a settlement or the entry of a judgment against Third Parties, including American Guarantee and (iii) not settle their dispute with any of the Third Parties, including American Guarantee, without the written approval of the other parties. As set forth in more detail below, that Agreement evidences that Galindez is neither a necessary nor indispensable party to this action. Furthermore, any possibility of prejudice under Rule 19(a) and 19(b) is removed via Galindez entering into the Agreement with the Defendants. Accordingly, Defendants' motion to dismiss should be denied.

Courts have found that for purposes of Rule 19(b), an absent party is not indispensable where: (1) its interests are adequately represented by the parties who are present, (2) the defendant has the incentive and the ability to litigate for its own as well as [the missing party's] interests and (3) both the absent and present parties "want the same thing." Hollinger Intern., Inc. v. Hollinger Inc. 2005 WL 589000, 22 (N.D.Ill.,2005) (citations omitted). The recently provided Agreement confirms that Galindez is not a necessary and indispensable party to this action.

The March 14, 2007 Agreement among Galindez, the Defendants, and their respective counsel is more than just an assignment of rights or claims. See Exhibit 1 to PAG's Reply to Plaintiff's Opposition Memorandum (the "Agreement"). It memorializes an agreement between adverse parties to a litigation who have come together to ensure monetary recovery from various Third Parties[1], including American Guarantee. Specifically, Galindez and the Defendants agree

---

[1] "Third Parties" is defined in the Agreement are: Clarendon National Insurance Company; North American Risk Services, Inc.; Sean A. Dolan, Esq. and his employer, Marshall, Dennehey, Warner, Coleman & Goggin; American Guarantee Liability Insurance Company, Inc.; Breed's Hill Insurance Agency, Inc.; and Residential Resources, Inc. See Agreement at pp. 2-3.

to jointly pursue an action as plaintiffs in the Superior Court of Delaware (the "Delaware Action") against the Third Parties. Galindez agrees to "refrain from levying, executing or otherwise attempting to secure, collect or recover on the judgment rendered in the Underlying Action until final conclusion (including any applicable appeals) of the claims which Galindez, PAG, Narragansett and AHG have and will be asserting against Third Parties in the Third Party Action-including the final conclusion of C.A. No. 06-297 and any applicable appeals therefrom" See Agreement, ¶ 3 at p. 4. In exchange, Galindez, PAG and NHA agree that in the event of recovery from any Third Parties, they will each share in the proceeds. Id., ¶ 4 at p. 5. The fee arrangement entered into by the parties enumerates the proportionate share that each party and their respective attorneys will be entitled to in the event of settlement or the entry of judgment in connection with the claims against the Third Parties. Significantly, Galindez and the Defendants each agree not to settle their dispute with any of the Third Parties without the written approval of the other. Id., ¶8 at p. 7.

The joint and common venture between Galindez and the Defendants to secure insurance coverage from American Guarantee is apparent by the very terms of the Agreement, as well as the timing of their actions. Despite the fact that Defendants were aware of the basis for this motion (ie. the absence of Galindez) by at least August 2006 when they filed their previous motion to dismiss American Guarantee's complaint, Defendants waited until they finalized their Agreement with Galindez to file the current motion before the Court.[2] The Agreement between Defendants and Galindez creates a unique relationship enabling the parties to formally "partner" in their endeavor to secure funding for the underlying judgment, including insurance coverage from American Guarantee. There is more then just "some identity of interest" among the

[2] The Agreement was entered into on March 14, 2007. Defendants filed this current motion to dismiss on April 13, 2007.

parties. See PAG's Reply to Plaintiff's Opposition Memorandum, at p. 3. Indeed, PAG, NHA and Galindez' by their own admissions "*all agree that there is also a great commonality of interest among them as to the Third Parties*. " See, Agreement at p. 3. (emphasis added). The Agreement specifically provides that any recovery from American Guarantee is to be paid directly to Galindez, net of attorneys' fees for Defendants' counsel. Id., ¶ 4 at p. 5-6.

In addition, Galindez' power to approve or reject a settlement offer ensures that his respective rights are being adequately represented and protected. Defendants cannot resolve this declaratory judgment action with American Guarantee without the consent of Galindez. It is apparent from the Agreement, that Galindez has taken pre-emptive measures to make certain that the Defendants adequately represent and protect his interests, whether or not he is made a party to this action. Furthermore, Galindez, by entering into the Agreement with Defendants, will not be prejudiced by this declaratory judgment action continuing in his absence. The Defendants indisputably agree that there is a "commonality of interest" between Galindez and Defendants regarding the pursuit of insurance coverage from American Guarantee and those parties are clearly working together towards that goal. Accordingly, no credible argument can be made that Galindez' interests are not adequately protected.

As evidenced by their Agreement, Galindez and Defendants are jointly working to pursue insurance coverage for the judgment. Not only do Defendants and Galindez want the same thing: a declaration of insurance coverage from the American Guarantee policy, they have formally contracted to ensure that each party's interests are adequately protected in their quest for this coverage. Moreover, by the terms of the Agreement it is clear that the Defendants and their attorneys have an economic incentive to secure a favorable outcome for themselves and Galindez. If Defendants are successful in this action, not only do they relieve themselves of the

burden of paying a judgment, they also secure monetary recovery for Galindez, his lawyer as well as the Defendants' lawyers. In essence, the Defendants have agreed to adequately protect the interests of Galindez in this action, avoiding the possibility of any prejudice to Galindez or any other party to this action See Southwest Ctr. for Biological Diversity v. Babbitt, 150 F.3d 1152, 1153-1154 (9th Cir. 1998) ("a non-party is adequately represented by existing parties if: (1) the interests of the existing parties are such that they would undoubtedly make all of the non-party's arguments; (2) the existing parties are capable of and willing to make such arguments; and (3) the non-party would offer no necessary element to the proceeding that existing parties would neglect").

The Agreement further undercuts Defendants' argument that because claim preclusion will not apply to Galindez, American Guarantee may be prejudiced by having to re-litigate the coverage issue with Galindez. In support of this proposition, Defendants cite to the case of Gonzalez v. Banco Central Corp., 27 F.3d 751, 758 (1st Cir. 1994), for the proposition that in order for claim preclusion to apply to a non-party, the appropriate inquiry is whether the non-party had substantial control over the litigation (i.e. "the power to call the shots"). Contrary to the Defendants' contention, however, "there is no bright-line test for gauging substantial control." Id. at 759. In Gonzalez, the First Circuit adopted the rule that when determining whether a nonparty exerted substantial control over a litigation, the inquiry must be case-specific.

> An inquiring court must consider the totality of the circumstances to determine whether they justify a reasonable inference of a nonparty's potential or actual involvement as a decisionmaker in an earlier litigation. *The nonparty's participation may be overt or covert, and the evidence of it may be direct or circumstantial- so long as the evidence as a whole shows that the nonparty possessed effective control over a party's conduct of the earlier litigation as*

> *measured from a practical, as opposed to a purely theoretical, standpoint.*

Id. (emphasis added).

The Agreement makes clear that Galindez does have the power to "call the shots" in defending this case. As evidenced by the Agreement, Defendants and Galindez are working together in asserting their claims against Third Parties. Moreover, the Defendants and Galindez have carved into their Agreement the added protection of eliminating any prejudice to themselves by maintaining the power to veto a prospective settlement. All these factors demonstrate that Galindez does not merely share an identity of interest with the Defendants but that he also maintains substantial control of this litigation as he can conceivably thwart or facilitate a resolution of this action.

Based on the foregoing, plaintiff American Guarantee respectfully submits that Defendants' motion to dismiss, or alternatively, stay the complaint of American Guarantee should be denied.

COUGHLIN DUFFY LLP
Attorneys for Plaintiff,
American Guarantee & Liability
Insurance Company
By: *_/s/ Adam M. Smith*
Adam M. Smith

PEABODY & ARNOLD, LLP
Attorneys for Plaintiff,
American Guarantee & Liability
Insurance Company
By: *_/s/ Frederick E. Connelly, Jr.*
Frederick E. Connelly, Jr.

Dated: June 29, 2007

CERTIFICATE OF SERVICE

I, Frederick E. Connelly, Jr., hereby certify that I have this 29th day of June, 2007, electronically filed the above document. The document is available for viewing and downloading from the ECF system. I have electronically served a copy of the foregoing upon the defendants through their counsel:

Kevin G. Mahoney, Esq.
Menard, Murphy & Walsh, LLP
60 State Street
Boston, MA 02109

Max Wistow, Esq.
Wistow & Barylick Incorporated
61 Weybosset Street
Providence, RI 02903

James T. McCormick, Esq.
128 Dorrance Street
Suite 330
Providence, RI 02903

/s/ Frederick E. Connelly, Jr., Esq._________
Frederick E. Connelly, Jr.

PABOS2:FCONNEL:664027_1
15021-91975